FILED

2013 AUG 30  PM 4: 24

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

BY_____

1  Paul R. Lynd (State Bar No. 202764)
2  plynd@nixonpeabody.com
   NIXON PEABODY LLP
3  One Embarcadero Center, 18th Floor
4  San Francisco, California 94111-3600
   Telephone:  (415) 984-8200
5  Fax:  (415) 984-8300

6
7  DALE A. HUDSON (State Bar No. 081948)
   dhudson@nixonpeabody.com
8  NIXON PEABODY LLP
   Gas Company Tower
9  555 West Fifth St. 46th Floor
10 Los Angeles, CA 90013
   Telephone: (213) 629-6000
11 Fax: (213) 629-6001

12
   Attorneys for Defendant
13 KFORCE INC.

14

15                  UNITED STATES DISTRICT COURT

16                  CENTRAL DISTRICT OF CALIFORNIA

17

18 LIZA GUNAWAN AND DANNY              Case No.: SACV 13 - 01356 CJC
19 CANLAS, on behalf of themselves and all    (SHx)
   others similarly situated,
20                                        DEFENDANT KFORCE INC.'S
21              Plaintiffs,               NOTICE OF REMOVAL OF CIVIL
                                          ACTION FROM STATE COURT
22
         v.                               [Jurisdiction Pursuant to Class Action
23                                        Fairness Act]
   HOWROYD-WRIGHT EMPLOYMENT
24 AGENCY, INC.; KFORCE INC.;
25 WORKWAY; and DOES 1-100,
26
              Defendants.
27

28

   ─────────────────────────────────────────
   DEFENDANT KFORCE INC.'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE
                              COURT

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, TO PLAINTIFFS LIZA GUNAWAN AND DANNY CANLAS, PLAINTIFFS' ATTORNEYS OF RECORD, AND OTHER DEFENDANTS IN THIS ACTION:**

**PLEASE TAKE NOTICE** that Defendant Kforce Inc. ("Kforce") hereby removes this civil action from the Superior Court of the State of California in and for the County of Orange to the United States District Court for the Central District of California pursuant to the Class Action Fairness Act of 2005 ("CAFA"; 28 U.S.C. § 1332(d)(2)), and under 28 U.S.C. sections 1441(a) and 1446 on the following grounds:

<u>**Background and Procedural History**</u>

1.      On June 18, 2013, Plaintiffs Lisa Gunawan and Danny Canlas filed this putative class action lawsuit in the Superior Court of the State of California in and for the County of Orange, entitled *Liza Gunawan and Danny Canlas, on behalf of themselves and all others similarly situated, Plaintiffs v. Howroyd-Wright Employment Agency, Inc.; Kforce Inc.; Workway; and Does 1-100, Defendants*, Case No. 30-2013-00657245-CU-OE-CXC ("Complaint"). A true and correct copy of Plaintiffs' Complaint is attached as Exhibit A.

2.      On June 27, 2013, Plaintiffs filed a First Amended Class Action Complaint for Damages, Penalties, Restitution, and Injunctive Relief in the state court ("First Amended Complaint"). A true and correct copy of Plaintiff's First Amended Complaint, along with the Service of Process Transmittal, Summons, Civil Case Cover Sheet, case guidelines from the state court, and Notice of Acknowledgement and Receipt of Service of Process pursuant to California Code of Civil Procedure section 415.30, is attached as Exhibit B.

3.      In their First Amended Complaint, Plaintiffs assert wage and hour claims against all three defendants on behalf of several putative classes. Plaintiff Gunawan alleges that she worked separately for Kforce and Defendant Workway at different times. *See* FAC ¶¶ 35-38, 59. There is no allegation in the First Amended Complaint

1    that Plaintiff Canlas ever worked for Kforce. *See generally* FAC. Gunawan and

2    Canlas both allege that they worked for Defendant Howroyd-Wright Employment

3    Agency, also known as AppleOne ("AppleOne"). *See* FAC ¶¶ 40-44.

4        4.      In the First Amended Complaint, Gunawan asserts the following causes of

5    action against Kforce under California law: (1) alleged failure to pay minimum wages

6    for interview time, (2) alleged failure to provide accurate wage statements, (3) alleged

7    violation of California Labor Code sections 212, 213, 221, and 223, (4) seeking

8    waiting time penalties under California Labor Code section 203, and (5) alleged unfair

9    business practices under California Business and Professions Code section 17200 *et*

10   *seq.* Canlas does not allege any cause of action against Kforce. *See* FAC, pp. 12-24.

11       5.      Gunawan purports to bring her claims as "the proposed named

12   Kforce/Workway Class representative." FAC ¶ 20. She seeks to represent a

13   "Proposed Kforce/Workway Class" consisting of "All California citizens employed by

14   Defendants Kforce and/or Workway within the State of California during the relevant

15   class period of June 18, 2009 through the date set for trial." *Id.*[1]

---

[1] Gunawan's assertion of a purported "Kforce/Workway Class" is a complete misnomer and a sham. As discussed, she claims to have worked for Kforce and Workway separately and at different times. *See* FAC ¶¶ 35-38, 59. With respect to the issues in this case, there has been <u>no</u> relationship whatsoever between Kforce and the other two defendants. *See* Nichols Decl. ¶¶ 6-7. Kforce and Workway did not jointly employ Gunawan. Indeed, the only real relationship between the three defendants is that Plaintiffs have decided to assert claims against them for similar (but independent) alleged violations. Plaintiffs have engaged in a blatant misjoinder of defendants, and in a manner likely to produce confusion. Admittedly, Plaintiffs joined two California defendants in the hope that a lack of complete diversity would prevent removal based on Kforce's Florida citizenship. *See* FAC ¶¶ 6, 8, 13-15. However, this ploy is unavailing because CAFA does not require complete diversity, but only "minimal diversity," which is present here between Kforce and Gunawan. *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 n.5 (9th Cir. 2007).

DEFENDANT KFORCE INC.'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT

6.      Gunawan also seeks to represent two "Kforce/Workway subclasses:

(a)     **"Unpaid Interview Wage" Subclass**:   "All California citizens who, during the relevant class period of June 18, 2009 through the date set for trial, were denied the payment of at least the minimum wage for the time they spent working subject to and under the control of Defendants Kforce and Workway while interviewing with their current and potential clients for temporary and permanent employment opportunities.

(b)     **"Unlawful Payroll Scheme" Subclass:**   "All proposed Kforce/Workway Class Members employed by Defendant Kforce during the relevant Class Period to whom Defendant Kforce paid wages by forced means of a debit card provided and controlled by Defendant Kforce."

FAC ¶¶ 21-22.

7.      On July 15, 2013, the state court issued and filed a minute order scheduling a case management conference in that court for August 27, 2013.  A true and correct copy of this order is attached as Exhibit C.

8.      On July 17, 2013, Plaintiffs filed a proof of service reflecting mailing on July 11, 2013 of a Notice of Acknowledgement and Receipt, pursuant to California Code of Civil Procedure section 415.30, along with the summons and complaint on the agent for service for Kforce.  A true and correct copy of this document is attached as Exhibit D.

9.      On July 17, 2013, Plaintiffs filed a proof of service reflecting mailing on July 11, 2013 of a Notice of Acknowledgement and Receipt, pursuant to California Code of Civil Procedure section 415.30, along with the summons and complaint on the agent for service for AppleOne.  A true and correct copy of this document is attached as Exhibit E.

10.     On July 17, 2013, Plaintiffs filed a proof of service reflecting mailing on July 11, 2013 of a Notice of Acknowledgement and Receipt, pursuant to California Code of Civil Procedure section 415.30, along with the summons and complaint on the agent for service for Defendant Workway.  A true and correct copy of this document is attached as Exhibit F.

11.     On July 17, 2013, Plaintiffs filed a class action and California Business and Professions Code section 17200 questionnaire with the state court.  A true and correct copy of this document is attached as Exhibit G.

12.     On August 19, 2013, Plaintiffs filed a Notice of Association of Counsel in the state court, adding co-counsel from another law firm to represent Plaintiffs.  A true and correct copy of this document is attached as Exhibit H.

13.     On August 20, 2013, Plaintiffs filed a Case Management Conference Statement with the state court.  A true and correct copy of this document is attached as Exhibit I.

14.     On August 28, 2013, Kforce filed an Answer to Plaintiffs' First Amended Complaint in the state court.  A true and correct copy of Kforce's Answer is attached as Exhibit J.

15.     To Kforce's knowledge, the documents attached as Exhibits A through J constitute all of the state court pleadings, process, and orders to date.  *See* 28 U.S.C. § 1446(a).

## Jurisdiction Under The Class Action Fairness Act

16.     The Court has original jurisdiction over this action pursuant to CAFA. *See* 28 U.S.C. § 1332(d)(2).  That law requires only "minimal diversity" for removal. *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1024 (9th Cir. 2007).  CAFA requires only that (1) at least one plaintiff and one defendant are citizens of different states, (2) at least 100 class members, and (3) an amount in controversy of over $5 million, in the aggregate, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(d)(2).  Here, these requirements are met: Plaintiff Gunawan is a citizen of California, Kforce is a citizen of Florida, there are more than 100 putative class members, and the amount in controversy for the putative class members in the aggregate exceeds $5,000,000, exclusive of interest and costs.

17.     There is diversity of citizenship between Gunawan and Kforce.  Gunawan is domiciled in California and a citizen of California.  *See* FAC ¶¶ 8-9; *Kanter v.*

DEFENDANT KFORCE INC.'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT

*Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Kforce is incorporated in Florida, with its corporate headquarters and principal place of business in Tampa, Florida. *See* FAC ¶ 15. Thus, Kforce is a citizen of Florida. *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010). As a result, minimal diversity of citizenship exists as required by CAFA.

18.  Defendants Does 1 through 100 are fictitious. The citizenship of defendants sued under fictitious names must be disregarded for the purposes of determining diversity jurisdiction. *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998). In any event, minimal diversity as CAFA requires still exists here, based solely on the diversity of citizenship between Gunawan and Kforce.

19.  The number of putative Kforce class members is in excess of 100 individuals. *See* FAC ¶ 24; *See* Merkel Decl. ¶ 5.

20.  With respect to the putative Kforce class members, the amount in controversy exceeds $5 million in the aggregate, exclusive of interest and costs. Gunawan's Second Cause of Action seeks penalties under California Labor Code section 226(e) for the alleged failure to provide accurate itemized wage payment statements. *See* FAC ¶ 65. When an employee suffers "injury as a result of a knowing and intentional failure" to provide itemized wage payment complying with various standards, the law provides for penalties of $50 per employee "for the initial pay period in which a violation occurs" and $100 per employee for violations "in a subsequent pay period," up to an "aggregate penalty" of $4,000. Cal. Labor Code § 226(e)(1). This law thus creates potential penalties per employee for each wage payment for every pay period. As a penalty provision, California Labor Code section 226 has a one-year statute of limitations period. *See Murphy v. Kenneth Cole Productions, Inc.*, 40 Cal.4th 1094, 1108, 1118 n. 16 (2007).

21.  The amount in controversy with respect to Gunawan's Second Cause of Action alone satisfies this requirement. Within the one-year limitations period before Gunawan filed her Complaint, this claim covers the period between June 18, 2012 and

-6-

the present.   During this period, Kforce had a weekly pay period, issuing wage payments and itemized wage payment statements every week.   *See* Merkel Decl. ¶ 2. To employees who were California residents and worked in California (tracking Gunawan's alleged class), Kforce issued 3,185 initial wage payment statements.   *See* Merkel Decl. ¶ 5.   At $50 each, the amount in controversy with potential penalties is $159,250.   During this period and to the same group, Kforce issued 54,844 wage payment statements for subsequent pay periods.   *See id.*   At $100 each, the amount in controversy with potential penalties is $5,484,400.   The total amount in controversy with Gunawan's Second Cause of Action against Kforce is $5,643,650.   It does not include attorney's fees that may be awarded on this claim.   *See* Cal. Labor Code § 226(e)(1).     Accordingly, the amount in controversy exceeds $5,000,000 in the aggregate, exclusive of interest and costs, on this claim alone against Kforce.

22.     Kforce denies that Gunawan or any of the putative class members are entitled to any recovery based on the allegations and theories in her lawsuit.   For purposes of removal, however, the allegations in Gunawan's First Amended Complaint – rather than the merits – govern without admitting any liability.   Here, Gunawan failed to specify any particular amounts that she seeks.   Thus, Kforce's reasonable estimates of the amount in controversy as above the minimum threshold are proper. *See Abrego v. Dow Chemical Co.*, 443 F.3d 676, 688-690 (9th Cir. 2006).

23.     Contrary to Plaintiffs' assertion, the local controversy exception to removal under CAFA does not apply here.   *See* FAC ¶ 7.   It is a "narrow exception." *Westerfeld v. Independent Processing, LLC,* 621 F.3d 819, 825 (8th Cir. 2010). Plaintiffs have the burden of establishing all four elements for this exception.   *See* 28 U.S.C. § 1332(d)(4)(A); *Serrano, supra,* 478 F.3d at 1024.   Any doubt must be resolved "in favor of exercising jurisdiction over the case."   *Evans v. Walter Industries, Inc.,* 449 F.3d 1159, 1163 (11th Cir. 2006).

24.     Among the reasons why the local controversy exception does not apply, Plaintiffs have offered only a bare conclusory allegation that they seek "significant

-7-

relief" from Workway and AppleOne and that their conduct forms a "significant basis" for their claims.  FAC ¶ 7.  They fail to specify the relief that they seek from any defendant.  The defendants - and the specific claims against them - are not related. The First Amended Complaint contains no allegation that they are related, nor does it offer any theory of joint liability between the defendants.  *See generally* FAC. Gunawan also asserts more claims against Kforce than against the other defendants, with one cause of action asserted only against Kforce.  More of the alleged classes and subclasses apply to Kforce.   In addition, there have been multiple other class or representative lawsuits filed within the past three years against defendants that raised the same or similar claims, further precluding the application of the local controversy exception.  *See* 28 U.S.C. § 1332(d)(4)(A).

25.    Because Gunawan is a citizen of California and Kforce is a citizen of Florida, minimal diversity exists.   There are more than 100 putative class members with respect to the claims alleged against Kforce.  Because the amount in controversy on Gunawan's claims against Kforce exceeds $5,000,000 in the aggregate without interest or costs, this Court has original jurisdiction under CAFA.  Therefore, Kforce properly removes this case to this Court.

## Venue

26.    This case has been removed from the Superior Court of the State of California in and for the County of Orange.  Thus, venue properly lies in the United States District Court for the Central District of California, Southern Division.  *See* 28 U.S.C. §§ 84(c)(3), 1441(a).

## Removal Is Timely

27.    A notice of removal must be filed within 30 days of service of the summons and complaint.  On July 11, 2013, Plaintiffs mailed a copy of the Summons and First Amended Complaint to Kforce's agent for service, along with a Notice of Acknowledgement and Receipt of Service of Process pursuant to California Code of Civil Procedure section 415.30.  *See* Exh. B.

-8-

28.     Kforce's counsel signed and returned the Notice of Acknowledgement and Receipt of Service of Process on July 31, 2013, within the 20 days allowed by California law, accepting service effective on that date.  *See* Cal. Code Civ. Proc. § 415.30; Lynd Decl. ¶ 2, Exh. A; Exh. I, p. 2.  This removal has been made within 30 days of the effective service date, and thus is timely.  *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999); *Varga v. United Airlines*, 2009 U.S. Dist. LEXIS 64000, at *7-*9 (N.D. Cal. July 24, 2009).

### Consent of Other Defendants Not Required

29.     Under CAFA, Kforce may remove this case on its own as a diverse defendant.  CAFA does not require consent by any other defendant.  *See* 28 U.S.C. § 1453(b).

### Notice of Removal

30.     Contemporaneous with the filing of this Notice of Removal with this Court, Kforce will serve this Notice of Removal on Plaintiffs' counsel of record and counsel for the other defendants.  Kforce is informed and believes that the other defendants have not yet appeared in the state court, so it will serve the Notice of Removal on counsel whom it is informed and believes represents those defendants, as well as upon those the defendants' registered agents for service of process.

31.     Kforce also will contemporaneously file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California in and for the County of Orange.

Dated: August 28, 2013

Respectfully Submitted,

NIXON PEABODY LLP

By:     _Paul R. Lynd_

Paul R. Lynd
Attorneys for Defendant
KFORCE INC.

# EXHIBIT A

Brett Szmanda, Esq.   Cal. Bar No.: 288688
Bszmanda@gmail.com

John C. Rarick, Esq.   Cal. Bar No.: 285862
Jr@lawbysrp.com
2030 Main Street, Suite 1040
Irvine, CA 92614
Tel: 818-291-3790; Fax: 949-553-7732

Attorneys for Plaintiffs

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**06/18/2013** at 10:30:24 AM
Clerk of the Superior Court
By Irma Cook, Deputy Clerk

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

## CIVIL COMPLEX CENTER

LIZA GUNAWAN & DANNY CANALAS; on
behalf of themselves and all others similarly
situated,

Plaintiff,

v.

HOWROYD-WRIGHT EMPLOYMENT
AGENCY, INC.;
KFORCE INC.;
WORKWAY, and DOES 1-100

Defendants.

Case No.: [ 30-2013-00657245-CU-OE-CXC

Judge Gail A. Andler

**CLASS ACTION COMPLAINT FOR
DAMAGES, PENALTIES, RESTITUTION
AND INJUNCTIVE RELIEF**

1. **Failure To Pay Minimum Wages**
2. **Failure To Provide Accurate Wage
   Statements;**
3. **Waiting Time Penalties**
4. **Unfair Competition**
5. *Penalties Pursuant to PAGA (to be added
   by amendment on or after July 20th,
   2013)*

**TRIAL BY JURY DEMANDED BY THE
PLAINTIFFS**

LIZA GUNAWAN & DANNY CANALAS (the "Plaintiffs") on behalf of themselves and all
others similarly situated, allege and complains of Defendants HOWROYD-WRIGHT
EMPLOYMENT AGENCY, INC., ("Appleone"); KFORCE, INC. ("KForce") & WORKWAY
("Workway") (the "Defendants") herein named as follows:

//

//

CLASS ACTION COMPLAINT FOR DAMAGES
CASE NO.:

1

## I.                                SUMMARY OF CAUSES OF ACTION

1.     This action has been brought to address a systematic failure by temporary employment agencies operating in the State of California to pay their employees for the time they spend interviewing on their behalf with their current and potential clients.

2.     The Plaintiffs and the proposed class members have all suffered harm caused by the Defendants' intentional and systematic disregard of California's Wage and Hour Laws, as codified in the Cal. Lab. Code and the Industrial Welfare Commission's Wage Orders. Specifically, those which require employers to pay their employees a minimum wage; to provide their employees with accurate and lawful wage statements; to pay their discharged employees all wages earned in accordance with Cal. Labor Code § 201.3; and numerous other violations of California's wage and hour laws.

3.     Plaintiff is bringing this class action pursuant to the California Labor Code; California's Unfair Competition Law, as codified in the California Business and Professions Code section 17200 *et. seq.*; as well as other violations of Califonria's employment and labor laws.

4.     Plaintiffs seek damages; civil penalties; declaratory relief and restitution of compensation for work performed and monies due themselves and the proposed class members during the Class Period, based upon information and belief that the Defendants are continuing, and will continue, their unlawful business practices as described herein.

## II. JURISDICTION AND VENUE

5.     Venue is proper in this Judicial District and the County of Orange because, upon information and belief, Defendants Appleone and Workway are both corporate citizens of California, and maintain offices and transact business in this county, and work was performed by a substantial portion of the members of the proposed Class made the subject of this action exclusively in the County of Orange, California.

6.     On information and belief, the California Superior Court has jurisdiction in this matter because there is no federal question at issue as the issues herein are based solely on California State law. Furthermore, due to the fact that Defendants Appleone and Workway, and all of the

proposed Class Members, including the Plaintiffs, are citizens of California, diversity of citizenship does not exist.

7. Also: i) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of this State; ii) at least one defendant[s], (Appleone & Workway), are defendants from whom significant relief is sought by members of the proposed classes and whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff classes, and are citizens of the state in which this action was filed; and iii) the principal injuries resulting from the local defendants' conduct and the conduct of each other defendant were incurred exclusively within this state. As such, the Local Controversy exception to the Class Action Fairness Act (CAFA) applies. Because there is no federal question raised whatsoever and diversity of citizenship does not exist, and because the Local Controversy to CAFA applies, this case has properly been brought in the Superior Court of California, County of Orange.

III.                                    PARTIES

THE PLAINTIFFS:

8. At all times herein mentioned, the Plaintiffs and all proposed Class Members were citizens of the State of California.

9. At all times herein mentioned, Plaintiffs were both domiciled within the County of Orange.

10. All of the proposed Class Members are identifiable persons who are or were employed in the State of California by the Defendants during the relevant Class period of four years prior to the filing of this complaint through the date of trial, and were all denied compensation for the time they spent interviewing on the Defendants' behalf.

THE DEFENDANTS:

11. At all times herein mentioned Defendant Appleone was a citizen of California operating as a temporary employment agency. Throughout the relevant Class Period, Defendant Appleone established an employer/employee relationship with the Plaintiffs and each of the proposed

"Appleone" Class Members, and all harm alleged to be suffered by the Plaintiffs and proposed "Appleone" Class Members was a result of their employment by the Defendant Appleone.

12.   At all times herein mentioned Defendants KForce and Workway operated within California as temporary employment agencies.  Throughout the relevant Class Period, the Defendants KForce and Workway established an employer/employee relationship with  Plaintiff Gunawan and each of the proposed "KForce/Workway" Class Members, and all harm alleged to be suffered by Plaintiff Gunawan and proposed "KForce/ Workway" Class Members was a result of their respective employment by the Defendants KForce and Workway.

13.   At all times herein mentioned Defendant Appleone  was incorporated under the laws of California, with its corporate headquarters located at 327 W Broadway, Glendale California, 91204.

14.   At all times herein mentioned Defendant Workway was incorporated under the laws of California, with its corporate headquarters located at 601 S Glenoaks Blvd, Suite 211, Burbank, CA 91502.

15.   At all times herein mentioned Defendant KForce was incorporated under the laws of Florida, with its corporate headquarters located at 1001 E Palm Ave, Tampa Florida, 33605.

16.   Plaintiffs are informed and believe and based thereon allege that at all times herein mentioned, Defendants named herein as defendants DOES 1 through 100, inclusive, were citizens of the State of California.  Plaintiffs are unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 100, inclusive, and therefore sue those defendants using said fictitious names, but will amend this Complaint to set forth their true names and capacities when the same has been ascertained. Plaintiffs are informed and believe, and based thereon allege, that each of the fictitiously named Defendants herein is now, and at all times herein was, acting as the agent or employee, or both, of each and every one of the other Defendants herein named, whether by their true name or their fictitious names, and was at all times herein mentioned acting within the scope of the authority granted to such Defendant as such agent and/or employee.

---

## IV.                                CLASS ALLEGATIONS

17.    Plaintiffs bring this action on behalf of themselves and all other similarly situated persons, as

a class action pursuant to California Code of Civil Procedure section 382.

18.    This action is filed on behalf of the Plaintiffs and the two proposed Plaintiff Classes.  The

proposed Plaintiff Classes shall be known as the "KForce/Workway Class" and the "Appleone

Class".

19.    Plaintiff Canlas is the proposed named Appleone Class representative; the term "Proposed

Appleone Class" includes the Plaintiff Canlas, Plaintiff Gunawan, and all other similarly

situated California citizens and is defined as follows:

> "All California citizens who, during the relevant class period
> of June 18th, 2009 through the date set for trial, were denied
> the payment of at least minimum wage for the time they
> spent subject to and under the control of Defendant Appleone
> while interviewing for temporary and permanent employment
> opportunities within the State of California with Defendant
> Appleone's current and potential clients"

20.    Plaintiff Gunawan is the proposed named KForce/Workway  Class representative; the term

"Proposed KForce/Workway Class" includes the Plaintiff Gunawan and all other similarly

situated California citizens and is defined as follows:

> "All California citizens who, during the relevant class period
> of June 18th, 2009 through the date set for trial, were denied
> the payment of at least the minimum wage for the time they
> spent subject to and under the control of Defendants KForce
> and Workway while interviewing for temporary and permanent
> employment opportunities within the State of California with
> Defendants KForce's and Workway's current and potential
> clients."

21.    **Ascertainable Class**: The proposed Classes are ascertainable in that their members can be

identified and located using information contained in Defendants' payroll and personnel

records.

22.    **Numerosity**: The potential quantity of members of the proposed Classes as defined is so

numerous that joinder of all members would be unfeasible and impractical. The disposition of

their claims through this class action will benefit both the parties and this Court. The quantity of members of the proposed Classes are unknown to the Plaintiffs at this time; however, it is estimated that both of the Classes are in excess of 100 individuals. The quantity and identity of such membership is readily ascertainable via inspection of the Defendants' records.

23.     **Commonality**:  Common questions of law and fact exist as to all members of the proposed Classes, including, but not limited to, the following:

    a.   Whether Defendants failed to timely pay the Plaintiffs and proposed members of the Classes who voluntarily or involuntarily terminated their employment with the Defendants during the Class Period all wages due as required by Cal. Lab. Code sections 201-203 and/ or applicable IWC Wage Orders.

    b.   Whether the Defendants' policy and practice of not paying its employees for the time spent interviewing on their behalf, subject to and under their control, denied the Plaintiffs and proposed members of the Classes compensation for wages earned, in violation of Cal. Lab. Code § 1194(a).

    c.   Whether Defendants' uniform and systematic policy and practice of not paying its employees for the time spent interviewing on their behalf, subject to and under their control, resulted in the Plaintiff and proposed Class Members being provided with inaccurate wage statements, in violation of Cal. Lab. Code § 226(a).

    d.   Whether Defendant's violations of the above mentioned California Labor Codes constitute a violation of Business and Professions Code § 17200, entitling the Plaintiff and proposed Class Members to declaratory relief and restitution for unpaid wages.

24.     **Typicality**:  The claims of the Plaintiff for wages, restitution, declaratory and injunctive relief, interest, and attorneys' fees are typical of the claims of all members of the proposed Classes mentioned herein because all members of the Classes were employed by the Defendants in the same capacities and sustained similar injuries arising out of Defendants' common course of conduct in violation of law.  The Plaintiffs' injuries and all members of the proposed Classes were caused by the Defendants' wrongful conduct in violation of law, as alleged herein.

25. **Adequate Representation**: The Plaintiffs will fairly and adequately represent and protect the interests of the proposed Plaintiff Classes  The Plaintiffs have retained counsel competent and experienced in complex actions and state labor and employment litigation.

26. Class Certification is appropriate because questions of law and fact common to the Plaintiffs and the Proposed Plaintiff Classes predominate over any questions affecting only individual members of the proposed Classes, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.  The Defendants' common, non-individualized and uniform policies and practices have created unlawful working conditions for the Plaintiffs and members of the proposed Classes and has deprived them of receiving full compensation for their earned wages.  The damages suffered by individual members of the proposed Classes are small in comparison to the expense and burden of individual prosecution of this litigation.  Additionally, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments.

27. Plaintiffs request that the Court direct the Defendants to send notice to all members of their respective proposed Classes, as Defendants can easily and readily contact all members of the proposed Classes, all of whom work in California and have regular, marginally-costless (i.e. email) contact with the Defendants.

## V.  GENERAL ALLEGATIONS

28. During all, or a portion, of the Class Period, the Plaintiff Gunawan and each member of the proposed KForce/Workway Class were employed by the Defendants KForce and Workway in the State of California in that they worked subject to and under their control while interviewing with current and potential clients.

29. During all, or a portion, of the Class Period, the Plaintiff Canlas, Plaintiff Gunawan, and each member of the proposed Appleone Class were employed by the Defendant Appleone in the

State of California in that they worked subject to and under their control while interviewing with current and potential clients.

30. Plaintiffs and each member of the proposed Classes were employees covered under one or more provision of the Cal. Labor Code and Industrial Welfare Commission (IWC) Wage Orders, including Wage Order 4- 2000, 4-2001 ("Wage Orders"), Cal. Lab. Code section 510, Cal. Lab. Code section 1194(a) and/or other applicable wage orders, regulations and statutes.

31. The Plaintiffs and members of the proposed Classes were and are entitled to compensation for all time spent under Defendants' control, including the time spent interviewing for employment with the Defendants' current and potential clients.

32. During all, or a portion of the Class Period, Plaintiff Gunawan and proposed KForce/ Workway Class Members were all registered with the Defendants KForce and Workway, were required to sign new hire paperwork, and all interviewed at least once, either by telephone or in-person, on behalf of either Defendant KForce or Defendant Workway, and were denied payment of at least the minimum wage, in violation of California Labor Code §§ 201-203 & 1194(a).

33. Plaintiff Gunawan's employment with Defendant KForce commenced on n June 8th, 2012, when, while subject to and under the control of Defendant KForce, she conducted a one-hour, in-person interview with Defendant KForce's then current or potential client, Title Resources Group "TRG". Defendant KForce, as a policy and practice, controlled all aspects of the interview process. After receiving Plaintiff Gunawan's resume, but prior to submitting it to TRG, Defendant KForce made several modifications in order to tailor it to their client TRG's specific employment needs. Defendant KForce then removed Plaintiff Gunawan's personal information and replaced it with Defendant KForce's corporate logo and contact information, ensuring that the Client could not directly contact Plaintiff Gunawan.

34. Defendant KForce then submitted Plaintiff Gunawan's resume to their client, TFG, and also set the time, date and place of the interview. As a policy and practice, temporary employees of Defendant KForce, including Plaintiff Gunawan, are not allowed to communicate directly with the Defendant's clients until the time of their telephone or in-person interview.

Likewise, temporary employees of the Defendant KForce, including Plaintiff Gunawan, are not allowed to communicate directly with the Defendant KForce's clients after the interview either. Once the interview was over, Defendant KForce obtained feedback from both the Plaintiff and their client, TFG. Defendant KForce then negotiated Plaintiff Gunawan's rate of pay and starting date.

35. Plaintiff Gunawan's employment with Defendant Workway commenced on November 6th, 2012, when she conducted a one hour in-person interview with Defendant Workway's then current or potential client, Auction.com. Plaintiff Gunawan's interview through Defendant Workway was also conducted while subject to and under the control of Defendant Workway. As with Defendant KForce, Defendant Workway, as a company policy and practice, controlled all aspects of the interview process. After receiving Plaintiff Gunawan's resume, but prior to submitting it to Auction.com, Defendant TFG made several modifications in order to tailor it to their current or potential client's specific employment needs. Defendant Workway then removed Plaintiff Gunawan's personal information and replaced it with Defendant Workway's corporate logo and contact information, ensuring that the Defendant Workway's client could not directly contact Plaintiff Gunawan.

36. Defendant Workway then submitted Plaintiff Gunawan's resume to their current or potential client, Auction.com, and also set the time, date and place of the interview. As a policy and practice, temporary employees of Defendant Workway, including Plaintiff Gunawan, are not allowed to communicate directly with the Defendant's clients until the time of their telephone or in-person interview. Likewise, temporary employees of the Defendant Workway, including Plaintiff Gunawan, are not allowed to communicate directly with the Defendant Workway's clients after the interview either. Once the interview was over, Defendant Workway obtained feedback from both the Plaintiff and the current or potential client, Auction.com. Auction.com informed the Defendant Workway that the Plaintiff was not a good fit, and that they would not be extending an offer. Defendant Workway then relayed their client's feedback to Plaintiff Gunawan.

CLASS ACTION COMPLAINT FOR DAMAGES
CASE NO.:

37. Plaintiff Gunawan and proposed KForce/Workway Class Members are informed and believe, and allege based thereon that Defendant KForce and Defendant Workway are both continuing to fail to pay their employees compensation for the wages they earned while interviewing with the Defendants' current and potential clients while subject to and under their control.

38. During all, or a portion of the relevant Class Period, Plaintiff Canlas & Plaintiff Gunawan and the proposed Appleone Class Members were all registered with the Defendant Appleone, were required to sign new hire paperwork, and all interviewed at least once, either by telephone or in-person, on behalf of Defendant Appleone, and were denied payment of at least minimum wage, in violation of California Labor Code §§ 201-203 & 1194(a).

39. Plaintiff Canlas's employment with Defendant Appleone officially commenced on October 12th, 2012, when, while subject to and under the control of Defendant Appleone, he conducted a one-half hour telephone interview with Defendant Appleone's then current or potential client, First American Title. Defendant Appleone, as a policy and practice, controlled all aspects of the interview process. After receiving Plaintiff Canlas's resume, but prior to submitting it to First American Title, Defendant Appleone made several modifications in order to tailor it to their client First American's specific employment needs. Defendant Appleone then removed Plaintiff Canlas's personal information and replaced it with Defendant Appleone's corporate logo and contact information, ensuring that the Client could not directly contact Plaintiff Canlas until the phone interview had been arranged and scheduled through Defendant Appleone.

40. Prior to the phone interview scheduled by Defendant Appleone, Plaintiff Canlas was coached by the Defendant on how to conduct himself during the interview, in order to maximize the Defendant's chance of making a placement at First American Title. Defendant Appleone also instructed Plaintiff Canlas to go online and research the company as best that he could, and to try to think of a few good questions to ask about the position. Plaintiff Canlas followed all of the Defendant's instructions prior to and during the interview. Once the interview was completed, Defendant Appleone obtained feedback from the client, who informed the Defendant Appleone that they did in fact want the Plaintiff for the assignment and that they

wanted him to start on October 12th, 2012.  Defendant Appleone then relayed the information

to Plaintiff Canlas.  Plaintiff Canlas started work with First American on October 12th, 2013

and remained on the assignment until the middle of February, 2013.  As of the date of the

filing of this Complaint, the Defendant Appleone has still not paid at least the minimum wage

to Plaintiff Canlas for the one-half hour he  spent interviewing with First American Title,

subject to and under the control of Defendant Appleone.

41.  Plaintiff Gunawan's employment with Defendant Appleone officially commenced on October

17th, 2012, when, while subject to and under the control of Defendant Appleone, she

conducted an in-person, one hour interview with Defendant Appleone's then current or

potential client, Lender Servicing Inc. (LSI) Defendant Appleone, as a policy and practice,

controlled all aspects of the interview process.  After receiving Plaintiff Gunawan's resume,

but prior to submitting it to LSI, Defendant Appleone made several modifications in order to

tailor it to LSI's specific employment needs.  Defendant Appleone then removed Plaintiff

Gunawan's personal information and replaced it with Defendant Appleone's corporate logo

and contact information, ensuring that the Client could not directly contact Plaintiff Gunawan

until the time of her interview that had been arranged and scheduled through Defendant

Appleone.

42.  Prior to the interview with LSI scheduled by Defendant Appleone, Plaintiff Gunawan was

coached by the Defendant on how to conduct herself during the interview, in order to

maximize the Defendant's chance of making a placement at LSI.  Defendant Appleone also

instructed Plaintiff Gunawan followed all of the Defendant's instructions prior to and during

the interview.  Once the interview was completed, Defendant Appleone obtained feedback

from the client, who informed the Defendant Appleone that they did not want the Plaintiff for

the assignment. As of the date of the filing of this Complaint, the Defendant Appleone has still

not paid at least the minimum wage to Plaintiff Gunawan for the one hour he  spent

interviewing with LSI, subject to and under the control of Defendant Appleone.

---

11

43.     Plaintiff Canlas, Plaintiff Gunawan and proposed Appleone Class Members are informed and believe, and allege based thereon that Defendant Appleone is continuing to fail to pay its employees compensation for the wages they earned while interviewing on Defendant's behalf.

## V.                                    CAUSE OF ACTION

### FIRST CAUSE OF ACTION
**Failure to Pay Minimum Wages: Cal. Lab. Code §§ 1194, 1194.2, 1197 & 1197.1**
**(Against Defendants KForce, Workway and Does 1-100 and on Behalf of Plaintiff Gunawan**
**and Members of the KForce/Workway Class; and Against Defendants Appleone and Does 1-100**
**and on Behalf of Plaintiff Gunawan and Plaintiff Canlas and Members of the Appleone Class;)**

44.     Plaintiffs Gunawan and Canlas re-allege paragraphs 1-43 as if fully alleged herein.

45.     Industrial Welfare Commission Wage Order 4-2001, § 4 and Cal. Lab. Code Section 1197 establishes the right of employees to be paid minimum wages for their work, in amounts set by state law. Cal. Lab. Code §§ 1194(a) and 1194.2(a) provide that an employee who has not been paid the legal minimum wage as required by Cal. Lab. Code § 1197 may recover the unpaid balance together with attorneys' fees and costs of suit, as well as liquidated damages in an amount equal to the wages unpaid and interest thereon.

46.     By failing to pay Plaintiff Gunawan and proposed KForce/Workway Class members at least the minimum wage for the time they spent subject to and under the control of the Defendants KForce and Workway while interviewing with their respective clients, the Defendants KForce and Workway are in violation of Cal. Lab. Code §§ 1194 & 1197.

47.     By failing to pay Plaintiff Canlas, Plaintiff Gunawan and proposed Appleone Class Members at least the minimum wage for the time they spent subject to and under the control of Defendant Appleone while interviewing with its current or potential clients, Defendant Appleone is in violation of Cal. Lab. Code §§ 1194 & 1197.

48.     As a direct and proximate result of Defendants KForce and Workway, and Defendant Appleone's conduct in violation of Cal. Lab. Code sections 1194 & 1197, the Plaintiffs Gunawan and Members of the KForce/Workway Class; and Plaintiff Canlas and Members of

the Appleone Class, have suffered, and continue to suffer, losses related to the use and enjoyment of wages and lost interest on such wages all to their detriment, and therefore seek all available remedies, in amounts of which to be shown at trial, according to proof.

49.   Pursuant to Cal. Lab. Code section 1194(a), Plaintiffs Gunawan and Canlas seek attorneys' fees and costs of suit, as well as prejudgment interest, according to proof.

**SECOND CAUSE OF ACTION**
**Failure to Provide Accurate Wage Statements: Cal. Lab. Code 226 et. seq.**
**(Against Defendants KForce, Workway and Does 1-100 and on Behalf of Plaintiff Gunawan and Members of the KForce/Workway Class; and Against Defendants Appleone and Does 1-100 and on Behalf of Plaintiff Gunawan and Plaintiff Canlas and Members of the Appleone Class)**

50.   Plaintiffs Gunawan and Canlas re-allege paragraphs 1-49 as if fully alleged herein.

51.   Cal. Lab. Code section 226(a) provides: "Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is

---

13

the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment…" (Lab. Code § 226(a)).

52. Defendants KForce and Workway failed to provide Plaintiff Gunawan and Members of the KForce/Workway Class with accurate wage statements for all hours worked, as required by Cal. Lab. Code § 226(a).

53. Defendant Appleone failed to provide Plaintiff Canlas, Plaintiff Gunawan and Members of the Appleone Class with accurate wage statements for all hours worked, as required by Cal. Lab. Code § 226(a).

54. Plaintiff Gunawan and Members of the Kforce/Workway Class; and Plaintiff Canlas and Members of the Appleone Class were entitled to payment of all interview wages and receipt of accurate wage statements no later than one week after the end of the week in which the wage was earned.

55. As of the date of the filing of this complaint, Plaintiff Gunawan has not been provided with accurate wage statements compliant with Cal. Lab. Code §226(a) for the wages she earned while interviewing with LSI on behalf of Defendant Appleone, while interviewing with Auction.com on behalf of Defendant Workway, or for the wages she earned while interviewing with TFG on behalf of Defendant Kforce.

56. As of the date of the filing of this complaint, Plaintiff Canlas has not been provided with accurate wages statements compliant with Cal. Lab. Code §226(a) for the wages he earned while interviewing with First American Title on behalf of Defendant Appleone.

57. Plaintiff Gunawan and Members of the KForce/Workway Class; and Plaintiff Canlas and Members of the Appleone Class have all suffered injury as defined in Cal. Lab. Code 226(e)

14

(2)(B)(i). which provides: An employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide accurate and complete information as required by any one or more of items (1) to (9), inclusive, of subdivision (a) and the employee cannot promptly and easily determine from the wage statement alone one or more of the following: (i) The amount of the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6), and (9) of subdivision (a).

58.    Pursuant to Cal. Lab. Code section 226(e), Plaintiff Gunawan  and Members of the KForce/ Workway Class, and Plaintiff Canlas and Members of the Appleone Class are entitled to and seek penalties as follows:

      a. Fifty dollars ($50.00) per employee for the initial pay period in which a violation occurs; and

      b. One hundred dollars ($100.00) per employee for each violation in a subsequent pay period, not to exceed $4000.00

59.    Pursuant to Cal. Lab. Code section 226(g), Plaintiffs Gunawan and Canlas are entitled to injunctive relief to ensure Defendants KForce's and Workway's, and Defendant Appleone's, respectively, compliance with Cal. Lab. Code section 226.

60.    Plaintiffs are also entitled to and seek reasonable attorney's fees and costs as provided for in Cal. Lab. Code §226(h), as well as prejudgment interest, according to proof.

//

//

//

**THIRD CAUSE OF ACTION**

**Waiting Time Penalties: Cal. Lab. Code §§ 201-203**

**(Against Defendants KForce, Workway and Does 1-100 and on Behalf of Plaintiff Gunawan and Members of the KForce/Workway Class; and Against Defendants Appleone and Does 1-100 and on Behalf of Plaintiff Gunawan and Plaintiff Canlas and Members of the Appleone Class)**

61.   Plaintiffs Gunawan and Canlas re-allege paragraphs 1-60 as if fully alleged herein.

62.   Pursuant to Cal. Lab. Code Section 201(a):"If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately". Cal. Lab. Code Section 201.3(b) clarifies that "…if an employee of a temporary services employer is assigned to work for a client, that employee's wages are due and payable no less frequently than weekly, regardless of when the assignment ends, and wages for work performed during any calendar week shall be due and payable not later than the regular payday of the following calendar week. A temporary services employer shall be deemed to have timely paid wages upon completion of an assignment if wages are paid in compliance with this subdivision."

63.   Defendants KForce and Workway have  intentionally and systematically failed to pay Plaintiff Gunawan and KForce/Workway Class Members who voluntarily or involuntarily ended their employment with Defendant KForce or Defendant Workway during the relevant Class Period all wages earned pursuant to Cal. Lab. Code § 201.3.

64.   Defendant Appleone has intentionally and systematically failed to pay Plaintiff Gunawan, Plaintiff Canlas and Appleone Class Members who voluntarily or involuntarily ended their employment with Defendant Appleone during the relevant Class Period all wages earned pursuant to Cal. Lab. Code § 201.3.

65.    As of the date of the filing of this Complaint, Plaintiff Gunawan and KForce/Workway Class Members have still not been paid for her wages earned while interviewing on behalf of Defendants KForce or Workway.

66.    As of the date of the filing of this complaint, Plaintiff Gunawan, Planitiff Canlas and Appleone Class Members have still not been paid for their wages earned while interviewing on behalf of Defendant Appleone.

67.    Plaintiffs are informed and believe, and allege based thereon that Defendants, and each of them, were all aware that California law requires the payment of wages for all work suffered to be performed which is subject to and under the control of the employer, including the time spent interviewing as described herein and, as such, should be precluded from avoiding liability based upon a good faith dispute defense.

68.    Plaintiff Gunawan and  Members of the KForce/Workway Class, and Plaintiff Gunawan, Plaintiff Canlas and Members of the Appleone Class are entitled to and seek penalties provided by Cal. Lab. Code Section 203, which provides: "If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 202, and 205.5, *any* wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days."

69.    Plaintiffs Gunawan and Canlas are also entitled to and seek reasonable attorney's fees and costs of this action pursuant to Cal. Lab. Code §218.5, as well as prejudgment interest pursuant to Cal. Lab. Code §218.6, according to proof, as well as any statutory penalties under the Cal. Lab. Code.

17

## FOURTH CAUSE OF ACTION

### Unfair Competition in Violation of Business and Professions Code §§ 17200 et. seq.
### (Against Defendants KForce, Workway and Does 1-100 and on Behalf of Plaintiff Gunawan and Members of the KForce/Workway Class; and Against Defendants Appleone and Does 1-100 and on Behalf of Plaintiff Gunawan and Plaintiff Canlas and Members of the Appleone Class)

70.     Plaintiffs Gunawan and Canlas re-allege paragraphs 1-69 as if fully alleged herein.

71.     The foregoing conduct, as alleged, violates the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 et seq.  Section 17200 of the Cal. Bus. & Prof. Code prohibits unfair competition by prohibiting, inter alia, any unlawful, fraudulent or unfair business acts or practices.

72.     Beginning at a date unknown to the Plaintiff, but at least as long ago as four years before the filing of this action, Defendants KForce, Workway & Appleone have all committed, and continues to commit, acts of unfair competition, as defined by the UCL, by, among other things, engaging in the acts and practices described herein. Defendant's conduct as herein alleged has injured the Plaintiffs and Members of the Classes by wrongfully denying them payment of earned wages, and therefore was substantially injurious to the Plaintiffs and Members of the Classes.

73.     Defendants engaged in unfair competition in violation of the UCL by violating, inter alia, each of the following laws. Violations of each of these laws constitutes an independent and separate violation of the UCL:

    a.   Failure to pay a minimum wage in violation of Cal. Lab. Code § 1194;

    b.   Failure to pay discharged employees all wages earned in violation of Cal. Lab. Code §§ 201-203; and

    c.   Failure to provide accurate wage statements in violation of Cal. Lab. Code §§ 226(a).

---

18

74. Defendant's course of conduct, acts, and practices in violation of the California laws mentioned in the above paragraph constitute a separate and independent violation of the UCL. Defendants' conduct described herein violates the policy or spirit of such laws or otherwise significantly threatens or harms competition.

75. The unlawful and unfair business practices and acts of the Defendants, and each of them, described above, have injured the Plaintiffs and proposed KForce/Workway and Appleone Class Members in that they were wrongfully denied the payment of wages.

76. The Plaintiff seeks injunctive relief, pursuant to Business and Professions Code section 17203, ordering the Defendant and Defendant's successors, agents, representatives, employees and all persons acting in concert with the Defendants; refrain from engaging the unlawful, unfair and fraudulent business acts as described herein.

77. The Plaintiffs, on behalf of themselves and Members of the Classes, seek full restitution in the amount of the respective unpaid wages, for the entire span of the Class Period of four years prior to the filing of this complaint through the date set for trial.

78. The Plaintiffs also seek recovery of attorneys' fees and costs of this action, as well as prejudgment interest, according to proof, to be paid by Defendants as provided by the UCL & Cal. Lab. Code §§ 218.5, 218.6 & 1194(a).

79. By successfully bringing this action, the Plaintiff has bestowed upon the public a great benefit, and as such is entitled to reasonable attorney's fees as provided under California Code of Civil Procedure section 1021.5.

//

## FIFTH CAUSE OF ACTION
### Civil Penalties Pursuant To The Private Attorney Generals Act
### (Against Defendants Appleone; KForce & Workway, And On Behalf of Plaintiffs)

*Plaintiffs sent statutory notices pursuant to PAGA via certified mail to Defendants Howroyd-Wright and KForce on June 17th, 2013 and to Defendant Workway on June 17th, 2013 True and correct copies of the notices are attached to this complaint as Exhibit "A". Plaintiffs will amend this complaint after the expiration of 33 days in order to add causes of action pursuant to PAGA*

**VI.**                    **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs pray for judgment against the Defendants as follows:

80.  That the Court issue an Order pursuant to Code of Civil Procedure §382 certifying the Classes proposed herein; appointing Plaintiff Gunawan as the representative of all others similarly situated in the KForce/Workway Class; appointing Plaintiff Canlas as the representative of all others similarly situated in the Appleone Class; and appointing attorneys Brett Szmanda and John Rarick as the named Class Counsel for the members of the Classes.

### As to the First Cause of Action

81.  For restitution of wages by Defendants and/or disgorgement of unpaid wages, the amount of which will be shown at trial, according to proof;

82.  For liquidated damages pursuant to Cal. Lab. Code §1194.2 & 1197.1, in an amount equal to the unpaid wages, and interest, according to proof at trial;

83.  For interest as authorized by Cal. Lab. Code §§ 218.6 and 1194(a), according to proof; and

84.  For an award of reasonable attorneys' fees and costs as provided for in Cal. Lab. Code § 1194 (a) and §218.5;

### As to the Second Cause of Action

85.  For penalties as authorized by Cal. Lab. Code § 226(e);

---

20

86. For injunctive relief to ensure all Defendants' compliance with Cal. Lab. Code § 226 pursuant to Cal. Lab. Code § 226(g); and

87. For an award of costs, reasonable attorneys' fees and prejudgment interest pursuant to Cal. Lab. Code §226(h), the amount of which will be shown at the time of trial, according to proof.

### As to the Third Cause of Action

88. Waiting time penalties pursuant to Cal. Lab. Code § 203, according to proof;

89. For reasonable attorneys' fees and costs incurred as permitted by statute; and

90. For interest as authorized by the Cal. Lab. Code.

### As to the Fourth Cause of Action

91. Pursuant to Business and Professions Code section 17203, that Defendants KForce and Workway make full restitution to Plaintiff Gunawan and KForce/Workway Class Members; and that Defendant Appleone make full restitution to Plaintiff Canlas and Appleone Class Members for the amounts unlawfully withheld during the Class Period of June 17th, 2009 up through the date of trial set herein, and to restore all monies owing the said employees acquired by all Defendants as a result of the violations of Business and Professions Code section 17200 et seq. alleged in this complaint; the amount of which will be shown at trial, according to proof;

92. Pursuant to Business and Professions Code section 17203, that all Defendants, their successors, agents, representatives, employees and all persons acting in concert with defendants be enjoined from committing acts of unfair competition as alleged in this complaint;

---

21

93.    Pursuant to Business and Professions Code section 17206, that the Court assess a civil penalty
of two thousand five hundred dollars ($2,500) against all Defendants, and each of them, for
each violation of Unfair Competition, as shown  at trial; according to proof.

94.    For an award of reasonable attorneys' fees and costs of this action, and interest, according to
proof, pursuant to Business and Professions Code § 17200 et seq. and Cal. Lab. Code § 218.5
& Cal. Lab. Code 1194(a); and Cal. Code of Civ. Proc. § 1021.5.

95.    For an award of costs of this action and interest, according to proof.

### As to All Causes of Action

96.    For costs of bringing this suit;

97.    Any other relief this court deems appropriate.

Dated:  June 18th, 2013                          Respectfully submitted,

/bszmanda/
Brett Szmanda Esq.

/jcrarick/
John Rarick, Esq.


Attorneys for Plaintiffs Liza Gunawan & Danny Canlas

CLASS ACTION COMPLAINT FOR DAMAGES
CASE NO.:

Case 8:13-cv-01356-CJC-AGR   Document 2   Filed 08/30/13   Page 33 of 141   Page ID #:36

# EXHIBIT "A"

**Brett Szmanda Esq.**
**401 8th Street Suite C**
**Huntington Beach, CA 92648**
**Tel.: (818)291-3790 · Fax: (949)553-7732**
**| e-mail:Bszmanda@gmail.com |**

**June 17th, 2013**

**VIA CERTIFIED MAIL**

California Labor & Workforce Development Agency ("Agency")800 Capitol Mall, MIC-55 Sacramento, CA 95814

Re:   Notice to pursue civil penalties through civil action under the Private Attorney General Act.

Pursuant to the Labor Code Private Attorneys General Act of 2004, California Labor Code § 2698 et. seq. ("PAGA"), Liza Gunawan (the "Aggrieved Employee" or "AE"), through her legal representatives, alleges and hereby give notice to the California Labor & Workforce Development Agency ("Agency") of the alleged Labor Code violations and the facts and theories that support the alleged code violations committed by the employer Kforce, Inc. (the "Employer")

This action arises out of harm suffered by the AE, and the public as a whole, caused by the Employer's intentional and systematic disregard of California's Wage and Hour Laws, as codified in the California Labor Code and the Industrial Welfare Commission's Wage Orders. The AE has suffered harm as a result of Employers' intentional failure to  to pay lawful minimum wages; to pay all wages on time and provide accurate wage statements as proscribed by law;  and numerous other violations of the provisions of the Labor Code and Wage Orders pertaining to mandatory working conditions.

The AE's employment with KForce for the purpose of this complaint officially commenced on or around June 15th,  2012, when, while subject to and under the control of the employer, she conducted an in-person interview that lasted well over one hour with  the employer's then current or potential client, Title Resource Group ("TRG"). The Employer, as a policy and practice, controlled all aspects of the interview process. After receiving the AE's resume, but prior to submitting it to TRG, the Employer made several modifications in order to tailor it to their client TRG's specific employment needs.  The employer then removed the AE's personal information and replaced it with their corporate logo and contact information, ensuring that the Client could not directly contact the AE until the time that the interview had been arranged and scheduled through the Employer.

Prior to the in person interview scheduled by the employer, the AE was coached by the Employer on how to conduct herself during the interview, in order to maximize the Employers chance of making a placement at TRG. The Employer also instructed the AE to go online and research the Client as best that she could, and to try to think of a few good questions to ask about the

position. The AE followed all of the Employer's instructions prior to and during the interview. Once the interview was completed, the Employer obtained feedback from the Client, who informed the Employer they did in fact want the AE for the assignment. The Employer then handled the negotiation of the AEs rate of pay, and decided with the Client that the AE would start on or around June 18th, 2012. The Employer then relayed the information to the AE.

The AE started work with TRG on or around June 18th, 2013 and remained on the assignment until on or around October 10th, 2012. Because the AE earned her interview wages on June 11th, 2012, the Employer was obligated to pay the AE her earned wages in the payperiod following the week in which the wages were earned. Pursuant to Labor Code 201.3. Thus, the Employer's failure to pay the AE her interview wage occurred on June 22nd, 2012. As of the date of the filing of this Complaint, the Employer has still not paid at least the minimum wage to the AE for the one hour he spent interviewing with TRG, subject to and under the Employer's control. By failing to pay the AE at least the minimum wage for the time he suffered or was permitted to work subject to and under the control of the Employer while interviewing with its current or potential client, TRG, the Employer is in violation of Cal. Lab. Code §§ 1194 & 1197.

Failing to pay the AE at least the minimum wage has also lead to the Employer providing the AE with inaccurate wage statements. As of the date of the filing of this complaint, the AE has not been provided with accurate wages statements compliant with Cal. Lab. Code §226(a) for the wages he earned while interviewing with First American Title on behalf of Defendant Appleone.

The AE's employment with the Employer was terminated on or around October 10th, 2012. This occurred after the AE requested from her supervisor that she be allowed to perform the work requested of her in a slightly different way than the way TRG instructed her to. The AE is over the age of 60 and found TRGs methods to be more strenuous for her to handle than the methods upon which she relied during the majority of her career. Rather than addressing the AEs concerns pertaining to her limitations brought upon her by her age, the AE's supervisor stated something substantially similar to "Oh, you don't like the way we do things around here? Ok..), and then just walked away from the AE.

After the AE finished work for the day, she received a call from the Employer, KForce, stating that she was no longer needed at TRG, and that her assignment had been terminated. The Employer told the AE that she was not terminated for cause, and that her unemployment would be granted, should she apply. However, when she applied for unemployment, she was denied due to the Employer reporting that she had been fired for cause. Having to navigate through the complicagted EDD Appeal process of extremely difficult for the AE, and has caused her a significant amount of stress.

The Employers conduct also constitutes a willful withholding of wages due to discharged employees in violation of Labor code 203. The Employer's intentional and systematic failure to pay the AE and other similarly situated employees of the Employer who voluntarily or involuntarily

ended their employment during the relevant Class Period all wages earned pursuant to Cal. Lab. Code § 201.3 entitles the AE to waiting time civil penalties as provided for in the Labor Code.

Liza Gunawan will pursue violations under California Labor Code §2698 et. seq., on behalf of himself and as representatives of the people of the State of California, and will seek any and all penalties otherwise capable of being collected by the Labor Commission and/or the Department of Labor Standards Enforcement (DLSE). This includes the penalty provisions provided in Labor Code § 2699(a) and § 2699(f), as well as any of the applicable statutes as is set forth in Labor Code Section 2699.5. and includes the penalty provisions, without limitation, based on the following sections: 201, 201.3, 201.5, 201.7, 202, 203, 203.1, 203.5, 204, 204a, 204b, 204.1, 204.2, 205, 205.5, 206, 206.5, 208, 209, and 212, subdivision (d) of Section 213, Sections 221, 222, 222.5, 223, and 224, subdivision (a) of Section 226, Sections 226.3, 226.7, 227, 227.3, 230, 230.1, 230.2, 230.3, 230.4, 230.7, 230.8, and 231, subdivision (c) of Section 232, subdivision (c) of Section 232.5, and Labor Code sections 233, 510, 511, 512, 513, 558 & 1102.5., should the Agency not notify the AE through its legal representative according to California Labor Code §2698.3.


Kind regards,


_____

Brett Szmanda Esq.
CA State Bar #288688
Attorney for AE
818-291-3790
Bszmanda@gmail.com

June 17th, 2013


cc

KForce, Inc.
1001 E Palm Ave.
Tampa Florida, 33605.

**Brett Szmanda Esq.**
**401 8th Street Suite C**
**Huntington Beach, CA 92648**
**Tel.: (818)291-3790 · Fax: (949)553-7732**
**[ e-mail:Bszmanda@gmail.com ]**

**June 17th, 2013**

**VIA CERTIFIED MAIL**

California Labor & Workforce Development Agency ("Agency")800 Capitol Mall, MIC-55
Sacramento, CA 95814

Re:  Notice to pursue civil penalties through civil action under the Private Attorney General Act.

Pursuant to the Labor Code Private Attorneys General Act of 2004, California Labor Code § 2698 et. seq. ("PAGA"), Danny Canlas (the "Aggrieved Employee" or "AE"), through his legal representatives, alleges and hereby give notice to the California Labor & Workforce Development Agency ("Agency") of the alleged Labor Code violations and the facts and theories that support the alleged code violations committed by the HOWROYD-WRIGHT EMPLOYMENT AGENCY, INC., D/B/A APPLEONE EMPLOYMENT SERVICES., (the "Employer").

This action arises out of harm suffered by the AE, and the public as a whole, caused by the Employers' intentional and systematic disregard of California's Wage and Hour Laws, as codified in the California Labor Code and the Industrial Welfare Commission's Wage Orders. The AE has suffered harm as a result of Employers' intentional failure to  to pay lawful minimum wages; to pay all wages on time and provide accurate wage statements as proscribed by law; and numerous other violations of the provisions of the Labor Code and Wage Orders pertaining to mandatory working conditions.

The AE's employment with Appleone for the purpose of this complaint officially commenced on October 12th, 2012, when, while subject to and under the control of the employer, he conducted a one-half hour telephone interview with the employer's then current or potential client, First American Title. The Employer, as a policy and practice, controlled all aspects of the interview process. After receiving the AE's resume, but prior to submitting it to First American Title, the Employer made several modifications in order to tailor it to their client First American's specific employment needs. The employer then removed the AE's personal information and replaced it with their own corporate logo and contact information, ensuring that the Client could not directly contact

the AE until the time that the phone interview had been arranged and scheduled through Defendant Appleone.

Prior to the phone interview scheduled by the employer, the AE was coached by the Employer on how to conduct himself during the interview, in order to maximize the Employers chance of making a placement at First American Title. The Employer also instructed the AE to go online and research the Client as best that he could, and to try to think of a few good questions to ask about the position. The AE followed all of the Employer's instructions prior to and during the interview. Once the interview was completed, the Employer obtained feedback from the Client, who informed the Employer they did in fact want the AE for the assignment. The Employer then handled the negotiation of the AEs rate of pay, and decided that the AE would start on October 12th, 2012. The Employer then relayed the information to the AE.

The AE started work with First American on October 12th, 2013 and remained on the assignment until the middle of February, 2013. As of the date of the filing of this Complaint, the Employer has still not paid at least the minimum wage to the AE for the one-half hour he spent interviewing with First American Title, subject to and under the Employer's control. By failing to pay the AE at least the minimum wage for the time he suffered or was permitted to work subject to and under the control of the Employer while interviewing with its current or potential client, First American Title, the Employer is in violation of Cal. Lab. Code §§ 1194 & 1197.

Failing to pay the AE at least the minimum wage has also lead to the Employer providing the AE with inaccurate wage statements. As of the date of the filing of this complaint, the AE has not been provided with accurate wages statements compliant with Cal. Lab. Code §226(a) for the wages he earned while interviewing with First American Title on behalf of Defendant Appleone.

The Employers conduct also constitutes a willful withholding of wages due to discharged employees in violation of Labor code 203. The Employer's intentional and systematic failure to pay the AE and other similarly situated employees of the Employer who voluntarily or involuntarily ended their employment during the relevant Class Period all wages earned pursuant to Cal. Lab. Code § 201.3 entitles the AE to waiting time civil penalties as provided for in the Labor Code.

Danny Canlas will pursue violations under California Labor Code §2698 et. seq., on behalf of himself and as representatives of the people of the State of California, and will seek any and all penalties otherwise capable of being collected by the Labor Commission and/or the Department of Labor Standards Enforcement (DLSE). This includes the penalty provisions provided in Labor Code § 2699(a) and § 2699(f), as well as any of the applicable statutes as is set forth in Labor Code Section 2699.5, and includes the penalty provisions, without limitation, based on the following sections: 201, 201.3, 201.5, 201.7, 202, 203, 203.1, 203.5, 204, 204a, 204b, 204.1, 204.2, 205, 205.5, 206, 206.5, 208, 209, and 212, subdivision (d) of Section 213, Sections 221, 222, 222.5, 223, and 224, subdivision (a) of Section 226, Sections 226.3, 226.7, 227, 227.3, 230, 230.1, 230.2, 230.3, 230.4, 230.7, 230.8, and 231, subdivision (c) of Section 232, subdivision (c) of Section 232.5, and Labor

Code sections 233, 510, 511, 512, 513, 558 & 1102.5., should the Agency not notify the AE through its legal representative according to California Labor Code §2698.3.

Kind regards,

_____

Brett Szmanda Esq.
CA State Bar #288688
Attorney for AE
818-291-3790
Bszmanda@gmail.com

June 17th, 2013

cc

HOWROYD-WRIGHT EMPLOYMENT AGENCY, INC., D/B/A APPLEONE EMPLOYMENT SERVICES

327 W Broadway,
Glendale California, 91204.

**Brett Szmanda Esq.**
**401 8th Street Suite C**
**Huntington Beach, CA 92648**
**Tel.: (818)291-3790 · Fax: (949)553-7732**
**| e-mail:Bszmanda@gmail.com |**

**June 18th, 2013**

**VIA CERTIFIED MAIL**

California Labor & Workforce Development Agency ("Agency")800 Capitol Mall, MIC-55 Sacramento, CA 95814

Re:   Notice to pursue civil penalties through civil action under the Private Attorney General Act.

Pursuant to the Labor Code Private Attorneys General Act of 2004, California Labor Code § 2698 et. seq. ("PAGA"), Liza Gunawan (the "Aggrieved Employee" or "AE"), through her legal representatives, alleges and hereby give notice to the California Labor & Workforce Development Agency ("Agency") of the alleged Labor Code violations and the facts and theories that support the alleged code violations committed by the HOWROYD-WRIGHT EMPLOYMENT AGENCY, INC., D/B/A APPLEONE EMPLOYMENT SERVICES., (the "Employer").

This action arises out of harm suffered by the AE, and the public as a whole, caused by the Employers' intentional and systematic disregard of California's Wage and Hour Laws, as codified in the California Labor Code and the Industrial Welfare Commission's Wage Orders. The AE has suffered harm as a result of Employers' intentional failure to pay lawful minimum wages; to pay all wages on time and provide accurate wage statements as proscribed by law; and numerous other violations of the provisions of the Labor Code and Wage Orders pertaining to mandatory working conditions.

The AE's employment with Appleone for the purpose of this complaint officially commenced on October 17th, 2012, when, while subject to and under the control of the employer, she conducted an in-person, one hour interview with the employer's then current or potential client, Lender Servicing Inc. (LSI). The Employer, as a policy and practice, controlled all aspects of the interview process. After receiving the AE's resume, but prior to submitting it to LSI, the Employer made several modifications in order to tailor it to their client's specific employment needs. The employer then removed the AE's personal information and replaced it with their own corporate logo and

contact information, ensuring that the Client could not directly contact the AE until the time that the interview had been arranged and scheduled through Defendant Appleone.

Prior to the interview scheduled by the employer, the AE was coached by the Employer on how to conduct himself during the interview, in order to maximize the Employers chance of making a placement at LSI. The Employer also instructed the AE to go online and research the Client as best that he could, and to try to think of a few good questions to ask about the position. The AE followed all of the Employer's instructions prior to and during the interview. Once the interview was completed, the Employer obtained feedback from the Client, who informed the Employer they did not want the AE for the assignment.

By failing to pay the AE at least the minimum wage for the time she suffered or was permitted to work subject to and under the control of the Employer while interviewing with its current or potential client, LSI, the Employer is in violation of Cal. Lab. Code §§ 1194 & 1197.

Failing to pay the AE at least the minimum wage has also lead to the Employer providing the AE with inaccurate wage statements. As of the date of the filing of this complaint, the AE has not been provided with accurate wages statements compliant with Cal. Lab. Code §226(a) for the wages she earned while interviewing with First American Title on behalf of Defendant Appleone.

The Employers conduct also constitutes a willful withholding of wages due to discharged employees in violation of Labor code 203. The Employer's intentional and systematic failure to pay the AE and other similarly situated employees of the Employer who voluntarily or involuntarily ended their employment during the relevant Class Period all wages earned pursuant to Cal. Lab. Code § 201.3 entitles the AE to waiting time civil penalties as provided for in the Labor Code.

Liza Gunawan will pursue violations under California Labor Code §2698 et. seq., on behalf of herself and as representatives of the people of the State of California, and will seek any and all penalties otherwise capable of being collected by the Labor Commission and/or the Department of Labor Standards Enforcement (DLSE). This includes the penalty provisions provided in Labor Code § 2699(a) and § 2699(f), as well as any of the applicable statutes as is set forth in Labor Code Section 2699.5, and includes the penalty provisions, without limitation, based on the following sections: 201, 201.3, 201.5, 201.7, 202, 203, 203.1, 203.5, 204, 204a, 204b, 204.1, 204.2, 205, 205.5, 206, 206.5, 208, 209, and 212, subdivision (d) of Section 213, Sections 221, 222, 222.5, 223, and 224, subdivision (a) of Section 226, Sections 226.3, 226.7, 227, 227.3, 230, 230.1, 230.2, 230.3, 230.4, 230.7, 230.8, and 231, subdivision (c) of Section 232, subdivision (c) of Section 232.5, and Labor

Code sections 233, 510, 511, 512, 513, 558 & 1102.5., should the Agency not notify the AE through its legal representative according to California Labor Code §2698.3.

Kind regards,

_____

Brett Szmanda Esq.
CA State Bar #288688
Attorney for AE
818-291-3790
Bszmanda@gmail.com

June 18th, 2013

cc

HOWROYD-WRIGHT EMPLOYMENT AGENCY,
INC., D/B/A APPLEONE EMPLOYMENT SERVICES

327 W Broadway,
Glendale California, 91204,

# EXHIBIT B

Brett Szmanda, Esq.   Cal. Bar No.: 288688
Bszmanda@gmail.com

John C. Rarick, Esq.   Cal. Bar No.: 285862
Jr@lawbysrp.com
2030 Main Street, Suite 1040
Irvine, CA 92614
Tel: 818-291-3790; Fax: 949-553-7732

Attorneys for Plaintiffs

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**06/27/2013** at 02:11:00 PM

Clerk of the Superior Court
By Margaret M Demaria,Deputy Clerk

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

## CIVIL COMPLEX CENTER

| | |
|---|---|
| LIZA GUNAWAN & DANNY CANLAS; on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HOWROYD-WRIGHT EMPLOYMENT AGENCY, INC.;<br>KFORCE INC.;<br>WORKWAY, and DOES 1-100,<br><br>Defendants. | Case No.: 30-2013-00657245-CU-OE-CXC<br>[Unlimited Jurisdiction]<br><br>**[FIRST AMENDED] CLASS ACTION COMPLAINT FOR DAMAGES, PENALTIES, RESTITUTION AND INJUNCTIVE RELIEF**<br>Class Claims:<br>1. **Failure To Pay Minimum Wages**<br>2. **Failure To Provide Accurate Wage Statements;**<br>3. **Failure To Pay Wages Pursuant To Cal. Lab. Code §§ 212, 213, 221 & 223;**<br>4. **Waiting Time Penalties**<br>5. **Unfair Competition**<br>6. *Penalties Pursuant to PAGA (to be added by amendment on or after July 20th, 2013))*<br><br>**TRIAL BY JURY DEMANDED BY THE PLAINTIFFS** |

LIZA GUNAWAN & DANNY CANALAS (the "Plaintiffs") on behalf of themselves and all others similarly situated, allege and complains of Defendants HOWROYD-WRIGHT EMPLOYMENT AGENCY, INC., ("Appleone"); KFORCE, INC. ("KForce") & WORKWAY ("Workway") (the "Defendants") herein named as follows:

1

1.   This action has been brought to address a systematic failure by temporary employment agencies operating in the State of California to pay their employees all of their earned wages, including those earned for the time they spend interviewing on their behalf with their current and potential clients.

2.   The Plaintiffs and the proposed class members have all suffered harm caused by the Defendants' intentional and systematic disregard of California's Wage and Hour Laws, as codified in the Cal. Lab. Code and the Industrial Welfare Commission's Wage Orders. Specifically, those which require employers to pay their employees a minimum wage; to provide their employees with accurate and lawful wage statements; to pay their discharged employees all wages earned in accordance with Cal. Labor Code § 201.1; and numerous other violations of California's wage and hour laws.

3.   Plaintiff is bringing this class action pursuant to the California Labor Code; California's Unfair Competition Law, as codified in the California Business and Professions Code section 17200 *et. seq.*; California's Fair Employment and Housing Act (FEHA); as well as other violations of California's employment and labor laws.

4.   Plaintiffs seek damages; civil penalties; declaratory relief and restitution of compensation for work performed and monies due themselves and the proposed class members during the Class Period, based upon information and belief that the Defendants are continuing, and will continue, their unlawful business practices as described herein.

## II. JURISDICTION AND VENUE

5.   Venue is proper in this Judicial District and the County of Orange because, upon information and belief, Defendants AppleOne and Workway are both corporate citizens of California, and maintain offices and transact business in this county, and work was performed by a substantial portion of the members of the proposed Class made the subject of this action exclusively in the County of Orange, California.

6.   On information and belief, the California Superior Court has jurisdiction in this matter because there is no federal question at issue as the issues herein are based solely on California State law. Furthermore, due to the fact that Defendants AppleOne and Workway, and all of the

2

proposed Class Members, including the Plaintiffs, are citizens of California, diversity of citizenship does not exist.

7.     Also: i) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of this State; ii) at least one defendant[s], (AppleOne & Workway), are defendants from whom significant relief is sought by members of the proposed classes and whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff classes, and are citizens of the state in which this action was filed; and iii) the principal injuries resulting from the local defendants' conduct and the conduct of each other defendant were incurred exclusively within this state.  As such, the Local Controversy exception to the Class Action Fairness Act (CAFA) applies.  Because there is no federal question raised whatsoever and diversity of citizenship does not exist, and because the Local Controversy exception to CAFA applies, this case has properly been brought in the Superior Court of California, County of Orange.

III.                                           PARTIES

**THE PLAINTIFFS:**

8.     At all times herein mentioned, the Plaintiffs and all proposed Class Members were citizens of the State of California.

9.     At all times herein mentioned, Plaintiffs were both domiciled within the County of Orange.

10.    All of the proposed Class Members are identifiable persons who are or were employed in the State of California by the Defendants during the relevant Class period of four years prior to the filing of this complaint through the date of trial, and were all denied compensation for their earned wages, including the time they spent interviewing on the Defendants' behalf.

**THE DEFENDANTS:**

11.    At all times herein mentioned Defendant AppleOne was a citizen of California operating as a temporary employment agency.  Throughout the relevant Class Period, Defendant AppleOne established an employer/employee relationship with the Plaintiffs and each of the proposed

"AppleOne" Class Members, and all harm alleged to be suffered by the Plaintiffs and proposed "AppleOne" Class Members was a result of their employment with Defendant AppleOne.

12. At all times herein mentioned Defendants KForce and Workway operated within California as temporary employment agencies. Throughout the relevant Class Period, the Defendants KForce and Workway established an employer/employee relationship with Plaintiff Gunawan and each of the proposed "KForce/Workway" Class Members; and all harm alleged to be suffered by Plaintiff Gunawan and proposed "KForce/ Workway" Class Members was a result of their respective employment by the Defendants KForce and Workway.

13. At all times herein mentioned Defendant AppleOne was incorporated under the laws of California, with its corporate headquarters located at 327 W Broadway, Glendale California, 91204.

14. At all times herein mentioned Defendant Workway was incorporated under the laws of California, with its corporate headquarters located at 601 S Glenoaks Blvd, Suite 211, Burbank, CA 91502.

15. At all times herein mentioned Defendant KForce was incorporated under the laws of Florida, with its corporate headquarters located at 1001 E Palm Ave, Tampa Florida, 33605.

16. Plaintiffs are informed and believe and based thereon allege that at all times herein mentioned, Defendants named herein as defendants DOES 1 through 100, inclusive, were citizens of the State of California. Plaintiffs are unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 100, inclusive, and therefore sue those defendants using said fictitious names, but will amend this Complaint to set forth their true names and capacities when the same has been ascertained. Plaintiffs are informed and believe, and based thereon allege, that each of the fictitiously named Defendants herein is now, and at all times herein was, acting as the agent or employee, or both, of each and every one of the other Defendants herein named, whether by their true name or their fictitious names, and was at all times herein mentioned acting within the scope of the authority granted to such Defendant as such agent and/or employee.

---

4

**IV.**                                    **CLASS ALLEGATIONS**

17.    Plaintiffs bring this action on behalf of themselves and all other similarly situated persons, as

a class action pursuant to California Code of Civil Procedure section 382.

18.    This action is filed on behalf of the Plaintiffs and the two proposed Plaintiff Classes.  The

proposed Plaintiff Classes shall be known as the "KForce/Workway Class" and the

"AppleOne Class".

19.    Plaintiff Canlas is the proposed named AppleOne Class representative; the term "Proposed

AppleOne Class" includes the Plaintiff Canlas, Plaintiff Gunawan, and all other similarly

situated California citizens and is defined as follows:

> "All California citizens who, during the relevant Class
> period of June 18th, 2009 through the date set for trial,
> were denied the payment of at least minimum wage for
> the time they spent working subject to and under the
> control of Defendant AppleOne while interviewing for
> temporary and permanent employment opportunities
> within the State of California with Defendant AppleOne's
> current and potential clients".

20.    Plaintiff Gunawan is the proposed named KForce/Workway Class representative; the term

"Proposed KForce/Workway Class" includes the Plaintiff Gunawan and all other similarly

situated California citizens and is defined as follows:

> "All California citizens employed by Defendants KForce
> and/or Workway within the State of California during the
> relevant Class Period of June 18th, 2009 through the date
> set for trial."

21.    Plaintiff Gunawan is also seeking certification of two KForce/Workway Subclasses; an

"Unpaid Interview Wage" Subclass, and an "Unlawful Payroll Scheme" Subclass.  The

"Unpaid Interview Wage" Subclass is defined as follows:

> "All California citizens who, during the relevant class period
> of June 18th, 2009 through the date set for trial, were denied
> the payment of at least the minimum wage for the time they
> spent working subject to and under the control of Defendants
> KForce and Workway while interviewing with their current

5

1   and potential clients for temporary and permanent employment opportunities."

2

3   22.   Plaintiff Gunawan's proposed "Unlawful Payroll Scheme" Subclass includes Plaintiff

4   Gunawan and all other similarly situated employees of Defendant KForce, and is defined as

    follows:

5         "All proposed KForce/Workway Class Members employed
6         by Defendant KForce during the relevant Class Period to whom
          Defendant KForce paid wages by forced means of a debit card provided and
7         controlled by Defendant KForce."

8   23.   **Ascertainable Class:** The proposed Classes are ascertainable in that their members can be

9   identified and located using information contained in Defendants' payroll and personnel

10  records.

11  24.   **Numerosity:** The potential quantity of members of the proposed Classes as defined is so

12  numerous that joinder of all members would be unfeasible and impractical. The disposition of

13  their claims through this class action will benefit both the parties and this Court. The exact

14  number of proposed AppleOne & KForce/Workway Class Members are unknown to the

15  Plaintiffs at this time; however, it is estimated that both of the Classes are in excess of 100

16  individuals. The quantity and identity of such membership is readily ascertainable via

17  inspection of the Defendants' records.

18  25.   **Commonality:** Common questions of law and fact exist as to all members of the proposed

19  Classes, including, but not limited to, the following:

20

21        a.   Whether Defendants failed to timely pay the Plaintiffs and proposed members of the

22             Classes who voluntarily or involuntarily terminated their employment with the Defendants

23             during the Class Period all wages due as required by Cal. Lab. Code sections 201-203 and/

24             or applicable IWC Wage Orders.

25        b.   Whether the Defendants' policy and practice of not paying its employees for the time

26             spent interviewing on their behalf, subject to and under their control, denied the Plaintiffs

27             and proposed members of the Classes compensation for wages earned, in violation of Cal.

28             Lab. Code § 1194(a).

6

c.   Whether Defendants' uniform and systematic policy and practice of not paying its employees for the time spent interviewing on their behalf, subject to and under their control, resulted in the Plaintiff and proposed Class Members being provided with inaccurate wage statements, in violation of Cal. Lab. Code § 226(a).

d.   Whether Defendant KForce's unlawful payroll scheme as described below was in violation of California law;

e.   Whether the members of the Unlawful Payroll Scheme are entitled to Waiting Time Penalties pursuant to Cal. Lab. Code § 203;

f.   Whether Defendant's violations of the above mentioned California Labor Codes constitute a violation of Business and Professions Code § 17200, entitling the Plaintiff and proposed Class Members to declaratory relief and restitution for unpaid wages.

26.   **Typicality**: The claims of the Plaintiffs for wages, restitution, declaratory and injunctive relief, interest, and attorneys' fees are typical of the claims of all members of the proposed Classes mentioned herein because all members of the Classes were employed by the Defendants in the same capacities and sustained similar injuries arising out of Defendants' common course of conduct in violation of law. The injuries of the Plaintiffs and all members of the proposed Classes were caused by the Defendants' wrongful conduct in violation of law, as alleged herein.

27.   **Adequate Representation**: The Plaintiffs will fairly and adequately represent and protect the interests of the proposed Plaintiff Classes. Plaintiffs have retained counsel competent and experienced in complex actions and state labor and employment litigation.

28.   Class Certification is appropriate because questions of law and fact common to the Plaintiffs and the Proposed Plaintiff Classes predominate over any questions affecting only individual members of the proposed Classes, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. The Defendants' common, non-individualized and uniform policies and practices have created unlawful working conditions for the Plaintiffs and members of the proposed Classes and has deprived them of receiving full compensation for their earned wages. The damages suffered by individual

7

members of the proposed Classes are small in comparison to the expense and burden of individual prosecution of this litigation. Additionally, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments.

29. Plaintiffs request that the Court direct the Defendants to send notice to all members of their respective proposed Classes, as Defendants can easily and readily contact all members of the proposed Classes, all of whom work in California and have regular, marginally-costless (i.e. email) contact with the Defendants.

## V. GENERAL ALLEGATIONS

30. During all, or a portion, of the Class Period, the Plaintiff Gunawan and each member of the proposed KForce/Workway Class and Subclasses were employed by the Defendants KForce and Workway in the State of California in that they suffered or were permitted to work subject to and under their control while interviewing with current and potential clients.

31. During all, or a portion, of the Class Period, the Plaintiff Canlas, Plaintiff Gunawan, and each member of the proposed AppleOne Class were employed by the Defendant AppleOne in the State of California in that they suffered or were permitted to work subject to and under their control while interviewing with current and potential clients.

32. Plaintiffs and each member of the proposed Classes and Subclasses were employees covered under one or more provision of the Cal. Labor Code and Industrial Welfare Commission (IWC) Wage Orders, including Wage Order 4- 2000, 4-2001 ("Wage Orders"), Cal. Lab. Code section 510, Cal. Lab. Code section 1194(a), and/or other applicable wage orders, regulations and statutes.

33. The Plaintiffs and members of the proposed Classes and Subclasses were and are entitled to compensation for all time spent under Defendants' control, including the time spent interviewing for employment with the Defendants' current and potential clients.

34. During all, or a portion of the Class Period, Plaintiff Gunawan and proposed KForce/ Workway Class Members were all registered with the Defendants KForce and Workway, were required to sign new hire paperwork, and all interviewed at least once, either by telephone or

[FIRST AMENDED] CLASS ACTION COMPLAINT FOR DAMAGES
CASE NO.: 30-2013-00657245-CU-OE-CXC

in-person, on behalf of either Defendant KForce or Defendant Workway, and were denied

payment of at least the minimum wage, in violation of California Labor Code §§ 201-203 & 1194(a);

35.   Plaintiff Gunawan's employment with Defendant KForce commenced on June 8th, 2012, when, while subject to and under the control of Defendant KForce, she conducted a one-hour, in-person interview with Defendant KForce's then current or potential client, Title Resources Group "TRG". Defendant KForce, as a policy and practice, controlled all aspects of the interview process. After receiving Plaintiff Gunawan's resume, but prior to submitting it to TRG, Defendant KForce made several modifications in order to tailor it to their client TRG's specific employment needs. Defendant KForce then removed Plaintiff Gunawan's personal information and replaced it with Defendant KForce's corporate logo and contact information, ensuring that the Client could not directly contact Plaintiff Gunawan.

36.   Defendant KForce then submitted Plaintiff Gunawan's resume to their client, TFG, and also set the time, date and place of the interview. As a policy and practice, temporary employees of Defendant KForce, including Plaintiff Gunawan, are not allowed to communicate directly with the Defendant's clients until the time of their telephone or in-person interview. Likewise, temporary employees of the Defendant KForce, including Plaintiff Gunawan, are not allowed to communicate directly with the Defendant KForce's clients after the interview either. Once the interview was over, Defendant KForce obtained feedback from both the Plaintiff and their client, TFG. Defendant KForce then negotiated Plaintiff Gunawan's rate of pay and starting date.

37.   Plaintiff Gunawan's employment with Defendant Workway commenced on November 6th, 2012, when she conducted a one hour in-person interview with Defendant Workway's then current or potential client, Auction.com. Plaintiff Gunawan's interview through Defendant Workway was also conducted while subject to and under the control of Defendant Workway. As with Defendant KForce, Defendant Workway, as a company policy and practice, controlled all aspects of the interview process. After receiving Plaintiff Gunawan's resume, but prior to submitting it to Auction.com, Defendant Workway made several modifications in

9.

order to tailor it to their current or potential client's specific employment needs. Defendant Workway then removed Plaintiff Gunawan's personal information and replaced it with Defendant Workway's corporate logo and contact information, ensuring that the Defendant Workway's client could not directly contact Plaintiff Gunawan.

38.   Defendant Workway then submitted Plaintiff Gunawan's resume to their current or potential client, Auction.com, and also set the time, date and place of the interview. As a policy and practice, temporary employees of Defendant Workway, including Plaintiff Gunawan, are not allowed to communicate directly with the Defendant's clients until the time of their telephone or in-person interview. Likewise, temporary employees of the Defendant Workway, including Plaintiff Gunawan, are not allowed to communicate directly with the Defendant Workway's clients after the interview either. Once the interview was over, Defendant Workway obtained feedback from both the Plaintiff and the current or potential client, Auction.com. Auction.com informed the Defendant Workway that the Plaintiff was not a good fit, and that they would not be extending an offer. Defendant Workway then relayed their client's feedback to Plaintiff Gunawan.

39.   Plaintiff Gunawan and proposed KForce/Workway Class Members are informed and believe, and allege based thereon that Defendant KForce and Defendant Workway are both continuing to fail to pay their employees compensation for the wages they earned while interviewing with the Defendants' current and potential clients while subject to and under their control.

40.   During all, or a portion of the relevant Class Period, Plaintiff Canlas & Plaintiff Gunawan and the proposed AppleOne Class Members were all registered with the Defendant AppleOne, were required to sign new hire paperwork, and all interviewed at least once, either by telephone or in-person, on behalf of Defendant AppleOne, and were denied payment of at least minimum wage, in violation of California Labor Code §§ 201-203 & 1194(a).

41.   Plaintiff Canlas's employment with Defendant AppleOne officially commenced on October 12th, 2012, when, while subject to and under the control of Defendant AppleOne, he conducted a one-half hour telephone interview with Defendant AppleOne's then current or potential client, First American Title. Defendant AppleOne, as a policy and practice,

controlled all aspects of the interview process. After receiving Plaintiff Canlas's resume, but prior to submitting it to First American Title, Defendant AppleOne made several modifications in order to tailor it to their client First American's specific employment needs. Defendant AppleOne then removed Plaintiff Canlas's personal information and replaced it with Defendant AppleOne's corporate logo and contact information, ensuring that the Client could not directly contact Plaintiff Canlas until the phone interview had been arranged and scheduled through Defendant AppleOne.

42. Prior to the phone interview scheduled by Defendant AppleOne, Plaintiff Canlas was coached by the Defendant on how to conduct himself during the interview, in order to maximize the Defendant's chance of making a placement at First American Title. Defendant AppleOne also instructed Plaintiff Canlas to go online and research the company as best that he could, and to try to think of a few good questions to ask about the position. Plaintiff Canlas followed all of the Defendant's instructions prior to and during the interview. Once the interview was completed, Defendant AppleOne obtained feedback from the client, who informed them that they did in fact want Plaintiff Canlas for the assignment and that they wanted him to start on October 12th, 2012. Defendant AppleOne then relayed the information to Plaintiff Canlas. Plaintiff Canlas started work with First American on October 12th, 2013 and remained on the assignment until the middle of February, 2013. As of the date of the filing of this Complaint, the Defendant AppleOne has still not paid at least the minimum wage to Plaintiff Canlas for the one-half hour he spent interviewing with First American Title, subject to and under the control of Defendant AppleOne.

43. Plaintiff Gunawan's employment with Defendant AppleOne officially commenced on October 17th, 2012, when, while subject to and under the control of Defendant AppleOne, she conducted an in-person, one hour interview with Defendant AppleOne's then current or potential client, Lender Servicing Inc. (LSI) Defendant AppleOne, as a policy and practice, controlled all aspects of the interview process. After receiving Plaintiff Gunawan's resume, but prior to submitting it to LSI, Defendant AppleOne made several modifications in order to tailor it to LSI's specific employment needs. Defendant AppleOne then removed Plaintiff

Gunawan's personal information and replaced it with Defendant AppleOne's corporate logo and contact information, ensuring that the Client could not directly contact Plaintiff Gunawan until the time of her interview that had been arranged and scheduled through Defendant AppleOne.

44.   Prior to the interview with LSI scheduled by Defendant AppleOne, Plaintiff Gunawan was coached by the Defendant on how to conduct herself during the interview, in order to maximize the Defendant's chance of making a placement at LSI.  Plaintiff Gunawan followed all of the Defendant's instructions prior to and during the interview.  Once the interview was completed, Defendant AppleOne obtained feedback from the client, who informed the Defendant AppleOne that they did not want the Plaintiff for the assignment. As of the date of the filing of this Complaint, the Defendant AppleOne has still not paid at least the minimum wage to Plaintiff Gunawan for the one hour she spent interviewing with LSI, subject to and under the control of Defendant AppleOne.

45.   Plaintiff Canlas, Plaintiff Gunawan and proposed AppleOne Class Members are informed and believe, and allege based thereon that Defendant AppleOne is continuing to fail to pay its employees compensation for the wages they earned while interviewing on Defendant's behalf.

## V.                                      CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**Failure to Pay Minimum Wages: Cal. Lab. Code §§ 1194, 1194.2, 1197 & 1197.1
(Against Defendants KForce, Workway and Does 1-100 and on Behalf of Plaintiff Gunawan
and Members of the KForce/Workway Unpaid Interview Wage Subclass; and Against
Defendants AppleOne and Does 1-100 and on Behalf of Plaintiff Gunawan and Plaintiff Canlas
and Members of the AppleOne Class;)**

46.   Plaintiffs Gunawan and Canlas re-allege paragraphs 1-45 as if fully alleged herein.

47.   Industrial Welfare Commission Wage Order 4-2001, § 4 and Cal. Lab. Code Section 1197 establishes the right of employees to be paid minimum wages for their work, in amounts set by state law. Cal. Lab. Code §§ 1194(a) and 1194.2(a) provide that an employee who has not been paid the legal minimum wage as required by Cal. Lab. Code § 1197 may recover the

[FIRST AMENDED] CLASS ACTION COMPLAINT FOR DAMAGES
CASE NO.: 30-2013-00657245-CU-OE-CXC

unpaid balance together with attorneys' fees and costs of suit, as well as liquidated damages in an amount equal to the wages unpaid and interest thereon.

48. By failing to pay Plaintiff Gunawan and proposed KForce/Workway Class members at least the minimum wage for the time they spent subject to and under the control of the Defendants KForce and Workway while interviewing with their respective clients, the Defendants KForce and Workway are in violation of Cal. Lab. Code §§ 1194 & 1197.

49. By failing to pay Plaintiff Canalas, Plaintiff Gunawan and proposed AppleOne Class Members at least the minimum wage for the time they spent subject to and under the control of Defendant AppleOne while interviewing with its current or potential clients, Defendant AppleOne is in violation of Cal. Lab. Code §§ 1194 & 1197.

50. As a direct and proximate result of Defendants KForce and Workway, and Defendant AppleOne's conduct in violation of Cal. Lab. Code sections 1194 & 1197, the Plaintiffs Gunawan and Members of the KForce/Workway Class; and Plaintiff Canlas and Members of the AppleOne Class, have suffered, and continue to suffer, losses related to the use and enjoyment of wages and lost interest on such wages all to their detriment, and therefore seek all available remedies, in amounts of which to be shown at trial, according to proof.

51. Pursuant to Cal. Lab. Code section 1194(a), Plaintiffs Gunawan and Canlas seek attorneys' fees and costs of suit, as well as prejudgment interest, according to proof.

### SECOND CAUSE OF ACTION
**Failure to Provide Accurate Wage Statements: Cal. Lab. Code 226 et. seq.**
**(Against Defendants KForce, Workway and Does 1-100 and on Behalf of Plaintiff Gunawan and Members of the KForce/Workway Class; and Against Defendants AppleOne and Does 1-100 and on Behalf of Plaintiff Gunawan and Plaintiff Canlas and Members of the AppleOne Class)**

52. Plaintiffs Gunawan and Canlas re-allege paragraphs 1-51 as if fully alleged herein.

53. Cal. Lab. Code section 226(a) provides: "Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid

---

13

[FIRST AMENDED] CLASS ACTION COMPLAINT FOR DAMAGES.
CASE NO.: 30-2013-00657245-CU-OE-CXC

by personal check or cash; an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment..." (Lab. Code § 226(a)).

54.    Defendants KForce and Workway failed to provide Plaintiff Gunawan and Members of the KForce/Workway Class with accurate wage statements for all hours worked, as required by Cal. Lab. Code § 226(a).

55.    Defendant AppleOne failed to provide Plaintiff Canlas, Plaintiff Gunawan and Members of the AppleOne Class with accurate wage statements for all hours worked, as required by Cal. Lab. Code § 226(a).

[FIRST AMENDED] CLASS ACTION COMPLAINT FOR DAMAGES
CASE NO.: 30-2013-00657245-CU-OE-CXC

56. Plaintiff Gunawan and Members of the KForce/Workway Class; and Plaintiff Canlas and Members of the AppleOne Class were entitled to payment of all interview wages and receipt of accurate wage statements no later than one week after the end of the week in which the wage was earned.

57. As of the date of the filing of this complaint, Plaintiff Gunawan has not been provided with accurate wage statements compliant with Cal. Lab. Code §226(a) for the wages she earned while interviewing with LSI on behalf of Defendant AppleOne, while interviewing with Auction.com on behalf of Defendant Workway, for the wages she earned while interviewing and working for TFG on behalf of Defendant KForce or for the wages she earned during her last week of employment with Defendants KForce and TRG.

58. The wage statements that Defendant KForce provides to their employees, including those provided to Plaintiff Gunawan, utterly fail to meet the requirements of Cal. Lab. Code § 226(a). The wage statements issued by Defendant KForce do not accurately represent the employees net wages earned as required by §226(a)(5)). On Plaintiff Gunawan's final wage statement, her net pay for her final week is indicated as "0.00", even though she earned $310.86, after taxes. Likewise, Plaintiff Gunawan's wage statement states that her net pay for the year is "8353.02", which is exactly $310.86 less than what she actually earned. A true and correct copy of Plaintiff Gunawan's final wage statement is attached to this Complaint as Exhibit "B"; and the notice pertaining to Plaintiff Gunawan's termination is attached to this Complaint as Exhibit "C".

59. The wage statements issued by Defendant KForce do not state the inclusive dates of the period for which the employees were paid, as required by §226(a)(6)). Plaintiff Gunawan's final wage statement merely provides that it was for the Period Ending: 10/14/2012, and that the check

1    was dated 10/19/2012. However, Defendant KForce's wage statements do not state which

2    day the pay period began.

3
     60.   The wage statements issued by Defendant KForce do not state their employees "last four digits of
4
     his or her social security number or an employee identification number other than a social security
5
     number, as required by §226(a)(7).
6

7    61.   The wage statements issued by Defendant KForce do not provide the "name and address of the

8    legal entity that is the employer as required by §226(a)(8). While Defendant KForce's wage

9    statements provides the address of Defendant KForce, they do not provide the name and

10   address of the employer to which their employees are assigned. Plaintiff Gunawan's wage

11   statements do not mention the name or address of TRG at all.
12

13   62.   Finally, as a temporary service employer as defined by Section 201.3, Defendant KForce was

14   required to provide wage statements to their employees that indicate the rate of pay and the

15   total hours worked for each temporary services assignment…" (Lab. Code § 226(a)).
16
     However, Defendant KForce's wages statements do not provide the requisite information
17
     pursuant to § 226(a)(9). Plaintiff Gunawan's final wage statement provides her regular rate of
18
     pay, the number of units/hrs for that pay period, the amount earned during the pay period, and
19
20   the YTD earnings at the employees regular pay rate. Although the wage statements state the

21   employee's YTD OT earnings, they do not provide the employee's overtime rate of pay.
22
     Finally, Defendant KForce's wage statements do not separate the employees wages according
23

24   to each temporary assignment.
25
     63.   As of the date of the filing of this complaint, Plaintiff Canlas has not been provided with
26

27   accurate wages statements compliant with Cal. Lab. Code §226(a) for the wages he earned

28   while interviewing with First American Title on behalf of Defendant AppleOne.

[FIRST AMENDED] CLASS ACTION COMPLAINT FOR DAMAGES
CASE NO.: 30-2013-00657245-CU-OE-CXC

64.     Plaintiff Gunawan and Members of the KForce/Workway Class; and Plaintiff Canlas and Members of the AppleOne Class have all suffered injury as defined in Cal. Lab. Code 226(e)(2)(B)(i), which provides: An employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide accurate and complete information as required by any one or more of items (1) to (9), inclusive, of subdivision (a) and the employee cannot promptly and easily determine from the wage statement alone one or more of the following: (i) The amount of the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6), and (9) of subdivision (a).

65.     Pursuant to Cal. Lab. Code section 226(e), Plaintiff Gunawan and Members of the KForce/Workway Class, and Plaintiff Canlas and Members of the AppleOne Class are entitled to and seek penalties as follows:

        a. Fifty dollars ($50.00) per employee for the initial pay period in which a violation occurs; and

        b. One hundred dollars ($100.00) per employee for each violation in a subsequent pay period, not to exceed $4000.00

66.     Pursuant to Cal. Lab. Code section 226(g), Plaintiffs Gunawan and Canlas are entitled to injunctive relief to ensure Defendants KForce's and Workway's, and Defendant Appelone's, respectively, compliance with Cal. Lab. Code section 226.

67.     Plaintiffs are also entitled to and seek reasonable attorney's fees and costs as provided for in Cal. Lab. Code §226(h), as well as prejudgment interest, according to proof.

///

17

# THIRD CAUSE OF ACTION

## Violations of Cal. Lab. Code §§ 212, 213, 221 & 223

### (Against Defendants KForce on Behalf of Plaintiff Gunawan and Members of the KForce Subclass)

68.  Plaintiff Gunawan realleges and incorporates by reference paragraphs 1-67 as if fully alleged herein.

69.  After being terminated, but prior to receiving her last paycheck, Defendant KForce informed Plaintiff Gunawan that her last paycheck would be issued via a debit card. Defendant KForce never attempted to obtain consent from Plaintiff Gunawan, nor did they consult her as to which financial institution would be issuing the debit card.

70.  Plaintiff Gunawan protested her last check being issued via debit card, as she did not want another hassle to deal with. Plaintiff Gunawan specifically told Defendant KForce that she did not want payment via debit card, and she demanded that she be paid by check. However, Defendant KForce told Plaintiff Gunawan that payment by debit card was her only option.

71.  Plaintiff Gunawan had a difficult time understanding why she was forced to accept her last paycheck in this manner, and she is informed and believes that she incurred fees while attempting to access her money.

72.  Cal. Lab. Code § 212 provides:

> "(a)No person, or agent or officer thereof, shall issue in payment of wages due, or to become due, or as an advance on wages to be earned:
>
> 1) Any order, check, draft, note, memorandum, or other acknowledgment of indebtedness, unless it is negotiable and payable in cash, on demand, without discount, at some

established place of business in the state, the name and address of which must appear on the instrument, and at the time of its issuance and for a reasonable time thereafter, which must be at least 30 days, the maker or drawer has sufficient funds in, or credit, arrangement, or understanding with the drawee for its payment."

73.     Cal. Lab. Code § 213 provides that nothing in § 212 shall:

"Prohibit an employer from depositing wages due or to become due or an advance on wages to be earned in an account in any bank, savings and loan association, or credit union *of the employee's choice* with a place of business located in this state, *provided that the employee has voluntarily authorized that deposit*.  If an employer discharges an employee or the employee quits, the employer may pay the wages earned and unpaid at the time the employee is discharged or quits *by making a deposit authorized pursuant to this subdivision*, provided that the employer complies with the provisions of this article relating to the payment of wages upon termination or quitting of employment."

(Cal. Lab. Code § 213(d)).

74.     Plaintiff Gunawan's last paystub provides no indication of which financial institution issued the debit card.  Furthermore, according to Plaintiff Gunawan's wage statement, Plaintiff Gunawan was not even paid for any of the wages that she earned during her last week at TRG. According to the wage statement, the last payment that defendant KForce made was considered "Other Benefits", and her net pay for her last week was "0.00".

75.     Plaintiff is informed and believes, and based thereon alleges that Defendant KForce is perpetuating an scheme where they unlawfully deduct from their employees' paychecks an amount equal to what their net pay should have been, and disguises the payment as an employer provided benefit.  Plaintiff's is informed and believes that Defendant KForce

1    implemented this scheme in order to retain for themselves a financial benefit, at the expense

2    of their employees.

3

4    76.    Defendant KForce's unlawful payroll scheme is in violation of Cal. Lab. Code § 223.  Cal.

5    Lab. Code 223 provides:

6

7           "Where any statute or contract requires an employer
            to maintain the designated wage scale, it shall be
8           unlawful to secretly pay a lower wage while purporting
            to pay the wage designated by statute or by contract."
9

10   (Cal. Lab. Code § 223).  Here, Defendant KForce is deducting federal and state withholdings

11   based upon their employees' gross wages earned for the pay period.  However, prior to paying

12

13   their employees, they unlawfully deduct the employees' remaining wages after state and

14   federal withholdings and then deposits the money into the employees' "Flex Pay Card".  The

15   employer then treats the payment of wages to the employee as if they were employer provided

16

17   benefits.

18

19   77.    Plaintiff is informed and believes, and based thereon alleges, the Defendant KForce has

20   implemented their unlawful payroll scheme in order to avoid having to make federal and state

21   contributions.  According to Defendant Gunawan's wage statement for the pay period ending

22   on October 14th, 2012, the $310.86 which was deducted from her wages and applied to "Other

23   Benefits" was "*Excluded from Taxable Wages".  However, the $310.86 was what was

24

25   remaining after her wages were already taxed.

26

27   78.    Although the exact nature of the fraud being perpetuated by Defendant KForce is unclear at

28   this point, it is clear that Defendant KForce is, by fraudulently paying its employees their

                                                    20

wages disguised as "Other Benefits", "secretly pay[ing] a lower wage while purporting to pay

the wage designated by statute or by contract", in violation of Cal. Lab. Code § 223.

79.   As a direct and foreseeable result of Defendant KForce's unlawful payroll scheme, Plaintiff

Gunawan and members of the "Unlawful Payroll Scheme" Subclass have suffered financial

harm, the amount of which will be shown at trial, according to proof.

80.   Plaintiff Gunawan and Unlawful Payroll Scheme Subclass Members are entitled to full

restitution of all wages that Defendant KForce unlawfully deducted from their paychecks.

Further, pursuant to Cal. Lab. Code §221: It shall be unlawful for any employer to collect or

receive from an employee any part of wages theretofore paid by said employee to said

employee." Thus, Defendant KForce is not allowed to substitute any benefits already paid to

their employees as payment of their earned wages.

81.   Defendants' unlawful payroll scheme was done intentionally, in a malicious, oppressive

manner, entitling plaintiff and Unlawful Payroll Scheme Subclass Member's to punitive

damages.

82.   Plaintiff Gunawan and Unlawful Payroll Scheme Subclass Members are also entitled to

waiting time penalties as provided in the Fourth Cause of Action.

83.   Plaintiff is also entitled to and requests costs of bringing this action, as well as reasonable

attorneys' fees and lawful interest, as provided for Cal. Lab. Code §§ 218.5 & 218.6.

//

//

[FIRST AMENDED] CLASS ACTION COMPLAINT FOR DAMAGES
CASE NO.: 30-2013-00657245-CU-OE-CXC

## FOURTH CAUSE OF ACTION

### Waiting Time Penalties: Cal. Lab. Code §§ 201-203

**(Against Defendants KForce, Workway and Does 1-100 and on Behalf of Plaintiff Gunawan and Members of the KForce/Workway Class; and Against Defendants AppleOne and Does 1-100 and on Behalf of Plaintiff Gunawan and Plaintiff Canlas and Members of the AppleOne Class)**

84. Plaintiffs Gunawan and Canlas re-allege paragraphs 1-83 as if fully alleged herein.

85. Pursuant to Cal. Lab. Code Section 201(a): "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately". Cal. Lab. Code Section 201.3(b) clarifies that "...if an employee of a temporary services employer is assigned to work for a client, that employee's wages are due and payable no less frequently than weekly, regardless of when the assignment ends, and wages for work performed during any calendar week shall be due and payable not later than the regular payday of the following calendar week. A temporary services employer shall be deemed to have timely paid wages upon completion of an assignment if wages are paid in compliance with this subdivision."

86. Defendants KForce and Workway have intentionally and systematically failed to pay Plaintiff Gunawan and KForce/Workway Class Members who voluntarily or involuntarily ended their employment with Defendant KForce or Defendant Workway during the relevant Class Period all wages earned pursuant to Cal. Lab. Code § 201.3.

87. Defendant AppleOne has intentionally and systematically failed to pay Plaintiff Gunawan, Plaintiff Canlas and AppleOne Class Members who voluntarily or involuntarily ended their employment with Defendant AppleOne during the relevant Class Period all wages earned pursuant to Cal. Lab. Code § 201.3.

---

22

88. As of the date of the filing of this Complaint, Plaintiff Gunawan and KForce/Workway Class Members have still not been paid for her wages earned while interviewing on behalf of Defendants KForce or Workway.

89. Plaintiff Gunawan's final wage statement indicates that her net pay for the year as of October 14, 2012, was $8353.02. This is exactly $310.86 less than what her net pay for the year actually was. Defendant KForce's Unlawful Payroll Scheme has resulted in the underpayment of their employees' wages, as well as Defendant KForce failing to pay all of their discharged employees in accordance with Cal. Lab. Code §§ 201-203.

90. As of the date of the filing of this complaint, Plaintiff Gunawan, Plaintiff Canlas and AppleOne Class Members have still not been paid for their wages earned while interviewing on behalf of Defendant AppleOne.

91. Plaintiffs are informed and believe, and allege based thereon that Defendants, and each of them, were all aware that California law requires the payment of wages for all work suffered to be performed which is subject to and under the control of the employer, including the time spent interviewing as described herein and, as such, should be precluded from avoiding liability based upon a good faith dispute defense.

92. Plaintiff Gunawan and Members of the KForce/Workway Class, and Plaintiff Gunawan, Plaintiff Canlas and Members of the AppleOne Class are entitled to and seek penalties provided by Cal. Lab. Code Section 203, which provides: "If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 202, and 205.5, *any* wages of an employee who is discharged or who quits, the wages of the employee

[FIRST AMENDED] CLASS ACTION COMPLAINT FOR DAMAGES
CASE NO.: 30-2013-00657245-CU-OE-CXC

1    shall continue as a penalty from the due date thereof at the same rate until paid or until an

2    action therefor is commenced; but the wages shall not continue for more than 30 days."

3
     93.   Plaintiffs Gunawan and Canlas are also entitled to and seek reasonable attorney's fees and
4

5          costs of this action pursuant to Cal. Lab. Code §218.5, as well as prejudgment interest

6          pursuant to Cal. Lab. Code §218.6, according to proof, as well as any statutory penalties

7          under the Cal. Lab. Code.

8
                                  **FIFTH CAUSE OF ACTION**
9
     **Unfair Competition in Violation of Business and Professions Code §§ 17200 et. seq.**
10   **(Against Defendants KForce, Workway and Does 1-100 and on Behalf of Plaintiff Gunawan**
     **and Members of the KForce/Workway Class; and Against Defendants AppleOne and Does**
11   **1-100 and on Behalf of Plaintiff Gunawan and Plaintiff Canlas and Members of the AppleOne**
                                            **Class)**
12

13   94.   Plaintiffs Gunawan and Canlas re-allege paragraphs 1-93 as if fully alleged herein.
14
     95.   The foregoing conduct, as alleged, violates the California Unfair Competition Law ("UCL"),
15
           Cal. Bus. & Prof. Code §§ 17200 et seq.  Section 17200 of the Cal. Bus. & Prof. Code
16
           prohibits unfair competition by prohibiting, inter alia, any unlawful, fraudulent or unfair
17

18         business acts or practices.

19
     96.   Beginning at a date unknown to the Plaintiff, but at least as long ago as four years before the
20
           filing of this action, Defendants KForce, TRG, Workway & AppleOne have all committed,
21

22         and continues to commit, acts of unfair competition, as defined by the UCL, by, among other

23         things, engaging in the acts and practices described herein. Defendant's conduct as herein

24         alleged has injured the Plaintiffs and Members of the Classes by wrongfully denying them

25
           payment of earned wages, and therefore was substantially injurious to the Plaintiffs and
26
           Members of the Classes.
27

28
                                              24

97. Defendants engaged in unfair competition in violation of the UCL by violating, inter alia, each of the following laws. Violations of each of these laws constitutes an independent and separate violation of the UCL:

    a. Failure to pay a minimum wage in violation of Cal. Lab. Code § 1194;
    b. Failure to pay employees in accordance with Cal. Lab. Code § 212;
    c. Failure to pay employees in accordance with Cal. Lab. Code § 213;
    d. Failure to pay employees in accordance with Cal. Lab. Code § 221;
    e. Failure to pay employees in accordance with Cal. Lab. Code § 223;
    f. Failure to pay discharged employees all wages earned in violation of Cal. Lab. Code §§ 201-203; and
    g. Failure to provide accurate wage statements in violation of Cal. Lab. Code §§ 226(a).

98. Defendant's course of conduct, acts, and practices in violation of the California laws mentioned in the above paragraph constitute a separate and independent violation of the UCL. Defendants' conduct described herein violates the policy or spirit of such laws or otherwise significantly threatens or harms competition.

99. The unlawful and unfair business practices and acts of the Defendants, and each of them, described above, have injured the Plaintiffs and proposed KForce/Workway and AppleOne Class Members in that they were wrongfully denied the payment of wages.

100. The Plaintiff seeks injunctive relief, pursuant to Business and Professions Code section 17203, ordering the Defendant and Defendant's successors, agents, representatives, employees and all persons acting in concert with the Defendants, refrain from engaging the unlawful, unfair and fraudulent business acts as described herein.

101. The Plaintiffs, on behalf of themselves and Members of the Classes, seek full restitution in the amount of the respective unpaid wages, for the entire span of the Class Period of four years prior to the filing of this complaint through the date set for trial.

102. The Plaintiffs also seek recovery of attorneys' fees and costs of this action, as well as prejudgment interest, according to proof, to be paid by Defendants as provided by the UCL & Cal. Lab. Code §§ 218.5, 218.6 & 1194(a).

103. By successfully bringing this action, the Plaintiff has bestowed upon the public a great benefit, and as such is entitled to reasonable attorney's fees as provided under California Code of Civil Procedure section 1021.5.

### SIXTH CAUSE OF ACTION
#### Civil Penalties Pursuant To The Private Attorney Generals Act
#### (Against Defendants AppleOne, KForce & Workway, And On Behalf of Plaintiffs)

*(Plaintiffs sent statutory notices pursuant to PAGA via certified mail to Defendants Howroyd-Wright and KForce on June 17th, 2013 and to Defendant Workway on June 17th, 2013. True and correct copies of the notices are attached to this complaint as Exhibit "A". Plaintiffs will amend this complaint after the expiration of 33 days in order to add causes of action pursuant to PAGA)*

**VI.**                    **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs pray for judgment against the Defendants as follows:

104. That the Court issue an Order pursuant to Code of Civil Procedure §382 certifying the Classes and Subclasses proposed herein; appointing Plaintiff Gunawan as the representative of all others similarly situated in the KForce/Workway Class and Subclasses; appointing Plaintiff Canlas as the representative of all others similarly situated in the AppleOne Class; and appointing attorneys Brett Szmanda and John Rarick as the named Class Counsel for the members of the Classes.

#### As to the First and Third Causes of Action

105. For restitution of wages by Defendants and/or disgorgement of unpaid wages, the amount of which will be shown at trial, according to proof;

106. For liquidated damages pursuant to Cal. Lab. Code §1194.2 & 1197.1, in an amount equal to the unpaid wages, and interest, according to proof at trial;

107. For interest as authorized by Cal. Lab. Code §§ 218.6 and 1194(a), according to proof; and

108. For an award of reasonable attorneys' fees and costs as provided for in Cal. Lab. Code § 1194 (a) and §218.5;

[FIRST AMENDED] CLASS ACTION COMPLAINT FOR DAMAGES
CASE NO.: 30-2013-00657245-CU-OE-CXC

### As to the Second Cause of Action

109.. For penalties as authorized by Cal. Lab. Code § 226(e);

110. For injunctive relief to ensure all Defendants' compliance with Cal. Lab. Code § 226 pursuant to Cal. Lab. Code § 226(g); and

111. For an award of costs, reasonable attorneys' fees and prejudgment interest pursuant to Cal. Lab. Code §226(h), the amount of which will be shown at the time of trial, according to proof.

### As to the Fourth Cause of Action

112. Waiting time penalties pursuant to Cal. Lab. Code § 203, according to proof;

113. For reasonable attorneys' fees and costs incurred as permitted by statute; and

114. For interest as authorized by the Cal. Lab. Code.

### As to the Fifth Cause of Action

115. Pursuant to Business and Professions Code section 17203, that Defendants KForce and Workway make full restitution to Plaintiff Gunawan and KForce/Workway Class Members; and that Defendant AppleOne make full restitution to Plaintiff Canlas and AppleOne Class Members for the amounts unlawfully withheld during the Class Period of June 17th, 2009 up through the date of trial set herein, and to restore all monies owing the said employees acquired by all Defendants as a result of the violations of Business and Professions Code section 17200 et seq. alleged in this complaint; the amount of which will be shown at trial, according to proof;

116. Pursuant to Business and Professions Code section 17203, that all Defendants, their successors, agents, representatives, employees and all persons acting in concert with

---

27

1   defendants be enjoined from committing acts of unfair competition as alleged in this

2   complaint;

3   117.   Pursuant to Business and Professions Code section 17206, that the Court assess a civil penalty

4

5   of two thousand five hundred dollars ($2,500) against all Defendants, and each of them, for

6   each violation of Unfair Competition, as shown at trial; according to proof.

7   118.   For an award of reasonable attorneys' fees and costs of this action, and interest, according to

8   proof, pursuant to Business and Professions Code § 17200 et seq. and Cal. Lab. Code § 218.5

9   & Cal. Lab. Code 1194(a); and Cal. Code of Civ. Proc. § 1021.5.

10

11   119.   For an award of costs of this action and interest, according to proof.

12   <u>**As to All Causes of Action**</u>

13   120.   For costs of bringing this suit;

14

15   121.   Any other relief this court deems appropriate.

16   Dated: June 27th, 2013                    Respectfully submitted,

17
                                              /bszmanda/
18                                            Brett Szmanda Esq.

19                                            /jrrarick/
20                                            John Rarick, Esq.

21

22                          Attorneys for Plaintiffs Liza Gunawan & Danny Canlas

23

24

25

26

27

28

---

28.

# EXHIBIT "A"

Brett Szmanda Esq.
401 8th Street Suite C
Huntington Beach, CA 92648
Tel.: (818)291-3790 · Fax: (949)553-7732
[ e-mail: Bszmanda@gmail.com ]

June 17th, 2013

VIA CERTIFIED MAIL

California Labor & WorKForce Development Agency ("Agency")800 Capitol Mall, MIC-55
Sacramento, CA 95814

Re:   Notice to pursue civil penalties through civil action under the Private Attorney General Act.

Pursuant to the Labor Code Private Attorneys General Act of 2004, California Labor Code §
2698 et. seq. ("PAGA"), Liza Gunawan (the "Aggrieved Employee" or "AE"),  through her legal
representatives, alleges and hereby give notice to the California Labor & WorKForce Development
Agency ("Agency") of the alleged Labor Code violations and the facts and theories that support the
alleged code violations committed by  the employer KForce, Inc. (the "Employer")

This action arises out of harm suffered by the AE, and the public as a whole, caused by  the
Employer's intentional and systematic disregard of California's Wage and Hour Laws, as codified in the
California Labor Code and the Industrial Welfare Commission's Wage Orders.  The AE has  suffered
harm as a result of Employers' intentional failure to  to pay lawful minimum wages; to pay all wages on
time and provide accurate wage statements as proscribed by law;  and numerous other violations of the
provisions of the Labor Code and Wage Orders pertaining to mandatory working conditions.

The AE's employment with KForce for the purpose of this complaint officially commenced
on or around June 15th,  2012, when, while subject to and under the control of the employer, she
conducted an in-person interview that lasted well over one hour with  the employer's then current or
potential client, Title Resource Group ("TRG"). The Employer, as a policy and practice, controlled all
aspects of the interview process.  After receiving the AE's resume, but prior to submitting it to TRG,
the Employer made several modifications in order to tailor it to their client TRG's specific
employment needs.  The employer then removed the AE's personal information and replaced it with
their corporate logo and contact information, ensuring that the Client could not directly contact the
AE until the time that the interview had been arranged and scheduled through the Employer.

Prior to the in person interview scheduled by the employer, the AE was coached by the
Employer on how to conduct herself during the interview, in order to maximize the Employers
chance of making a placement at TRG.  The Employer also instructed the AE to go online and
research the Client as best that she could, and to try to think of a few good questions to ask about the
position.  The AE followed all of the Employer's instructions prior to and during the interview.  Once

1   the interview was completed, the Employer obtained feedback from the Client, who informed the
2   Employer they did in fact want the AE for the assignment. The Employer then handled the
3   negotiation of the AEs rate of pay, and decided with the Client that the AE would start on or around
    June 18th, 2012. The Employer then relayed the information to the AE.
4       The AE started work with TRG on or around June 18th, 2013 and remained on the assignment
5   until on or around October 10th, 2012. Because the AE earned her interview wages on June 11th, 2012,
6   the Employer was obligated to pay the AE her earned wages in the payperiod following the week in
    which the wages were earned. Pursuant to Labor Code 201.3. Thus, the Employer's failure to pay
7   the AE her interview wage occurred on June 22nd, 2012. As of the date of the filing of this
8   Complaint, the Employer has still not paid at least the minimum wage to the AE for the one hour he
9   spent interviewing with TRG, subject to and under the Employer's control. By failing to pay the AE
    at least the minimum wage for the time he suffered or was permitted to work subject to and under the
10  control of the Employer while interviewing with its current or potential client, TRG, the Employer is
11  in violation of Cal. Lab. Code §§ 1194 & 1197.
12      Failing to pay the AE at least the minimum wage has also lead to the Employer providing the
    AE with inaccurate wage statements. As of the date of the filing of this complaint, the AE has not
13  been provided with accurate wages statements compliant with Cal. Lab. Code §226(a) for the wages
14  he earned while interviewing with First American Title on behalf of Defendant AppleOne.
15      The AE's employment with the Employer was terminated on or around October 10th, 2012.
    This occurred after the AE requested from her supervisor that she be allowed to perform the work
16  requested of her in a slightly different way than the way TRG instructed her to. The AE is over the
17  age of 60 and found TRGs methods to be more strenuous for her to handle than the methods upon
    which she relied during the majority of her career. Rather than addressing the AEs concerns
18  pertaining to her limitations brought upon her by her age, the AE's supervisor stated something
19  substantially similar to "Oh, you don't like the way we do things around here? Ok...), and then just
    walked away from the AE.
20      After the AE finished work for the day, she received a call from the Employer, KForce, stating
21  that she was no longer needed at TRG, and that her assignment had been terminated. The Employer
22  told the AE that she was not terminated for cause, and that her unemployment would be granted,
    should she apply. However, when she applied for unemployment, she was denied due to the
23  Employer reporting that she had been fired for cause. Having to navigate through the complicagted
24  EDD Appeal process of extremely difficult for the AE, and has caused her a significant amount of
25  stress.
26      The Employers conduct also constitutes a willful withholding of wages due to discharged
    employees in violation of Labor code 203. The Employer's intentional and systematic failure to pay
27  the AE and other similarly situated employees of the Employer who voluntarily or involuntarily
28

ended their employment during the relevant Class Period all wages earned pursuant to Cal. Lab. Code § 201.3 entitles the AE to waiting time civil penalties as provided for in the Labor Code.

Liza Gunawan will pursue violations under California Labor Code §2698 et. seq., on behalf of himself and as representatives of the people of the State of California, and will seek any and all penalties otherwise capable of being collected by the Labor Commission and/or the Department of Labor Standards Enforcement (DLSE). This includes the penalty provisions provided in Labor Code § 2699(a) and § 2699(f), as well as any of the applicable statutes as is set forth in Labor Code Section 2699.5. and includes the penalty provisions, without limitation, based on the following sections: 201, 201.3, 201.5, 201.7, 202, 203, 203.1, 203.5, 204, 204a, 204b, 204.1, 204.2, 205, 205.5, 206, 206.5, 208, 209, and 212, subdivision (d) of Section 213. Sections 221, 222, 222.5, 223, and 224, subdivision (a) of Section 226, Sections 226.3, 226.7, 227, 227.3, 230, 230.1, 230.2, 230.3, 230.4, 230.7, 230.8, and 231, subdivision (c) of Section 232, subdivision (c) of Section 232.5, and Labor Code sections 233, 510, 511, 512, 513, 558 & 1102.5., should the Agency not notify the AE through its legal representative according to California Labor Code §2698.3.


Kind regards,



Brett Szmanda Esq.
CA State Bar #288688
Attorney for AE
818-291-3790
Bszmanda@gmail.com


June 17th, 2013


cc

KForce, Inc.
1001 E Palm Ave.
Tampa Florida. 33605.

**Brett Szmanda Esq.**
**401 8th Street Suite C**
**Huntington Beach, CA 92648**
**Tel.: (818)291-3790 · Fax: (949)553-7732**
**| e-mail: Bszmanda@gmail.com |**

**June 17th, 2013**

**VIA CERTIFIED MAIL**

California Labor & WorKForce Development Agency ("Agency")800 Capitol Mall, MIC-55 Sacramento, CA 95814

Re:   Notice to pursue civil penalties through civil action under the Private Attorney General Act.

Pursuant to the Labor Code Private Attorneys General Act of 2004, California Labor Code § 2698 et. seq. ("PAGA"), Danny Canlas (the "Aggrieved Employee" or "AE"),  through his legal representatives, alleges and hereby give notice to the California Labor & WorKForce Development Agency ("Agency") of the alleged Labor Code violations and the facts and theories that support the alleged code violations committed by  the HOWROYD-WRIGHT EMPLOYMENT AGENCY, INC., D/B/A APPLEONE EMPLOYMENT SERVICES., (the "Employer").

This action arises out of harm suffered by the AE, and the public as a whole, caused by  the Employers' intentional and systematic disregard of California's Wage and Hour Laws, as codified in the California Labor Code and the Industrial Welfare Commission's Wage Orders.  The AE has  suffered harm as a result of Employers' intentional failure to   to pay lawful minimum wages; to pay all wages on time and provide accurate wage statements as proscribed by law;  and numerous other violations of the provisions of the Labor Code and Wage Orders pertaining to mandatory working conditions.

The AE's employment with AppleOne for the purpose of this complaint officially commenced on October 12th, 2012, when, while subject to and under the control of the employer, he conducted a one-half hour telephone interview with  the employer's then current or potential client, First American Title. The Employer, as a policy and practice, controlled all aspects of the interview process.  After receiving the AE's resume, but prior to submitting it to First American Title, the Employer made several modifications in order to tailor it to their client First American's specific employment needs.  The employer then removed the AE's personal information and replaced it with their own corporate logo and contact information, ensuring that the Client could not directly contact

1   the AE until the time that the phone interview had been arranged and scheduled through Defendant

2   AppleOne.

3          Prior to the phone interview scheduled by the employer, the AE was coached by the Employer
on how to conduct himself during the interview, in order to maximize the Employers chance of

4   making a placement at First American Title. The Employer also instructed the AE to go online and

5   research the Client as best that he could, and to try to think of a few good questions to ask about the
position. The AE followed all of the Employer's instructions prior to and during the interview. Once

6   the interview was completed, the Employer obtained feedback from the Client, who informed the

7   Employer they did in fact want the AE for the assignment. The Employer then handled the
negotiation of the AEs rate of pay, and decided that the AE would start on October 12th, 2012. The

8   Employer then relayed the information to the AE.

9          The AE started work with First American on October 12th, 2013 and remained on the

10  assignment until the middle of February, 2013. As of the date of the filing of this Complaint, the

11  Employer has still not paid at least the minimum wage to the AE for the one-half hour he spent
interviewing with First American Title, subject to and under the Employer's control. By failing to

12  pay the AE at least the minimum wage for the time he suffered or was permitted to work subject to

13  and under the control of the Employer while interviewing with its current or potential client, First

14  American Title, the Employer is in violation of Cal. Lab. Code §§ 1194 & 1197.

15         Failing to pay the AE at least the minimum wage has also lead to the Employer providing the
AE with inaccurate wage statements. As of the date of the filing of this complaint, the AE has not

16  been provided with accurate wages statements compliant with Cal. Lab. Code §226(a) for the wages

17  he earned while interviewing with First American Title on behalf of Defendant AppleOne.

        The Employers conduct also constitutes a willful withholding of wages due to discharged

18  employees in violation of Labor code 203. The Employer's intentional and systematic failure to pay

19  the AE and other similarly situated employees of the Employer who voluntarily or involuntarily
ended their employment during the relevant Class Period all wages earned pursuant to Cal. Lab. Code

20  § 201.3 entitles the AE to waiting time civil penalties as provided for in the Labor Code.

21         Danny Canlas will pursue violations under California Labor Code §2698 et. seq., on behalf of

22  himself and as representatives of the people of the State of California, and will seek any and all
penalties otherwise capable of being collected by the Labor Commission and/or the Department of

23  Labor Standards Enforcement (DLSE). This includes the penalty provisions provided in Labor Code

24  § 2699(a) and § 2699(f), as well as any of the applicable statutes as is set forth in Labor Code Section
2699.5. and includes the penalty provisions, without limitation, based on the following sections: 201,

25  201.3, 201.5, 201.7, 202, 203, 203.1, 203.5, 204, 204a, 204b, 204.1, 204.2, 205, 205.5, 206, 206.5,

26  208, 209, and 212, subdivision (d) of Section 213, Sections 221, 222, 222.5, 223, and 224,

27  subdivision (a) of Section 226, Sections 226.3, 226.7, 227, 227.3, 230, 230.1, 230.2, 230.3, 230.4,
230.7, 230.8, and 231, subdivision (c) of Section 232, subdivision (c) of Section 232.5, and Labor

28

1    Code sections 233, 510, 511, 512, 513, 558 & 1102.5., should the Agency not notify the AE through

2    its legal representative according to California Labor Code §2698.3.

3

4                        Kind regards,

5

6

7                        Brett Szmanda Esq.

8                        CA State Bar #288688

9                        Attorney for AE

                         818-291-3790

10                       Bszmanda@gmail.com

11

                       June 17th, 2013

12

13

14   cc

15   HOWROYD-WRIGHT EMPLOYMENT AGENCY,

16   INC., D/B/A APPLEONE EMPLOYMENT SERVICES

17   327 W Broadway,

18   Glendale California, 91204.

19

20

21

22

23

24

25

26

27

28

**Brett Szmanda Esq.**
**401 8th Street Suite C**
**Huntington Beach, CA 92648**
**TeL: (818)291-3790 · Fax: (949)553-7732**
**[ e-mail:Bszmanda@gmail.com ]**

**June 18th, 2013**

**VIA CERTIFIED MAIL**

California Labor & WorkForce Development Agency ("Agency")800 Capitol Mall, MIC-55
Sacramento, CA 95814

Ré:   Notice to pursue civil penalties through civil action under the Private Attorney General Act.

    Pursuant to the Labor Code Private Attorneys General Act of 2004, California Labor Code § 2698 et. seq. ("PAGA"), Liza Gunawan (the "Aggrieved Employee" or "AE"),  through her legal representatives, alleges and hereby give notice to the California Labor & WorkForce Development Agency ("Agency") of the alleged Labor Code violations and the facts and theories that support the alleged code violations committed by  the HOWROYD-WRIGHT EMPLOYMENT AGENCY, INC., D/B/A APPLEONE EMPLOYMENT SERVICES., (the "Employer").

    This action arises out of harm suffered by the AE, and the public as a whole, caused by  the Employers' intentional and systematic disregard of California's Wage and Hour Laws, as codified in the California Labor Code and the Industrial Welfare Commission's Wage Orders. The AE has  suffered harm as a result of Employers' intentional failure to  pay lawful minimum wages; to pay all wages on time and provide accurate wage statements as proscribed by law;  and numerous other violations of the provisions of the Labor Code and Wage Orders pertaining to mandatory working conditions.

    The AE's employment with AppleOne for the purpose of this complaint officially commenced on October 17th, 2012, when, while subject to and under the control of the employer, she conducted an in-person, one hour interview with  the employer's then current or potential client, Lender Servicing Inc. (LSI). The Employer, as a policy and practice, controlled all aspects of the interview process.  After receiving the AE's resume, but prior to submitting it to LSI, the Employer made several modifications in order to tailor it to their client's specific employment needs.. The employer

1  then removed the AE's personal information and replaced it with their own corporate logo and
2  contact information, ensuring that the Client could not directly contact the AE until the time that the
3  interview had been arranged and scheduled through Defendant AppleOne.

4          Prior to the interview scheduled by the employer, the AE was coached by the Employer on
5  how to conduct himself during the interview, in order to maximize the Employers chance of making a
6  placement at LSI. The Employer also instructed the AE to go online and research the Client as best
   that he could, and to try to think of a few good questions to ask about the position. The AE followed
7  all of the Employer's instructions prior to and during the interview. Once the interview was
8  completed, the Employer obtained feedback from the Client, who informed the Employer they did
   not want the AE for the assignment.
9
10         By failing to pay the AE at least the minimum wage for the time she suffered or was
11 permitted to work subject to and under the control of the Employer while interviewing with its
   current or potential client, LSI, the Employer is in violation of Cal. Lab. Code §§ 1194 & 1197.
12
13         Failing to pay the AE at least the minimum wage has also lead to the Employer providing the
14 AE with inaccurate wage statements.  As of the date of the filing of this complaint, the AE has not
   been provided with accurate wages statements compliant with Cal. Lab. Code §226(a) for the wages
15 she earned while interviewing with First American Title on behalf of Defendant AppleOne.
16
17         The Employers conduct also constitutes a willful withholding of wages due to discharged
18 employees in violation of Labor code 203. The Employer's intentional and systematic failure to pay
   the AE and other similarly situated employees of the Employer who voluntarily or involuntarily
19 ended their employment during the relevant Class Period all wages earned pursuant to Cal. Lab. Code
20 § 201.3 entitles the AE to waiting time civil penalties as provided for in the Labor Code.
21         Liza Gunawan will pursue violations under California Labor Code §2698 et. seq., on behalf of
22 herself and as representatives of the people of the State of California, and will seek any and all
   penalties otherwise capable of being collected by the Labor Commission and/or the Department of
23 Labor Standards Enforcement (DLSE). This includes the penalty provisions provided in Labor Code
24 § 2699(a) and § 2699(f), as well as any of the applicable statutes as is set forth in Labor Code Section
25 2699.5: and includes the penalty provisions, without limitation, based on the following sections: 201,
   201.3, 201.5, 201.7, 202, 203, 203.1, 203.5, 204, 204a, 204b, 204.1, 204.2: 205, 205.5, 206, 206.5,
26 208, 209, and 212, subdivision (d) of Section 213, Sections 221, 222, 222.5, 223, and 224,
27 subdivision (a) of Section 226, Sections 226.3, 226.7, 227, 227.3, 230, 230.1, 230.2, 230.3, 230.4,
28 230.7, 230.8, and 231, subdivision (c) of Section 232, subdivision (c) of Section 232.5, and Labor

Code sections 233, 510, 511, 512, 513, 558 & 1102.5., should the Agency not notify the AE through its legal representative according to California Labor Code §2698.3.

Kind regards,

_____

Brett Szmanda Esq.
CA State Bar #288688
Attorney for AE
818-291-3790
Bszmanda@gmail.com

June 18th, 2013

cc

HOWROYD-WRIGHT EMPLOYMENT AGENCY,
INC., D/B/A APPLEONE EMPLOYMENT SERVICES

327 W Broadway,
Glendale California, 91204.

Brett Szmanda Esq.
401 8th Street Suite C
Huntington Beach, CA 92648
Tel: (818)291-3790 · Fax: (949)553-7732
[ e-mail:Bszmanda@gmail.com ]

June 18th, 2013

VIA CERTIFIED MAIL

California Labor & WorkForce Development Agency ("Agency")800 Capitol Mall, MIC-55 Sacramento, CA 95814

Re:   Notice to pursue civil penalties through civil action under the Private Attorney General Act.

Pursuant to the Labor Code Private Attorneys General Act of 2004, California Labor Code § 2698 et. seq. ("PAGA"), Liza Gunawan (the "Aggrieved Employee" or "AE"), through her legal representatives, alleges and hereby give notice to the California Labor & WorkForce Development Agency ("Agency") of the alleged Labor Code violations and the facts and theories that support the alleged code violations committed by WORKWAY. (the "Employer").

This action arises out of harm suffered by the AE, and the public as a whole, caused by the Employers' intentional and systematic disregard of California's Wage and Hour Laws, as codified in the California Labor Code and the Industrial Welfare Commission's Wage Orders. The AE has suffered harm as a result of Employers' intentional failure to pay lawful minimum wages; to pay all wages on time and provide accurate wage statements as proscribed by law; and numerous other violations of the provisions of the Labor Code and Wage Orders pertaining to mandatory working conditions.

The AE's employment with the Employer for the purpose of this complaint officially commenced on November 6th, 2012, when, while subject to and under the control of the employer, she conducted an in-person, one hour interview with the employer's then current or potential client, Auction.com. The Employer, as a policy and practice, controlled all aspects of the interview process. After receiving the AE's resume, but prior to submitting it to Auction.com, the Employer made several modifications in order to tailor it to their client's specific employment needs. The employer then removed the AE's personal information and replaced it with their own corporate logo and

1   contact information, ensuring that the Client could not directly contact the AE until the time that the

2   interview had been arranged and scheduled through Defendant AppleOne.

3       Prior to the interview scheduled by the employer, the AE was coached by the Employer on

4   how to conduct himself during the interview, in order to maximize the Employers chance of making a

5   placement at Auction.com. The Employer also instructed the AE to go online and research the Client

6   as best that he could, and to try to think of a few good questions to ask about the position. The AE

7   followed all of the Employer's instructions prior to and during the interview. Once the interview was

8   completed, the Employer obtained feedback from the Client, who informed the Employer they did

9   not want the AE for the assignment. Even though the Employer was obligated to pay the AE at least

10  minimum wage for all of the time she suffered or was permitted to work while subject to and under

11  the control of the Employer.

12      By failing to pay the AE at least the minimum wage for the time she suffered or was

13  permitted to work subject to and under the control of the Employer while interviewing with its

14  current or potential client, LSI, the Employer is in violation of Cal. Lab. Code §§ 1194 & 1197.

15      Failing to pay the AE at least the minimum wage has also lead to the Employer providing the

16  AE with inaccurate wage statements.  As of the date of the filing of this complaint, the AE has not

17  been provided with accurate wages statements compliant with Cal. Lab. Code §226(a) for the wages

18  she earned while interviewing with Auction.com on behalf of Defendant AppleOne.

19      The Employers conduct also constitutes a willful withholding of wages due to discharged

20  employees in violation of Labor code 203: The Employer's intentional and systematic failure to pay

21  the AE and other similarly situated employees of the Employer who voluntarily or involuntarily

22  ended their employment during the relevant Class Period all wages earned pursuant to Cal. Lab. Code

23  § 201.3 entitles the AE to waiting time civil penalties as provided for in the Labor Code.

24      Liza Gunawan will pursue violations under California Labor Code §2698 et. seq., on behalf of

25  herself and as representatives of the people of the State of California, and will seek any and all

26  penalties otherwise capable of being collected by the Labor Commission and/or the Department of

27  Labor Standards Enforcement (DLSE). This includes the penalty provisions provided in Labor Code

28  § 2699(a) and § 2699(f), as well as any of the applicable statutes as is set forth in Labor Code Section
    2699.5. and includes the penalty provisions, without limitation, based on the following sections: 201,
    201.3, 201.5, 201.7, 202, 203, 203.1. 203.5, 204, 204a. 204b, 204.1, 204.2, 205, 205.5, 206, 206.5,.
    208, 209, and 212, subdivision (d) of Section 213, Sections 221, 222, 222.5, 223, and 224,
    subdivision (a) of Section 226, Sections 226.3, 226.7, 227, 227.3, 230, 230.1, 230.2, 230.3, 230.4,

230.7, 230.8, and 231, subdivision (c) of Section 232, subdivision (c) of Section 232.5, and Labor Code sections 233, 510, 511, 512, 513, 558 & 1102.5.. should the Agency not notify the AE through its legal representative according to California Labor Code §2698.3.

Kind regards,

Brett Szmanda Esq.
CA State Bar #288688
Attorney for AE
818-291-3790
Bszmanda@gmail.com

June 18th, 2013

cc

WORKWAY
601 S Glenoaks Blvd, Suite 211,
Burbank, CA 91502

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20

# EXHIBIT "B"

21
22
23
24
25
26
27
28

# KFORCE

Department: 0520062600
Irvine Main St CA OnStaff
813.552.5000
1001 East Palm Avenue
Tampa, FL 33605

Taxable Marital Status: M

Exemptions/Allowances   Add'l
Fed: 00
CA: 00

## Earnings Statement

Period Ending:     10/14/2012
Check Date:        10/19/2012
Check Number:      0001012868
Batch Number:      000000000371
Page 001 of 001

LIZA GUNAWAN
7811 Talbert Ave. #18
Huntington Beach, CA  92648

| Description | Rate | Units/HRS | Current | YTD |
|---|---|---|---|---|
| Regular | 15.0000 | 24.00 | 360.00 | 10320.00 |
| Overtime | | 0.00 | 0.00 | 140.64 |

| Other Benefits and Information | Current | YTD |
|---|---|---|
| Flex Pay Card | 310.86 | 310.86 |

| Gross Pay | 24.00 | 360.00 | 10460.64 |
|---|---|---|---|

## Taxes

| | Current | YTD |
|---|---|---|
| Fed Withholding | 20.42 | 854.35 |
| Fed MED/EE | 5.22 | 151.68 |
| Fed OASDI/EE | 15.12 | 439.35 |
| CA Withholding | 4.78 | 246.77 |
| CA SDI FIDI | 3.60 | 104.61 |

Total Flex Pay Card    310.86    310.86
* Excluded from taxable wages
Flex Pay Card           310.86    310.86

**Employer Benefits**
*Taxable Benefit

PTO Carryover Taken Earned Balance

| Total Taxes | | 49.14 | 1796.76 |
|---|---|---|---|

Federal Taxable Wages are     $360.00

THIS IS NOT A CHECK

NON-NEGOTIABLE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "C"

## Notice to Employee as to Change in Relationship
## KForce

*(Termination Notice Pursuant to Provisions of Section 1089 of the California Unemployment Insurance Code)*

Liza Gunawan
Name _____    SSN ___ ___ ___

Your employment status has changed for the reason checked below:

- Voluntary quit effective _____
  Date

- Layoff effective _____
  Date

- Leave of absence effective _____ , with a return to work date of _____
  Date                                           Date

✓ Discharge effective 10/11/12.
  Date

- Refusal to accept available work effective _____
  Date

Change in status from employee to independent contractor, effective _____
  Date

Comments:

Unsatisfactory work performance
_____
_____
_____

_____                2/9/12
Supervisor's Signature                                      Date

---

### Notice Acknowledgment
**Termination Notice Pursuant to Provisions of Section 1089**

I received a copy of this notice on 10/11/12 _____      _____
                                    Date                      Signed

## KFORCE

**☑ Plaintiff must serve a copy of these Guidelines with the Summons and Complaint.**



# GUIDELINES

## ALL COMPLEX CIVIL DEPARTMENTS

Welcome to the Complex Civil Litigation Program. Orange County Superior Court is one of six courts designated by the California Judicial Council as pilot project courts to handle solely complex civil litigation. These pilot courts were established to apply case management principles to improve the effective administration of justice by reducing the time and expense normally associated with the litigation of complex civil cases. It has been our experience that these principles make it easier to prepare these cases for trial by providing a more orderly framework for the pre-trial phase of the litigation.

The result is a greater opportunity for early case resolution through mediation and settlement, and improving the way complex cases are tried by encouraging the use of technology.

Counsel's familiarity with the applicable *California Rules of Court ["Local Rules"]*, *Local Rules – Superior Court of California, County of Orange*, and these *Guidelines* is expected. The *Guidelines* should answer most procedural questions and assist you in feeling comfortable in our courtrooms.

### COURTROOM DEMEANOR, CONDUCT AND ETIQUETTE

Counsel are expected to adhere to the provisions of the *California Attorney Guidelines of Civility and Professionalism*. (State Bar of the State of California, adopted July 20, 2007, attached to these *Guidelines* as Appendix 1.)

1

## I. General Matters

1. When issued by the court, the provisions of the Case Management Order in the particular action shall govern over these *Guidelines*. Procedural matters not provided for in these *Guidelines* or in a Case Management Order shall be governed by the pertinent provisions of the California statutes, the California Rules of Court, and the California Standards of Judicial Administration. The purpose of these *Guidelines* is to supplement but not contradict the law governing civil procedure.

2. The Superior Court of California, County of Orange has established a system for e-filing in accordance with Code of Civil Procedure §1010.6 and California Rules of Court, rule 2.250 *et seq.* All papers filed in complex civil cases must be electronically filed unless a party has been specifically excused by the Court from the requirement, pursuant to the *Local Rules – Superior Court of California, County of Orange* ("local rules"), rule 308. To register for the program and to obtain additional information, go to: www.occourts.org/complexcivil/ .

3. Cross-complainants must serve a copy of these guidelines and give notice of any scheduled hearings and depositions at the time the cross-complaint is served.

4. Information about filing requirements or fees is available on the court's Internet home page at: http://www.occourts.org, or by telephone at (657) 622-5314. The local rules are available on the court's public internet home page.

5. Telephone appearances are conducted through **CourtCall**, pursuant to the provisions of California Rules of Court, Rule 3.670. Parties are encouraged to seek further information concerning guidelines and protocols from **CourtCall** at (310) 342-0888 or (888) 88-COURT.

## II. Initial Case Management Conference:

The Initial Case Management Conference shall take place in conformance with the requirements set forth in California Rules of Court, rule 3.750. The Initial Case Management Conference is generally scheduled approximately 90 days after the action is filed. Plaintiff is required to give notice of this conference date to all other parties. Thereafter, Status Conferences shall be set in consultation with the Court, according to the needs of the parties.

## III. Case Management Conference and Status Conference Statements:

The judges of the Civil Complex Center have determined that Judicial Council form CM-110, *Civil Case Management Statement* required by California Rules of Court, Rule 3.725(c) for some civil cases, is inadequate to provide the judges the information they need when determining how a particular complex case should be managed. *Form CM-110 should not be used in any action designated or provisionally designated as*

2

*complex.* Instead, the parties shall file with the court either a Case Management Conference Statement or a Status Conference Statement as described below.

Counsel must file an updated Conference Statement for *each* Case Management or Status Conference. The Conference Statement is due no later than 5 court days prior to the hearing.

A Status Conference Statement may be filed as an alternative to the Case Management Conference Statement when appropriate. A Status Conference Statement is generally less detailed than a Case Management Conference Statement and is to be used to advise the court of progress or developments in the case which have occurred since the last review hearing.

A joint statement of the parties is preferred by the court whenever possible.

## IV. CASE MANAGEMENT ORDERS:

Case Management Orders are not required in all cases, but they may be helpful in cases where the sequencing and timing of key events is necessary in the management of the litigation and preparation of the case for trial. However, even if a Case Management Order is not necessary in a particular case, *all complex cases must be managed by counsel, or the court, or both.*

The goal of case management is to bring about a just resolution as speedily and economically as possible. To be effective, case management should be tailored to the needs of the particular litigation and to the resources available; make-work activity should be avoided. The parties or the court should develop and monitor an effective plan for the orderly conduct of pretrial and trial proceedings. A case management plan should prescribe a series of procedural steps, with firm dates, giving direction and order to the case as it progresses through pretrial proceedings to summary disposition or trial. The setting of interim time limits and deadlines is often a necessary part of an effective case management plan.

## V. LAW AND MOTION:

1.  **Meet and Confer**: This court adopts the view that pre-filing conferences between counsel may be useful in avoiding useless or unnecessary motions. Therefore, prior to the hearing of any motion, petition or application, except applications to appear *pro hac vice* and motions to withdraw as counsel of record, all counsel and parties appearing in *propria persona* shall confer in a good faith attempt to eliminate the necessity of the hearing or resolve as many disputes as possible.

    Counsel for the moving party shall arrange the conference to meet and confer and, at least 3 calendar days before the hearing, file with the court a statement entitled "Meet and Confer," summarizing the issues remaining in dispute and the respective positions taken.

2. **Tentative Rulings**: Members of the Complex Civil Panel may publish tentative law and motion rulings by any system described in Local Rule 382.

3. **Off Calendars and Continuances:** In order to promote judicial economy and avoid wasting court resources, counsel for moving parties must notify the courtroom clerk as soon as possible if any matter will be taken off calendar. Stipulations between the parties to continue a matter must be approved by the court.

## VI. EX PARTE APPLICATIONS:

1. The court's consideration of an *ex parte* application will not interfere with or delay any trial in progress. The moving party is expected to adhere to the provisions of California Rules of Court, Rule 3.1200 – 3.1207. All papers necessary to the determination of the application, including any proposed pleading, motion or order, must be submitted with the *ex parte* application. Counsel should contact the courtroom clerk to verify any specific deadlines for the submission of moving papers or other preferences applicable to that department. Counsel may also contact the courtroom clerk to inquire if oral argument will be permitted, or if the court will rule based on the application and any written opposition.

2. The application shall include a declaration of Notice of Ex Parte Hearing and a proposed order; and shall state in the notice the irreparable harm, immediate danger or other basis for *ex parte* relief that will result if the requested relief is not granted until a regularly noticed motion may be heard.

## VII. MANDATORY SETTLEMENT CONFERENCES ("MSC's"):

Compliance with Local Rule 316 is required.

All of the judges at the Civil Complex Center are willing to help another judge in the settlement of a complex case depending upon the judge's available calendar. If the parties agree to have a mandatory settlement conference conducted by a judge other than the assigned judge, the parties should first determine the other judge's availability before asking the assigned judge to order the settlement conference. However, it is not presumed that the judge to whom a case is assigned should not conduct the mandatory settlement conferences in his or her cases. If a party objects to the trial judge's participation in the MSC, the party must advise the judge or the courtroom clerk of its objection prior to the setting of the MSC. Counsel are advised to check with the court to determine its preference in this regard.

## VIII. Pre-trial Conferences

1. A Pre-trial Conference may be scheduled 30-90 days before trial for the purpose of determining the readiness of the parties and      resolving procedural issues concerning the trial. The goal of the Pre-trial Conference is to make the trial proceed as predictably and smoothly as possible. **The Pre-trial**

**Conference is not a substitute for the Issues Conference required by Local Rule 317.**

2. At the Pre-trial Conference, counsel should be prepared to state whether his or her client will be using the electronic presentation of evidence at the trial. Using electronic equipment to present evidence at trial requires preparation, organization and cooperation by the parties. The court expects that the parties will work together in devising a protocol for the pre-marking of exhibits by using prefixes or a super-numeration system to designate the proponent of the evidence. Where there are multiple pages to a single exhibit, each page should be bates-stamped. Counsel should contact the courtroom clerk to determine if the trial judge has a specific preference for how exhibits should be marked.

3. In a case where it is reasonable to presume voluminous documents will be produced during discovery, counsel are urged to agree upon a protocol for the pre-marking of exhibits at the earliest time possible, preferably before the initiation of discovery and delivery to a document depository. It is less expensive to mark and index voluminous documents as they are deposited than when it is done on the eve of trial.

4. Counsel are required to cooperate throughout the trial so that one party's electronic exhibits are available to the other side to display during cross-examination.

5. The electronic version of documents, photographs, charts or other demonstrative evidence may be substituted for the actual exhibit at trial upon the stipulation of the parties and order of the court. This guideline is not meant to alter the rules of discovery or the obligation of a party to make available the original of a document for inspection by another party through discovery or at the Issues Conference.

6. Physical exhibits and documents are not required to be presented in a digitalized format. However, evidence which has not been presented in electronic form customarily will be ordered by the court returned at the end of the appeal period to the party which offered it. Before trial commences, counsel will be asked to sign a stipulation for the return and maintenance of the exhibits. Plaintiff will maintain joint exhibits unless the court orders otherwise.

IX. <u>Use of the Court's Evidence Presentation Systems</u>

1. **On-Site Electronic Evidence Presentation Systems:** Every courtroom has the capability of being equipped with court-based evidence presentation systems for use by the parties. Counsel are strongly encouraged to take advantage of the benefits of the electronic presentation of evidence when in trial at the Civil Complex Center to enhance the orderly and effective presentation of evidence, reduce concerns about the custody and security of exhibits, and reduce the work and expense associated with the tagging, storing and transporting of exhibits. In an appropriate case, the court may require the

use of an electronic evidence presentation system. Electronic evidence presentation systems must be compatible with the court's infrastructure (video distribution amplifier, wiring, conduit, floor receptacles and connectors).

2. **Electronic Evidence Standard Format:** Counsel presenting evidence that is exclusively electronic in form must present the evidence in PDF file format and stored on CD-R. Whenever evidence is presented electronically, the physical custody of exhibits by the clerk is replaced by the electronic record of the exhibits. Evidence must be in sequential order with the exception of JPEG and MPEG files which shall be stored on separate discs. Counsel may also prepare electronic evidence using alternate non-proprietary formats subject to the approval of the court. The compact discs (CDs) must be labeled as follows:

Case #
Case Name
Exhibits _____ to _____
(Original or Backup copy)

The courtroom clerk will maintain an updated exhibit list. When evidence is electronically presented at the trial, the court may require counsel to periodically submit to the clerk an up-to-date CD containing exhibits received into evidence.

It is counsels' responsibility to identify and track redactions, modifications, and substitution of exhibits. Counsel are expected to be prepared to submit an up-to-date evidence CD with all redactions, modifications, and substitutions, as well as impeachment documents used, upon the courtroom clerk's request.

Impeachment exhibits are not pre-marked. However, counsel are responsible for having the document electronically recorded upon being offered into evidence (exhibit numbers may be reserved for this purpose).

If the jury will be provided the evidence in electronic format for its deliberation, the parties are required to meet and confer and submit the final joint exhibit list containing only those exhibits received into evidence. The CD used by the jurors must include the joint exhibit list and the electronically stored exhibits which have been entered into evidence. Submission of the joint evidence CD also serves as a stipulation that all exhibits presented in electronic form to the jury are complete and correct. Any disagreement must be brought to the attention of the court at the earliest reasonable time. Counsel must lodge two (2) evidence CDs of all exhibits received into evidence.

## X. TRIALS – MOTIONS IN LIMINE

Counsel should attempt to resolve evidentiary disputes at the Local Rule 317 Issues Conference before resorting to filing a motion *in limine*. It is frequently more productive of court time, and the client's money for counsel to informally address at the Issues Conference the issues which could be raised in motions *in limine* and, instead of a motion, present a stipulation to the court on uncontested issues. Matters of day-to-day

trial logistics and common professional courtesy should not be the subject of motions *in limine*. These are matters of common professional courtesy that should be accorded counsel in all trials. See, <u>Kelly v. New West Federal Savings</u> (1996) 49 Cal.App.4th 659,671.

## APPENDIX 1
### California Attorney Guidelines of Civility and Professionalism
(Abbreviated, adopted July 20, 2007)

INTRODUCTION. As officers of the court with responsibilities to the administration of justice, attorneys have an obligation to be professional with clients, other parties and counsel, the courts and the public. This obligation includes civility, professional integrity, personal dignity, candor, diligence, respect, courtesy, and cooperation, all of which are essential to the fair administration of justice and conflict resolution.

These are guidelines for civility. The Guidelines are offered because civility in the practice of Law promotes both the effectiveness and the enjoyment of the practice and economical client representation. The legal profession must strive for the highest standards of attorney behavior to elevate and enhance our service to justice. Uncivil or unprofessional conduct not only disserves the individual involved, it demeans the profession as a whole and our system of justice.

These voluntary Guidelines foster a level of civility and professionalism that exceed the minimum requirements of the mandated Rules of Professional Conduct as the best practices of civility in the practice of law in California. The Guidelines are not intended to supplant these or any other rules or laws that govern attorney conduct. Since the Guidelines are not mandatory rules of professional conduct, nor rules of practice, nor standards of care, they are not to be used as an independent basis for disciplinary charges by the State Bar or claims of professional negligence.

The Guidelines are intended to complement codes of professionalism adopted by bar associations in California. Individual attorneys are encouraged to make these guidelines their personal standards by taking the pledge that appears at the end. The Guidelines can be applicable to all lawyers regardless of practice area. Attorneys are encouraged to comply with both the spirit and letter of these guidelines, recognizing that complying with these guidelines does not in any way denigrate the attorney's duty of zealous representation.

---

SECTION 1. The dignity, decorum and courtesy that have traditionally characterized the courts and legal profession of civilized nations are not empty formalities. They are essential to an atmosphere that promotes justice and to an attorney's responsibility for the fair and impartial administration of justice.

SECTION 2. An attorney should be mindful that, as individual circumstances permit, the goals of the profession include improving the administration of justice and contributing time to persons and organizations that cannot afford legal assistance.

An attorney should encourage new members of the bar to adopt these guidelines of civility and professionalism and mentor them in applying the guidelines.

SECTION 3. An attorney should treat clients with courtesy and respect, and represent them in a civil and professional manner. An attorney should advise current and potential clients that it is not acceptable for an attorney to engage in abusive behavior or other conduct unbecoming a member of the bar and an officer of the court.

As an officer of the court, an attorney should not allow clients to prevail upon the attorney to engage in uncivil behavior.

An attorney should not compromise the guidelines of civility and professionalism to achieve an advantage.

SECTION 4. An attorney's communications about the legal system should at all times reflect civility, professional integrity, personal dignity, and respect for the legal system. An attorney should not engage in conduct that is unbecoming a member of the Bar and an officer of the court.

Nothing above shall be construed as discouraging the reporting of conduct that fails to comply with the Rules of Professional Conduct.

SECTION 5. An attorney should be punctual in appearing at trials, hearings, meetings, depositions and other scheduled appearances.

SECTION 6. An attorney should advise clients that civility and courtesy in scheduling meetings, hearings and discovery are expected as professional conduct.

In considering requests for an extension of time, an attorney should consider the client's interests and need to promptly resolve matters, the schedules and willingness of others to grant reciprocal extensions, the time needed for a task, and other relevant factors.

Consistent with existing law and court orders, an attorney should agree to reasonable requests for extensions of time that are not adverse to a client's interests.

7

SECTION 7. The timing and manner of service of papers should not be used to the disadvantage of the party receiving the papers.

SECTION 8. Written materials directed to counsel, third parties or a court should be factual and concise and focused on the issue to be decided.

SECTION 9. Attorneys are encouraged to meet and confer early in order to explore voluntary disclosure, which includes identification of issues, identification of persons with knowledge of such issues, and exchange of documents.

Attorneys are encouraged to propound and respond to formal discovery in a manner designed to fully implement the purposes of the California Discovery Act.

An attorney should not use discovery to harass an opposing counsel, parties or witnesses. An attorney should not use discovery to delay the resolution of a dispute.

SECTION 10. An attorney should consider whether, before filing or pursuing a motion, to contact opposing counsel to attempt to informally resolve or limit the dispute.

SECTION 11. It is important to promote high regard for the profession and the legal system among those who are neither attorneys nor litigants. An attorney's conduct in dealings with nonparty witnesses should exhibit the highest standards of civility.

SECTION 12. In a social setting or otherwise, an attorney should not communicate ex parte with a judicial officer on the substance of a case pending before the court, unless permitted by law.

SECTION 13. An attorney should raise and explore with the client and, if the client consents, with opposing counsel, the possibility of settlement and alternative dispute resolution in every case as soon possible and, when appropriate, during the course of litigation.

SECTION 14. To promote a positive image of the profession, an attorney should always act respectfully and with dignity in court and assist the court in proper handling of a case.

SECTION 15. An attorney should not take the default of an opposing party known to be represented by counsel without giving the party advance warning.

SECTION 16. An attorney should avoid even the appearance of bias by notifying opposing counselor an unrepresented opposing party of any close, personal relationships between the attorney and a judicial officer, arbitrator, mediator or court-appointed expert and allowing a reasonable opportunity to object.

SECTION 17. An attorney should respect the privacy rights of parties and non-parties.

SECTION 18. An attorney should negotiate and conclude written agreements in a cooperative manner and with informed authority of the client.

In addition to other applicable Sections of these Guidelines, attorneys engaged in a transactional practice have unique responsibilities because much of the practice is conducted without judicial supervision.

SECTION 19. In addition to other applicable Sections of these Guidelines, in family law proceedings an attorney should seek to reduce emotional tension and trauma and encourage the parties and attorneys to interact in a cooperative atmosphere, and keep the best interests of the children in mind.

SECTION 20. In addition to other applicable Sections of these Guidelines, criminal law practitioners have unique responsibilities. Prosecutors are charged with seeking justice, while defenders must zealously represent their clients even in the face of seemingly overwhelming evidence of guilt. In practicing criminal law, an attorney should appreciate these roles.

SECTION 21. Judges are encouraged to become familiar with these Guidelines and to support and promote them where appropriate in court proceedings.

---

ATTORNEY'S PLEDGE. I commit to these Guidelines of Civility and Professionalism and will be guided by a sense of integrity, cooperation and fair play.

I will abstain from rude, disruptive, disrespectful, and abusive behavior, and will act with dignity, decency, courtesy, and candor with opposing counsel, the courts and the public.

As part of my responsibility for the fair administration of justice, I will inform my clients of this commitment and, in an effort to help promote the responsible practice of law, I will encourage other attorneys to observe these Guidelines.

(Rev. May 4, 2010)

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
HOWROYD-WRIGHT EMPLOYMENT AGENCY, INC.;
KFORCE INC.; WORKWAY, and DOES 1-100

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
LIZA GUNAWAN & DANNY CANALAS; on behalf of themselves and
all others similarly situated,

| FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|
| **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Orange<br>**06/18/2013** at 10:30:24 AM<br>Clerk of the Superior Court<br>By Irma Cook,Deputy Clerk |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Orange County Superior Court | **CASE NUMBER:**<br>*(Número de)* 30-2013-00657246-CU-OE-CXC |
|---|---|

751 West Santa Ana Blvd.
Santa Ana, CA 92701

Judge Gail A. Andler

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Brett Szmanda, 2030 Main Street Suite 1040, Irvine CA 92614; 818-291-3790

| DATE: 08/18/2013<br>*(Fecha)* | Alan Carlson | Clerk, by<br>*(Secretario)* | *Irma Cook* | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

Irma Cook

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [✓] on behalf of *(specify):* Howroyd-Wright Employment Agency, Inc.

under: [✓] CCP 416.10 (corporation)    [ ] CCP 416.60 (minor)
       [ ] CCP 416.20 (defunct corporation)    [ ] CCP 416.70 (conservatee)
       [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
       [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Brett Szmanda
State Bar # 288688
2030 Main Street Suite 1040
Irvine, CA 92614
TELEPHONE NO.: 818-291-3790   FAX NO.: 9495537732
ATTORNEY FOR *(Name):* Liza Gunawan & Danny Canlas, Plaintiffs

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange
STREET ADDRESS:
MAILING ADDRESS: 751 W Santa Ana Blvd.
CITY AND ZIP CODE: Santa Ana, 92701
BRANCH NAME: Civil Complex Center Santa Ana

CASE NAME:
Gunawan & Canlas v. Howroyd-Wright, KForce & Workway

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange
**06/18/2013** at 10:30:24 AM
Clerk of the Superior Court
By Irma Cook, Deputy Clerk

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: 30-2013-00657245-CU-OE-CXC |
|---|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder | | JUDGE: Judge Gail A. Andler |
| | | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [✓] is [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify):* Four
5. This case [✓] is [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: June 17th, 2013
Brett Szmanda
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

**THE LAW OFFICES OF BRETT SZMANDA**
**2030 MAIN STREET SUITE 1040**
**Irvine, CA 92614**
**Tel: 818-291-3790 - Fax: 949-553-7732**
**Bszmanda@gmail.com**

## NOTICE AND AKNOWLEDEMENT OF RECIEPT OF SERVICE OF PROCESS
## ORANGE COUNTY SUPERIOR COURT – CIVIL COMPLEX CENTER SANTA ANA

## DANNY CANLAS & LIZA GUNAWAN v. HOWROYD-WRIGHT EMPLOYMENT
## AGENCY, INC.; KFORCE INC.; WORKWAY, and DOES 1-100
### Case Number 30-2013-00657245-CU-OE-CXC

July 11, 2013

To: C T CORPORATION SYSTEM, Agent for Kforce, Inc.

This summons is served pursuant to Section 415.30 of the California Code of Civil Procedure. Failure to complete this form and return it to the sender within 20 days may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons upon you in any other manner permitted by law. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, this form must be signed in the name of such entity by you or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. Section 415.30 provides that this summons is deemed served on the date of execution of an acknowledgment of receipt of summons.

Brett Szmanda, Esq.
Attorney for Danny Canlas and
Liza Gunawan

## ACKNOWLEDGMENT OF RECEIPT OF SUMMONS

This acknowledges receipt on July _____, 2013 of a copy of the summons and of the complaint at C T CORPORATION SYSTEM, 818 W SEVENTH ST. Los Angeles, CA, 90017.

Date: _____

(Date this acknowledgement is executed)

Signature: _____

(Person acknowledging receipt and Title)

THE LAW OFFICES OF BRETT SZMANDA
2030 MAIN STREET SUITE 1040
Irvine, CA 92614
Tel: 818-291-3790 - Fax: 949-553-7732
Bszmanda@gmail.com

## NOTICE AND AKNOWLEDEMENT OF RECIEPT OF SERVICE OF PROCESS
## ORANGE COUNTY SUPERIOR COURT – CIVIL COMPLEX CENTER SANTA ANA

### DANNY CANLAS & LIZA GUNAWAN v. HOWROYD-WRIGHT EMPLOYMENT AGENCY, INC.; KFORCE INC.; WORKWAY, and DOES 1-100
### Case Number 30-2013-00657245-CU-OE-CXC

July 11, 2013

To: C T CORPORATION SYSTEM, Agent for Kforce, Inc.

This summons is served pursuant to Section 415.30 of the California Code of Civil Procedure. Failure to complete this form and return it to the sender within 20 days may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons upon you in any other manner permitted by law. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, this form must be signed in the name of such entity by you or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. Section 415.30 provides that this summons is deemed served on the date of execution of an acknowledgment of receipt of summons.

Brett Szmanda, Esq.
Attorney for Danny Canlas and
Liza Gunawan

## ACKNOWLEDGMENT OF RECEIPT OF SUMMONS

This acknowledges receipt on July ____, 2013 of a copy of the summons and of the complaint at C T CORPORATION SYSTEM, 818 W SEVENTH ST. Los Angeles, CA, 90017.

Date: _____
(Date this acknowledgement is executed)

Signature: _____
(Person acknowledging receipt and Title)

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Brett Szmanda (SBN 288688)<br>2030 Main Street Suite 1040<br>Irvine, CA 92614<br><br>TELEPHONE NO.: 818-291-3790   FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):* Bszmanda@gmail.com<br>ATTORNEY FOR *(Name):* DANNY CANLAS & LIZA GUNAWAN | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS:
MAILING ADDRESS: 751 West Santa Ana Blvd
CITY AND ZIP CODE: Santa Ana, 92701
BRANCH NAME: CIVIL COMPLEX CENTER SANTA ANA

| | |
|---|---|
| PLAINTIFF/PETITIONER: DANNY CANLAS & LIZA GUNAWAN | CASE NUMBER:<br>30-2013-00657245-CU-OE-CXC |
| DEFENDANT/RESPONDENT: Howroyd-Wright E. Agency, KForce & Workway | |
| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. ✓ summons
   b. ✓ complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ✓ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ✓ other *(specify documents):* CIVIL COMPLEX DEPARTMENT GUIDELINES

3. a. Party served *(specify name of party as shown on documents served):*
      KFORCE, INC.

   b. ✓ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
      C T CORPORATION SYSTEM

4. Address where the party was served:
   818 W SEVENTH ST. Los Angeles, CA, 90017.

5. I served the party *(check proper box)*
   a. ☐ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party  (1) on *(date):*                   (2) at *(time):*

   b. ☐ **by substituted service.** On *(date):*              at *(time):*        I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*              from *(city):*              or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

| PLAINTIFF/PETITIONER: DANNY CANLAS & LIZA GUNAWAN | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Howroyd-Wright E. Agency, KForce & Workway | 30-2013-00657245-CU-OE-CXC |

5.  c.  ☑  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1) on *(date)*: July 11th, 2013        (2) from *(city)*: Huntington Beach

   (3) ☑ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

   (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d.  ☐  **by other means** *(specify means of service and authorizing code section):*

   ☐ Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
   a.  ☐  as an individual defendant.
   b.  ☐  as the person sued under the fictitious name of *(specify):*
   c.  ☐  as occupant.
   d.  ☑  On behalf of *(specify):*  Howroyd-Wright Employment Agency, Inc.
       under the following Code of Civil Procedure section:

|  |  |
|---|---|
| ☑ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
|  | ☐ other: |

7.  **Person who served papers**
   a.  Name: Brett Szmanda, Esq
   b.  Address: 401 8th Street Apt. C
   c.  Telephone number: 818-291-3790
   d.  The fee for service was: $ 0.00
   e.  I am:
       (1) ☑  not a registered California process server.
       (2) ☐  exempt from registration under Business and Professions Code section 22350(b).
       (3) ☐  a registered California process server:
           (i)  ☐ owner  ☐ employee  ☐ independent contractor.
           (ii)  Registration No.:
           (iii)  County:

8.  ☑  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

       or

9.  ☐  I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: 07/11/2013

Brett Szmanda                                      ▶ *(signature)*
_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)          (SIGNATURE)



U.S. POSTAGE
PAID
HUNTINGTON BEAC..C..
JUL 526-49
JUL 11 '13
AMOUNT
**$2.92**
0004155-07

USPS
1000   90017

Brett Sepulveda Esa
2030 Main
Irvine, CA 9/264

CT Corporation System
Agent for KForce, Inc.
818 W Seventh St.
Los Angeles, CA 90017

 CT Corporation

**Service of Process Transmittal**
07/15/2013
CT Log Number 523119241

TO:   William Josey, General Counsel
      Kforce Professional Staffing
      1001 E. Palm Ave
      Tampa, FL 33605-

RE:   **Process Served in California**

FOR:  KForce Inc. (Domestic State: FL)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Liza Gunawan and Danny Canlas, on behalf of themselves and all others similarly situated, Pltfs. vs. Howroyd-Wright Employment Agency, Inc., et al. including KForce Inc., Dfts. |
| **DOCUMENT(S) SERVED:** | Reply Envelope, Notice(s) and Acknowledgment(s), Summons, Cover Sheet, First Amended Complaint, Exhibit(s), Proof of Service |
| **COURT/AGENCY:** | Orange County - Superior Court - Santa Ana, CA
Case # 30201300657245CUOECXC |
| **NATURE OF ACTION:** | Employee Litigation - Class Action - Failure to Pay Minimum Wages |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Regular Mail on 07/15/2013 postmarked on 07/11/2013 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service - Complete and Return Notice and Acknowledgment Form // Within 30 days after service - Answer |
| **ATTORNEY(S) / SENDER(S):** | Brett Szmanda
2030 Main Street Suite 1040
Irvine, CA 92614
818-291-3790 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex 2 Day , 796244352407
Image SOP
Email Notification, William Josey wjosey@kforce.com
Email Notification, Arlene Lawin alawin@kforce.com
Email Notification, Sandra Hinckley shinckley@kforce.com
Email Notification, Alison Tegenkamp ategenkamp@kforce.com
Email Notification, Joel Londrigan jlondrigan@kforce.com |
| **SIGNED:**
**PER:**
**ADDRESS:**

**TELEPHONE:** | C T Corporation System
Nancy Flores
818 West Seventh Street
Los Angeles, CA 90017
213-337-4615 |

Page 1 of  1 / JC

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

EXHIBIT C

**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF ORANGE**
**CIVIL COMPLEX CENTER**

**MINUTE ORDER**

DATE: 07/15/2013                    TIME: 08:30:00 AM          DEPT: CX101
JUDICIAL OFFICER PRESIDING: Gail A. Andler
CLERK: Mary White
REPORTER/ERM: None
BAILIFF/COURT ATTENDANT:

CASE NO: **30-2013-00657245-CU-OE-CXC** CASE INIT.DATE: 06/18/2013
CASE TITLE: **Gunawan vs. Howroyd-Wright Employment Agency, Inc.**
CASE CATEGORY: Civil - Unlimited      CASE TYPE: Other employment

---

EVENT ID/DOCUMENT ID: 71753716
**EVENT TYPE:** Chambers Work

---

**APPEARANCES**

---

There are no appearances by any party.

Each party who has not paid the Complex fee of $ 1000 as required by Government Code section 70616 shall pay the fee to the Clerk of the Court within 10 calendar days from date of this minute order.  Failure to pay required fees may result in the dismissal of complaint/cross-complaint or the striking of responsive pleadings and entry of default.

The Court finds that this case is exempt from the case disposition time goals imposed by California Rule of Court, rule 3.714 due to exceptional circumstances and estimates that the maximum time required to dispose of this case will exceed twenty-four months due to the following case evaluation factors of California Rules of Court, rules 3.715 and 3.400:  Case is Complex.

The Case Management Conference is scheduled for 08/27/2013 at 09:00 AM in Department CX101.

Plaintiff shall, at least 5 court days before the hearing, file with the Court and serve on all parties of record or known to Plaintiff a brief, objective summary of the case, its procedural status, the contentions of the parties and any special considerations of which the Court should be aware.  Other parties who think it necessary may also submit similar summaries three court days prior to the hearing.  DO NOT use the  Case Management Statement  form used for non-complex cases (Judicial Council Form CM-110).

This case is subject to mandatory electronic filing pursuant to Superior Court Rules, County of Orange, Rule 352.  Plaintiff shall give notice of the Status Conference and the electronic filing requirement to all parties of record or known to plaintiff, and shall attach a copy of this minute order.

Clerk to give notice to plaintiff and plaintiff to give notice to all other parties.

---

| CASE TITLE: Gunawan vs. Howroyd-Wright Employment Agency, Inc. | CASE NO: **30-2013-00657245-CU-OE-CXC** |
|---|---|

CLERK'S CERTIFICATE OF MAILING: I certify I am not a party to this cause, over age 18, and a copy of this document was mailed first class postage, prepaid in a sealed envelope addressed as shown, on 15-AUG-2013, at Santa Ana, California. ALAN CARLSON /EXECUTIVE OFFICER & CLERK OF THE SUPERIOR COURT, BY: M.WHITE deputy.

BRETT SZMANDA
JOHN C RARICK
2030 MAIN STREET, STE 1040
IRVINE, CA 92614

| DATE: 07/15/2013 | MINUTE ORDER | Page 2 |
|---|---|---|
| DEPT: CX101 | | Calendar No. |

# EXHIBIT D

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Brett Szmanda (SBN 288688)<br>2030 Main Street Suite 1040<br>Irvine, CA 92614 | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Orange<br><br>**07/17/2013** at 06:38:00 PM<br>Clerk of the Superior Court<br>By Irma Cook, Deputy Clerk |

TELEPHONE NO.: 818-291-3790    FAX NO. (Optional):
E-MAIL ADDRESS (Optional): Bszmanda@gmail.com
ATTORNEY FOR (Name): DANNY CANLAS & LIZA GUNAWAN

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS:
MAILING ADDRESS: 751 West Santa Ana Blvd
CITY AND ZIP CODE: Santa Ana, 92701
BRANCH NAME: CIVIL COMPLEX CENTER SANTA ANA

PLAINTIFF/PETITIONER: DANNY CANLAS & LIZA GUNAWAN

DEFENDANT/RESPONDENT: Howroyd-Wright E. Agency, KForce & Workway

| PROOF OF SERVICE OF SUMMONS | CASE NUMBER:<br>30-2013-00657245-CU-OE-CXC |
|---|---|
| | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. [✓] summons
   b. [✓] complaint
   c. [ ] Alternative Dispute Resolution (ADR) package
   d. [✓] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [✓] other *(specify documents):* CIVIL COMPLEX DEPARTMENT GUIDELINES

3. a. Party served *(specify name of party as shown on documents served):*
      KFORCE, INC.

   b. [✓] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
      C T CORPORATION SYSTEM

4. Address where the party was served:
   818 W SEVENTH ST. Los Angeles, CA. 90017.

5. I served the party *(check proper box)*
   a. [ ] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):*                (2) at *(time):*
   b. [ ] **by substituted service.** On *(date):*          at *(time):*          I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc. § 415.20). I mailed the documents on *(date):*          from *(city):*          or [ ] a declaration of mailing is attached.

      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

| PLAINTIFF/PETITIONER: DANNY CANLAS & LIZA GUNAWAN | CASE NUMBER |
|---|---|
| DEFENDANT/RESPONDENT: Howroyd-Wright E. Agency, KForce & Workway | 30-2013-00657245-CU-OE-CXC |

5. c. [✓] **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date)* July 11th, 2013      (2) from *(city)* Huntington Beach

    (3) [✓] with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) *(Code Civ. Proc., § 415.30.)*

    (4) [ ] to an address outside California with return receipt requested. *(Code Civ. Proc., § 415.40.)*

  d. [ ] **by other means** *(specify means of service and authorizing code section):*

    [ ] Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. [ ] as an individual defendant.
  b. [ ] as the person sued under the fictitious name of *(specify):*
  c. [ ] as occupant.
  d. [✓] On behalf of *(specify)* Howroyd-Wright Employment Agency, Inc.
    under the following Code of Civil Procedure section:

| | |
|---|---|
| [✓] 416.10 (corporation) | [ ] 415.95 (business organization, form unknown) |
| [ ] 416.20 (defunct corporation) | [ ] 416.60 (minor) |
| [ ] 416.30 (joint stock company/association) | [ ] 416.70 (ward or conservatee) |
| [ ] 416.40 (association or partnership) | [ ] 416.90 (authorized person) |
| [ ] 416.50 (public entity) | [ ] 415.46 (occupant) |
| | [ ] other: |

7. **Person who served papers**
  a. Name: Brett Szmanda, Esq.
  b. Address: 401 8th Street Apt. C
  c. Telephone number: 818-291-3790
  d. **The fee** for service was: $ 0.00
  e. I am:
    (1) [✓] not a registered California process server.
    (2) [ ] exempt from registration under Business and Professions Code section 22350(b).
    (3) [ ] a registered California process server:
      (i) [ ] owner [ ] employee [ ] independent contractor.
      (ii) Registration No.:
      (iii) County:

8. [✓] **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. [ ] **I am a California sheriff or marshal** and I certify that the foregoing is true and correct.

Date: 07/11/2013

Brett Szmanda
    NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)     ▶     (SIGNATURE )

EXHIBIT E

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Brett Szmanda (SBN 288688)<br>2030 Main Street Suite 1040<br>Irvine, CA 92614 | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: 818-291-3790   FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*: Bszmanda@gmail.com<br>ATTORNEY FOR *(Name)*: DANNY CANLAS & LIZA GUNAWAN | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Orange<br><br>**07/17/2013** at 06:38:00 PM<br><br>Clerk of the Superior Court<br>By Irma Cook, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **ORANGE**
STREET ADDRESS:
MAILING ADDRESS: 751 West Santa Ana Blvd
CITY AND ZIP CODE: Santa Ana, 92701
BRANCH NAME: CIVIL COMPLEX CENTER SANTA ANA

| PLAINTIFF/PETITIONER: DANNY CANLAS & LIZA GUNAWAN | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Howroyd-Wright E. Agency, KForce & Workway | 30-2013-00657245-CU-OE-CXC |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. ☑ summons
   b. ☑ complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☑ other *(specify documents)*: CIVIL COMPLEX DEPARTMENT GUIDELINES

3. a. Party served *(specify name of party as shown on documents served)*:
   HOWROYD-WRIGHT EMPLOYMENT AGENCY, INC.

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
   MICHAEL A HOYAL

4. Address where the party was served:
   327 W BROADWAY, GLENDALE CA 91204

5. I served the party *(check proper box)*
   a. ☐ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*:                (2) at *(time)*:

   b. ☐ **by substituted service.** On *(date)*:              at *(time)*:            I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:            from *(city)*:           or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 *(Rev. January 1, 2007)*

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

| PLAINTIFF/PETITIONER  DANNY CANLAS & LIZA GUNAWAN | CASE NUMBER |
|---|---|
| DEFENDANT/RESPONDENT  Howroyd-Wright E. Agency, KForce & Workway | 30-2013-00657245-CU-OE-CXC |

5  c  [✓]  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) on *(date)*: July 11th, 2013  (2) from *(city)*: Huntington Beach

(3) [✓]  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me.  *(Attach completed* Notice and Acknowledgement of Receipt.)  (Code Civ. Proc., § 415.30.)

(4) [ ]  to an address outside California with return receipt requested.  (Code Civ. Proc., § 415.40.)

d  [ ]  **by other means** *(specify means of service and authorizing code section):*

[ ]  Additional page describing service is attached.

6  The "Notice to the Person Served" (on the summons) was completed as follows:

a  [ ]  as an individual defendant.

b  [ ]  as the person sued under the fictitious name of *(specify):*

c  [ ]  as occupant.

d  [✓]  On behalf of *(specify):*  HOWROYD-WRIGHT EMPLOYMENT AGENCY, INC.

under the following Code of Civil Procedure section:

[✓]  416.10 (corporation)          [ ]  415.95 (business organization, form unknown)
[ ]  416.20 (defunct corporation)  [ ]  416.60 (minor)
[ ]  416.30 (joint stock company/association)  [ ]  416.70 (ward or conservatee)
[ ]  416.40 (association or partnership)  [ ]  416.90 (authorized person)
[ ]  416.50 (public entity)        [ ]  415.46 (occupant)
                                   [ ]  other:

7  **Person who served papers**

a  Name: Brett Szmanda, Esq.

b  Address: 401 8th Street Apt. C

c  Telephone number: 818-291-3790

d  **The fee** for service was: $0.00

e  I am:

(1) [✓]  not a registered California process server.

(2) [ ]  exempt from registration under Business and Professions Code section 22350(b).

(3) [ ]  a registered California process server:

(i)  [ ]  owner  [ ]  employee  [ ]  independent contractor.

(ii)  Registration No.:

(iii)  County:

8  [✓]  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

or

9  [ ]  I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date:  07/11/2013

Brett Szmanda

(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)        (SIGNATURE)

POS-010 (Rev. January 1, 2007)        **PROOF OF SERVICE OF SUMMONS**        Page 2 of 2

# EXHIBIT F

POS-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Brett Szmanda (SBN 288688)
2030 Main Street Suite 1040
Irvine, CA 92614

TELEPHONE NO: 818-291-3790   FAX NO. (Optional):
E-MAIL ADDRESS (Optional): Bszmanda@gmail.com
ATTORNEY FOR (Name): DANNY CANLAS & LIZA GUNAWAN

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **ORANGE**
STREET ADDRESS:
MAILING ADDRESS:   751 West Santa Ana Blvd
CITY AND ZIP CODE:   Santa Ana, 92701
BRANCH NAME:   CIVIL COMPLEX CENTER SANTA ANA

PLAINTIFF/PETITIONER: DANNY CANLAS & LIZA GUNAWAN

DEFENDANT/RESPONDENT: Howroyd-Wright E. Agency, KForce & Workway

**PROOF OF SERVICE OF SUMMONS**

FOR COURT USE ONLY

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**07/17/2013** at 06:38:00 PM

Clerk of the Superior Court
By Irma Cook, Deputy Clerk

CASE NUMBER:
30-2013-00657245-CU-OE-CXC

Ref. No. or File No.:

*(Separate proof of service is required for each party served.)*

1.  At the time of service I was at least 18 years of age and not a party to this action.

2.  I served copies of:
    a. ☑ summons
    b. ☑ complaint
    c. ☐ Alternative Dispute Resolution (ADR) package
    d. ☑ Civil Case Cover Sheet *(served in complex cases only)*
    e. ☐ cross-complaint
    f. ☑ other *(specify documents)*: CIVIL COMPLEX DEPARTMENT GUIDELINES

3.  a.  Party served *(specify name of party as shown on documents served)*:
        WORKWAY

    b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
        NATIONAL CORPORATE RESEARCH, LTD

4.  Address where the party was served
    523 W 6TH ST, STE. 544, LOS ANGELES, CA 90014

5.  I served the party *(check proper box)*
    a. ☐ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*:   (2) at *(time)*:

    b. ☐ **by substituted service.** On *(date)*:   at *(time)*:   I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

        (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

        (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

        (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

        (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:   from *(city)*:   or ☐ a declaration of mailing is attached.

        (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Page 1 of 2

Code of Civil Procedure, § 417.10

| PLAINTIFF/PETITIONER: DANNY CANLAS & LIZA GUNAWAN | CASE NUMBER |
|---|---|
| DEFENDANT/RESPONDENT: Howroyd-Wright E. Agency, KForce & Workway | 30-2013-00657245-CU-OE-CXC |

5. c. [✓] **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the
address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date)*: July 11th, 2013    (2) from *(city)*: Huntington Beach

    (3) [✓] with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed
to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4) [ ] to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. [ ] **by other means** *(specify means of service and authorizing code section)*:

    [ ] Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

  a. [ ] as an individual defendant.

  b. [ ] as the person sued under the fictitious name of *(specify)*:

  c. [ ] as occupant.

  d. [✓] On behalf of *(specify)*: Howroyd-Wright Employment Agency, Inc.
    under the following Code of Civil Procedure section:

    [✓] 416.10 (corporation)       [ ] 415.95 (business organization, form unknown)

    [ ] 416.20 (defunct corporation)   [ ] 416.60 (minor)

    [ ] 416.30 (joint stock company/association)  [ ] 416.70 (ward or conservatee)

    [ ] 416.40 (association or partnership)  [ ] 416.90 (authorized person)

    [ ] 416.50 (public entity)       [ ] 415.46 (occupant)

                            [ ] other:

7. **Person who served papers**

  a. Name: Brett Szmanda, Esq.

  b. Address: 401 8th Street Apt. C

  c. Telephone number: 818-291-3790

  d. **The fee** for service was: $ 0.00

  e. I am:

    (1) [✓] not a registered California process server.

    (2) [ ] exempt from registration under Business and Professions Code section 22350(b).

    (3) [ ] a registered California process server:

      (i) [ ] owner [ ] employee [ ] independent contractor.

      (ii) Registration No.:

      (iii) County:

8. [✓] **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. [ ] **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: 07-11-2013

Brett Szmanda

▶

NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)             (SIGNATURE)

EXHIBIT G

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name & Address)*<br>Brett Szmanda, Esq<br>2030 Main St, Suite 1040, Irvine CA 92614<br><br>Telephone No. 858.201.3790  Fax No. (Optional)<br>E-Mail Address (Optional)<br>ATTORNEY FOR *(Name)* Plaintiffs Gunawan & Canlas  Bar No. 288688 | FOR COURT USE ONLY<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Orange<br><br>**07/17/2013 at 06:38:00 PM**<br>Clerk of the Superior Court<br>By Irma Cook, Deputy Clerk |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE<br>Civil Complex Center - 751 W. Santa Ana Blvd , Bldg. 36, Santa Ana, CA 92701-4512 | |
| PLAINTIFF / PETITIONER: Liza Gunawan & Danny Canlas | |
| DEFENDANT / RESPONDENT: Hosnyd Wright Employment Agency, Kforce, Inc. & Workway | |
| **CLASS ACTION/B&P 17200 QUESTIONNAIRE** | CASE NUMBER 30-2013-00657245-CU-OE-CXC |
| *(To be filed by counsel for plaintiff/s within 30 days of filing initial complaint)* | DEPT: CX1 01<br>JUDGE: Hon. Gail A. Andler<br>STATUS CONFERENCE DATE: 08/22/2013 |

In response to the conflict of interest issues raised in *Apple Computer, Inc. v. The Superior Court of Los Angeles County* (2005) 126 Cal. App. 4th 1253, counsel for each proposed class representative is to provide the following information under oath to the Court:

1  Is any proposed class representative an attorney?  Yes ____  No __✓__

2  Is any proposed class representative a spouse, child or family member of plaintiff's counsel or of a partner or associate of the law firm of which plaintiff's counsel is a member?  Yes ____  No __✓__

   If yes, explain relationship: _____

3  Within the last 5 years, has any proposed class representative filed prior class action lawsuits using the same plaintiff's counsel or firm as in the present case?  Yes ____  No __✓__

   If yes, explain _____

4  Does any proposed class representative have a business relationship with plaintiff's counsel, including but not limited to, the relationship of law partner, associate, employee, principal, agent, independent contractor, or professional corporation?  Yes ____  No __✓__

   If yes, explain relationship: _____

5  If there is co-counsel, have the attorneys been co-counsel in other class actions?  Yes __✓__  No ____

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct

_____
**DATE**

_____
**SIGNATURE OF COUNSEL FOR PLAINTIFF(S)**

**CLASS ACTION/B&P 17200 QUESTIONNAIRE**

Approved for Mandatory Use
L 277 [New June 1, 2005]

# EXHIBIT H

1   BRENT SZMANDA (SBN 288688)
    JOHN C. RARICK (SBN 285862)
2   2030 Main Street, Suite1040
    Irvine, CA 92614
3   Telephone: (818) 291-3790
    Facsimile: (949) 553-7732
4

5   JAMES KAWAHITO (SBN 234851)
    SHAWN C. WESTRICK (SBN 235313)
6   TIMOTHY P. HENNESSY (SBN 286317)
    KAWAHITO SHRAGA & WESTRICK LLP
7   1990 South Bundy Drive, Suite 280
    Los Angeles, CA 90025
8   Telephone: (310) 746-5300
    Facsimile:  (310) 593-2520
9

10  *Attorneys for Plaintiffs Liza Gunawan and Danny Canalas and Class Members*

11

12              **SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**

13                         **CIVI COMPLEX CENTER**

14

15  LIZA GUNAWAN AND DANNY              Case No.: 30-2013-00657245-CU-OE-CXC
    CANALAS; on behalf of themselves and all
16  others similarly situated,              The Honorable Judge Gail A. Andler

17              Plaintiffs,              **NOTICE OF ASSOCIATION OF**
                                         **COUNSEL**
18
    v.
19
    HOWROYD-WRIGHT EMPLOYMENT
20  AGENCY, INC.; KFORCE INC.;
    WORKWAY, and DOES 1-100,
21
22              Defendants.

23

24

25

26

27

28

ELECTRONICALLY FILED
Superior Court of California,
County of Orange

**08/19/2013** at 02:46:00 PM

Clerk of the Superior Court
By Irma Cook, Deputy Clerk

1  **TO THE HONORABLE COURT AND ALL PARTIES OF RECORD:**

2        **PLEASE TAKE NOTICE** that Brett Szmanda  and John C. Rarick, attorneys of record

3  for Plaintiffs Liza Gunawan and Danny Canalas, hereby associate Kawahito Shraga & Westrick

4  LLP and attorneys James Kawahito, Shawn C. Westrick, and Timothy P. Hennessy as co-counsel

5  for Ms. Gunawan and Mr. Canalas in this matter.  The name, office address, telephone number,

6  fax number, and e-mail addresses for the associated counsel are as follows:

7

8  KAWAHITO SHRAGA & WESTRICK LLP
   1990 South Bundy Drive, Suite 280
9  Los Angeles, CA 90025
   Telephone:  (310) 746-5300
10 Facsimile:  (310) 593-2520

11 Email for attorney James Kawahito:  jkawahito@kswlawyers.com
   Email for attorney Shawn C. Westrick:  swestrick@kswlawyers.com
12 E-mail for attorney Timothy P. Hennessy:  thennessy@kswlawyers.com

13       Attorneys Brett Szmanda and John C. Rarick concur in the filing of this Notice of

14 Association of Counsel.

15

16 DATED:  August 19, 2013          Respectfully Submitted,

17                                         /s/ Brett Szmanda
                                           Brett Szmanda
18                                         Attorney for Plaintiffs

19 DATED:  August 19, 2013          Respectfully Submitted,

20                                         /s/ John C. Rarick
21                                         John C. Rarick
                                           Attorney for Plaintiffs
22

23       Kawahito Shraga & Westrick and attorneys James Kawahito, Shawn C. Westrick, and

24 Timothy P. Hennessy hereby accept the above association.

25

26 DATED:  August 19, 2013          Respectfully Submitted,

27                                         /s/ James Kawahito
                                           James Kawahito
28                                         Attorney for Plaintiffs

1    DATED:  August 19, 2013              Respectfully Submitted,

2                                         /s/ Shawn C. Westrick
                                          Shawn C. Westick
3                                         Attorney for Plaintiffs

4    DATED:  August 19, 2013              Respectfully Submitted,

5                                         /s/ Timothy P. Hennessy
                                          Timothy P. Hennessy
6                                         Attorney for Plaintiffs

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    BRENT SZMANDA (SBN 288688)
     JOHN C. RARICK (SBN 285862)
2    2030 Main Street, Suite1040
     Irvine, CA 92614
3    Telephone: (818) 291-3790
     Facsimile: (949) 553-7732
4

5    JAMES KAWAHITO (SBN 234851)
     SHAWN C. WESTRICK (SBN 235313)
6    TIMOTHY P. HENNESSY (SBN 286317)
     KAWAHITO SHRAGA & WESTRICK LLP
7    1990 South Bundy Drive, Suite 280
     Los Angeles, CA 90025
8    Telephone: (310) 746-5300
     Facsimile: (310) 593-2520
9

10    *Attorneys for Plaintiffs Liza Gunawan and Danny Canalas and Class Members*

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange
**08/19/2013** at 05:37:00 PM
Clerk of the Superior Court
By e Clerk,Deputy Clerk

11

12            **SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**

13                       **CIVI COMPLEX CENTER**

14

15    LIZA GUNAWAN AND DANNY
     CANALAS; on behalf of themselves and all
16    others similarly situated,

17                 Plaintiffs,

18

19    v.

20    HOWROYD-WRIGHT EMPLOYMENT
     AGENCY, INC.; KFORCE INC.;
21    WORKWAY, and DOES 1-100,

22                 Defendants.

     Case No.:  30-2013-00657245-CU-OE-CXC

     The Honorable Judge Gail A. Andler

     **PROOF OF SERVICE**

23

24

25

26

27

28

1

**PROOF OF SERVICE**

2    I am employed in the **County of Los Angeles, State of California.** I am over the age of 18 and not a party to this action; my current business address is **1990 SOUTH BUNDY DR. STE. 280 LOS ANGELES, CA 90025**

3

4    On **August 19, 2013,** I served the foregoing document(s) described as:

5    **NOTICE OF ASSOCIATION OF COUNSEL**

6    on the interested parties in this action as follows:

7    __X__                          BY THE FOLLOWING MEANS:
                    I placed an original enclosed in sealed envelope(s) addressed as follows:

8

9    Brent Szmanda, Esq.
     John C. Rarick, Esq.

10   2030 Main Street, Suite 1040
     Irvine, CA 92614

11

12   __X__   BY MAIL
             __X__    I placed the envelope(s) with postage thereon fully prepaid in the United States

13                    mail, at **Los Angeles, California.**

14           __X__    I am readily familiar with the firm's practice of collection and processing
                      correspondence for mailing with the United States Postal Service; the firm

15                    deposits the collected correspondence with the United States Postal Service that
                      same day, in the ordinary course of business, with postage thereon fully prepaid,

16                    at **Los Angeles, California.** I placed the envelope(s) for collection and mailing
                      on the above date following ordinary business practices.

17

18   __X__   Executed on **August 19, 2013,** at **Los Angeles, California.**

19   __X__           I declare under penalty of perjury under the laws of the State of California that
                     the above is true and correct.

20   __X__           I declare that I am employed in the office of a member of the bar of this court at
                     whose direction the service was made.

21

22

23   **SEBASTIAN BURNSIDE**

24

25

26

27

28

# EXHIBIT I

1  Brett Szmanda, Esq.   Cal. Bar No.: 288688
   Bszmanda@gmail.com

2  John C. Rarick, Esq.   Cal. Bar No.: 285862
   Jr@lawbysrp.com

3  2030 Main Street, Suite 1040
   Irvine, CA 92614

4  Tel: 818-291-3790; Fax: 949-553-7732

5  Attorneys for Plaintiffs

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**08/20/2013** at 05:04:00 PM
Clerk of the Superior Court
By e Clerk, Deputy Clerk

6

7              SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

8                           CIVIL COMPLEX CENTER

9                                      )   Case No.: 30-2013-00657245-CU-OE-CXC

10  LIZA GUNAWAN & DANNY               )   Honorable Judge Gail A. Andler
    CANALAS; on behalf of themselves and )

11  all others similarly situated,     )
                                       )   **PLAINTIFFS' CASE MANAGEMENT**
12  Plaintiff,                         )   **STATEMENT**
                                       )
13  v.                                 )
                                       )
14  HOWROYD-WRIGHT EMPLOYMENT          )   Conference Date:    August 27th, 2013
    AGENCY, INC.;                      )   Conference Time:    9:00 AM
15  KFORCE INC.;                       )   Department:         CX101
16  WORKWAY, and DOES 1-100.           )
                                       )
17  Defendants.                        )
                                       )
18  _____)

19

20

21       Plaintiffs Gunawan and Canlas hereby submit their summary of their case.

22                        <u>Objective Summary of the Case</u>

23       The Plaintiffs Gunawan and Canlas (collectively "Plaintiffs"), in this class action case,

24  seek for themselves and the putative class members, relief in the form of back wages, civil

25  penalties and injunctive relief for Defendants' violations of California's laws governing the

26  payment of wages. Defendants Howroyd-Wright Employment Agency, Inc., Kforce, Inc., and

27  Workway (collectively "Defendants") are all temporary employment agencies.  Defendants

28  employed Plaintiffs and other individuals throughout the state of California.  As part of

<u>PLAINTIFFS' CASE MANAGEMENT STATEMENT:  GUNAWAN & CANLAS v HOWROYD-WRIGHT et. al</u>

1

Plaintiffs' employment, Defendants sent Plaintiffs and other putative class members to interview with third party clients for positions.  Plaintiffs contend that Defendants had a uniform policy not to compensate Plaintiffs and other Class Members for the time spent at these interviews in violation of the California Labor Code.  Therefore, the  primary issue in this action revolves around whether temporary employment agencies operating within the State of California are obligated to compensate their temporary employees for the time spent by them participating in interviews with clients of the employment agencies.[1]

Plaintiffs also have a separate claim against defendant Kforce, Inc. related to its use of debit cards to provide final payment of all outstanding wages upon termination.  Plaintiffs contend that this practice is prohibited by law and has resulted in unlawful deductions to Plaintiffs' and the putative class members' wages.


<u>Procedural Status</u>

Plaintiffs Gunawan and Canlas filed their original class action complaint on June 17th, 2013, and subsequently filed a First Amended Complaint on June 27th, 2013.  Plaintiffs served all Defendants on July 11th, 2013 by mail and acknowledgment of receipt of service in compliance with the California Code of Civil Procedure § 415.30.  Defendant Workway acknowledged receipt of service on August 5th, 2013, and Defendant Kforce, Inc. acknowledged receipt of service on July 31st, 2013.  Defendant Howroyd-Wright Employment Agency, Inc. was personally served on August 13th, 2013, after failing to acknowledge receipt of service originally sent by mail on July 11th, 2013.

---

[1]  In *Sullivan v. Kelly Services, Inc.* 2009 U.S. Dist. LEXIS 96544; 2009 WL 335300 (N.D. Cal. Oct. 6, 2009), Judge Wilken of United States District Court for the Northern District of California addressed the issue and found that the California Labor Code requires temporary staffing agencies to compensate their employees for time and expenses related to participating in interviews.

PLAINTIFFS' CASE MANAGEMENT STATEMENT:  GUNAWAN & CANLAS v HOWROYD-WRIGHT et. al

On July 27th, 2013, the Plaintiffs served all Defendants with the Notice of Case Management Conference scheduled for 9:00 am on August 27th, 2013, in Department CX-101.

On August 14th, 2013, Plaintiffs entered into a stipulation extending Defendant Workway's time to file a responsive pleading to September 20th, 2013.  No other appearances have been made by any of the Defendants.

<u>Contentions of the Parties</u>

Plaintiffs Gunawan and Canlas contend that they are entitled to back wages for the time they spent interviewing with the Defendants' current and potential clients, as well as civil penalties for the Defendants' intentional failure to pay all of the Plaintiffs' earned wages pursuant to the California Labor Code section 201.3.   Plaintiffs are also seeking injunctive relief pursuant to the California Business and Professions Code section 17203.

Plaintiff Gunawan additionally contends that she and other similarly situated employees of Defendant Kforce, Inc. are entitled to back wages, penalties and injunctive relief for Defendant Kforce, Inc.'s unlawful wage deductions.

While Defendants have not yet responded to the Complaint, it is anticipated that they will deny all liability.


Dated:  August 20, 2013

*Brett Szmanda*
_____

Brett Szmanda, Esq.
Attorney for Plaintiffs
Gunawan & Canlas

1  JOHN C. RARICK SBN 285862
   BRETT SZMANDA SBN 287053
2  2030 Main Street, Suite 1040
   Irvine, CA 92614
3  Telephone: 818.291.3790
   Facsimile: 949.553.7732
4
   JAMES KAWAHITO (SBN 234851)
5  SHAWN C. WESTRICK (SBN 235313)
   TIMOTHY P. HENNESEY (SBN 286317)
6  KAWAHITO SHRAGA & WESTRICK, LLP
   1990 S. Bundy Drive, Suite 280
7  Los Angeles, CA 90025
   Telephone: 310.746.5300
8  Facsimile: 310.593.2520

9  *Attorneys for Plaintiffs Liza Gunawan and*
   *Danny Canalas and Class Members.*
10

11

12            SUPERIOR COURT OF THE STATE OF CALIFORNIA

13                        COUNTY OF ORANGE

14                      CIVIL COMPLEX CENTER

15

16  LIZA GUNAWAN & DANNY CANALAS; on        Case No. 30-2013-00657245-CU-OE-CXC
    behalf of themselves and all others similarly
17  situated,                                Honorable Judge Gail A. Andler

18                                           
              Plaintiffs,
19                                           **PROOF OF SERVICE**

20        vs.

21  HOWROYD-WRIGHT EMPLOYMENT
    AGENCY, INC.; KFORCE, INC.;
22  WORKWAY; and DOES 1 - 100,

23
              Defendants.
24

25

26

27

28
                              1/2

PROOF OF SERVICE
Case No. 30-2013-00657245-CU-OE-CXC

ELECTRONICALLY FILED
Superior Court of California,
County of Orange

**08/20/2013** at 05:04:00 PM
Clerk of the Superior Court
By e Clerk,Deputy Clerk

CERTIFICATE OF SERVICE

I, being a U.S. Citizen and greater than eighteen years of age, HEREBY CERTIFY, that I am not a Party to his action, my business address for this matter is 2030 Main Street, Suite 1040 Irvine, CA  92614 and on this 20 day of August, 2013,

I caused to be served by electronic service to the email address listed below through the ONELEGAL.com website and by email to the email addresses listed below the following:

CASE MANAGEMENT STATEMENT  IN THE MATTER OF GUNAWAN ET. AL V. HOWROYD-WRIGHT EMPLOYMENT AGENCY, INC.

TO:

Attorneys for Specially-Appearing Defendant WORKWAY, INC.

Lisa M. Chapman, Esq. (SBN 118113)
Michael J. Wiesner, Esq. (SBN 281849)
ROYSE LAW FIRM, PC
1717 Embarcadero Road
Palo Alto, California    94303
Telephone:   (650) 813-9700
Facsimile:   (650) 813-9777
E-Mail:       lchapman@rroyselaw.com
              mwiesner@rroyselaw.com

Executed on August 20, 2013 at Los Angeles California

:_____/jcrarick/_____

John C. Rarick, Esq.

2/2

PROOF OF SERVICE
Case No.  30-2013-00657245-CU-OE-CXC

EXHIBIT J

1   PAUL R. LYND (State Bar No. 202764)
    plynd@nixonpeabody.com
2   NIXON PEABODY LLP
    One Embarcadero Center, 18th Floor
3   San Francisco, California 94111-3600
    Telephone: (415) 984-8200
4   Fax: (415) 984-8300

5   DALE A. HUDSON (State Bar No. 081948)
    dhudson@nixonpeabody.com
6   NIXON PEABODY LLP
    Gas Company Tower
7   555 West Fifth Street 46th Floor
    Los Angeles, California 90013
8   Telephone: (213) 629-6000
    Fax: (213) 629-6001

9
    Attorneys for Defendant
10  KFORCE INC.

11

ELECTRONICALLY FILED
Superior Court of California,
County of Orange

08/28/2013 at 04:50:00 PM

Clerk of the Superior Court
By Irma Cook, Deputy Clerk

12              SUPERIOR COURT OF THE STATE OF CALIFORNIA

13                 IN AND FOR THE COUNTY OF ORANGE

14                       UNLIMITED JURISDICTION

15

16  LIZA GUNAWAN AND DANNY CANLAS, on        Hon. Gail A. Andler
    behalf of themselves and all others similarly
    situated,                                 Case No.: 30-2013-00657245-CU-OE-CXC
17
                                              **DEFENDANT KFORCE INC.'S ANSWER
18           Plaintiffs,                       TO PLAINTIFFS' FIRST AMENDED
                                               COMPLAINT FOR DAMAGES,
19      v.                                     PENALTIES, RESTITUTION, AND
                                               INJUNCTIVE RELIEF**
20  HOWROYD-WRIGHT EMPLOYMENT
    AGENCY, INC.; KFORCE INC.; WORKWAY;
21  and DOES 1-100,

22           Defendants.

23       Defendant Kforce Inc. ("Kforce") answers, with affirmative defenses, the unverified First

24  Amended Complaint for Damages, Penalties, Restitution, and Injunctive Relief ("First Amended

25  Complaint") filed by Plaintiffs Liza Gunawan and Danny Canlas on June 27, 2013, with service

26  effective on July 31, 2013. Only Plaintiff Gunawan ("Plaintiff") alleges claims against Kforce in the

27  First Amended Complaint. Kforce answers the First Amended Complaint, with affirmative defenses,

28  as follows:

CASE NO.: 30-2013-00657245-CU-OE-CXC

DEFENDANT KFORCE'S ANSWER TO FIRST AMENDED COMPLAINT

## GENERAL DENIAL

Pursuant to Code of Civil Procedure section 431.30, subdivision (d), Kforce generally denies each and every allegation in the Complaint, and further denies that Plaintiff or any putative class member has been damaged or has sustained any damages, or that she or any putative class member is entitled to any recovery, in any amount, or at all, as a result of the conduct alleged.

## AFFIRMATIVE DEFENSES

AS A FIRST, SEPARATE, AND AFFIRMATIVE DEFENSE, Kforce alleges that the First Amended Complaint fails to state a claim upon which relief can be granted.

AS A SECOND, SEPARATE, AND AFFIRMATIVE DEFENSE, Kforce alleges that it did not employ Plaintiff in any capacity, as it was not Plaintiff's "employer" within the meaning of Industrial Welfare Commission Wage Order No. 4, Labor Code section 18, or any other basis.

AS A THIRD, SEPARATE, AND AFFIRMATIVE DEFENSE, Kforce alleges that all or portions of the First Amended Complaint are barred by the applicable statute of limitations, including, but not limited to, Code of Civil Procedure section 338, subdivision (a), with respect to the First, Third, and Fourth Causes of Action, Code of Civil Procedure section 340, subdivision (a) with respect to the Second and Sixth Causes of Action, and Business and Professions Code section 17208 with respect to the Fifth Cause of Action.

AS A FOURTH, SEPARATE, AND AFFIRMATIVE DEFENSE, Kforce alleges that any violation of the obligation to pay the minimum wage was an act or omission in good faith, and that Kforce had reasonable grounds for believing that the act or omission was not a violation of legal requirements, so that liquidated damages may not be awarded pursuant to Labor Code section 1194.2, subdivision (a).

AS A FIFTH, SEPARATE, AND AFFIRMATIVE DEFENSE, Kforce alleges that the amounts described in Section 7(e) of the Fair Labor Standards Act, 29 U.S.C. section 207(e), must be excluded from the regular rate on which any overtime due, if any, is calculated under California law.

AS A SIXTH, SEPARATE, AND AFFIRMATIVE DEFENSE, Kforce alleges that no penalties may be awarded under Labor Code section 226, subdivision (e) because any failure to

//

1   comply with the requirements of Labor Code section 226, subdivision (a) with respect to itemized

2   wage payment statements was not knowing and intentional on the part of Kforce.

3       AS A SEVENTH, SEPARATE, AND AFFIRMATIVE DEFENSE, Kforce alleges that

4   Plaintiff is not due any waiting time penalties under Labor Code section 203 because any failure to

5   pay wages, or to pay wages timely, was not willful.

6       AS AN EIGHTH, SEPARATE, AND AFFIRMATIVE DEFENSE, Kforce alleges that

7   Plaintiff is not due any waiting time penalties under Labor Code section 203 because there is a bona

8   fide, good faith dispute with respect to its obligation to pay any wages that may be found to have

9   been due, if any.

10      AS A NINTH, SEPARATE, AND AFFIRMATIVE DEFENSE, Kforce alleges that Plaintiff

11  consented to, encouraged, or voluntarily participated in any actions alleged, and thus her claims are

12  barred in whole or in part by the doctrine of consent.

13      AS A TENTH, SEPARATE, AND AFFIRMATIVE DEFENSE, Kforce alleges that

14  Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

15      AS AN ELEVENTH, SEPARATE, AND AFFIRMATIVE DEFENSE, Kforce alleges that

16  Plaintiff's claims and any recovery are barred, in whole or in part, by the doctrine of avoidable

17  consequences or failure to mitigate damages.

18      AS A TWELFTH, SEPARATE, AND AFFIRMATIVE DEFENSE, Kforce alleges that all or

19  portions of Plaintiff's claims are barred by the doctrine of laches.

20      AS A THIRTEENTH, SEPARATE, AND AFFIRMATIVE DEFENSE, Kforce alleges that

21  all or portions of Plaintiff's claims are barred by the doctrine of estoppel.

22      AS A FOURTEENTH, SEPARATE, AND AFFIRMATIVE DEFENSE, Kforce alleges that

23  all or parts of Plaintiff's claims are barred by the doctrine of unclean hands.

24      AS A FIFTEENTH, SEPARATE, AND AFFIRMATIVE DEFENSE, Kforce alleges that

25  Plaintiff's claims are barred in whole or in part because any violation or failure to pay wages was *de*

26  *minimis.*

27  //

28  //

CASE NO.: 30-2013-00657245-CU-OE-CXC          -3-

DEFENDANT KFORCE'S ANSWER TO FIRST AMENDED COMPLAINT

AS A SIXTEENTH, SEPARATE, AND AFFIRMATIVE DEFENSE, Kforce alleges that the First Amended Complaint is barred by the doctrine of release to the extent that Plaintiff and/or any putative class member gave a release of claims in exchange for adequate consideration.

AS A SEVENTEENTH, SEPARATE, AND AFFIRMATIVE DEFENSE, Kforce alleges that, to the extent Plaintiff seeks statutory or civil penalties, such claims must comport with constitutional due process requirements. *See, e.g., State Farm v. Campbell*, 538 U.S. 408 (2003).

AS AN EIGHTEENTH, SEPARATE, AND AFFIRMATIVE DEFENSE, Kforce alleges that, imposition of replicating penalties, as applied to the alleged facts and circumstances of this case, would violate Kforce's due process rights. *See, e.g., Ratner v. Chemical Bank*, 54 F.R.D. 412 (S.D.N.Y. 1972).

AS A NINETEENTH, SEPARATE, AND AFFIRMATIVE DEFENSE, Kforce asserts the affirmative defenses set forth in this Answer against each and every member of any certified class or subclass, in the event that the Court certifies any class or subclass.

## **PRAYER**

WHEREFORE, Kforce prays that:

1.    Plaintiff takes nothing by reason of the Complaint;

2.    The Complaint be dismissed with prejudice;

3.    Judgment be entered against Plaintiff and in favor of Kforce in this action;

4.    The Court award Kforce reasonable attorneys' fees and costs incurred to the extent permitted under applicable law, including, but not limited to, Labor Code section 218.5; and

5.    The Court award Kforce such other and further relief as the Court deems just and proper.

Dated: August 27, 2013

NIXON PEABODY LLP

By: _____
PAUL R. LYND
Attorneys for Defendant
KFORCE INC.

14595384.1

DEFENDANT KFORCE'S ANSWER TO FIRST AMENDED COMPLAINT

# PROOF OF SERVICE

CASE NAME:   *Gunawan v. Howroyd-Wright Employment Agency, Inc., Kforce Inc., et al.*
COURT:         Orange County Superior Court
CASE NO.:     30-2013-00657245-CU-OE-CXC
NP FILE:       054342-000010

        I, the undersigned, certify that I am employed in the City and County of San Francisco, California; that I am over the age of eighteen years and not a party to the within action; and that my business address is One Embarcadero Center, 18th Floor, San Francisco, California 94111-3600.  On this date, I served the following document(s):

**DEFENDANT KFORCE INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES, PENALTIES, RESTITUTION, AND INJUNCTIVE RELIEF**

on the parties stated below, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below by the following means of service:

 _X_ :    By First-Class Mail — I am readily familiar with the firm's practice for collection and processing of correspondence for mailing.  Under that practice, the correspondence is deposited with the United States Postal Service on the same day as collected, with first-class postage thereon fully prepaid, in San Francisco, California, for mailing to the office of the addressee following ordinary business practices.

 ___:    By Overnight Courier — I caused each such envelope to be given to an overnight mail service at San Francisco, California, to be hand delivered to the office of the addressee on the next business day.

 ___:    By Facsimile — From facsimile number [Enter Fax Number] at approximately [Enter Time] A.M./P.M., I caused each such document to be transmitted by facsimile machine, to the parties and numbers listed below, pursuant to Rule 2008.  The facsimile machine I used complied with Rule 2003(3) and no error was reported by the machine.  Pursuant to Rule 2008(e)(4), I caused the machine to print a transmission record of the transmission, a copy of which is attached to the original of this declaration.

 ___  By Electronic Service — The document(s) listed above were served electronically to person(s) listed below to the email address(es) of the person(s) listed below.

Addressee(s)

SEE ATTACHED SERVICE LIST

        I declare under penalty of perjury that the foregoing is true and correct.  Executed on August 28, 2013, at San Francisco, California.

                                          _Jan Vornkahl_
                                          Jan Vornkahl

PROOF OF SERVICE

**SERVICE LIST**

*Gunawan v. Howroyd-Wright Employment Agency, Inc., Kforce Inc., et al.*
Orange County Superior Court
Case No. 30-2013-00657245-CU-OE-CXC

| | |
|---|---|
| Brett Szmanda<br>John C. Rarick<br>The Law Offices of Brett Szmanda<br>2030 Main Street, Suite 1040<br>Irvine, CA 92614<br>Tel:    (818) 291-3790<br>Fax:    (949) 553-7732<br>Email: Bszmanda@gmail.com<br>          Jr@lawbysrp.com<br>*Attorney for Plaintiffs* | James Kawahito<br>Shawn C. Westrick<br>Timothy P. Hennessy<br>Kawahito Shraga & Westrick LLP<br>1990 South Bundy Dr., Ste. 280<br>Los Angeles, CA 90025<br>Tel:  (310) 746-5300<br>Fax: (310) 593-2520<br>*Attorneys for Plaintiffs* |
| Dale A. Hudson<br>NIXON PEABODY LLP<br>Gas Company Tower<br>555 West Fifth St. 46th Floor<br>Los Angeles, CA 90013<br>Telephone: (213) 629-6000<br>Fax: (213) 629-6001<br>Email: dhudson@nixonpeabody.com<br>*Attorney for Defendant Kforce Inc.* | |

14551145.1

-2-

PROOF OF SERVICE

**Vornkahl, Jan**

| | |
|---|---|
| **From:** | Lynd, Paul |
| **Sent:** | Wednesday, August 28, 2013 5:07 PM |
| **To:** | Vornkahl, Jan |
| **Subject:** | FW: eService Alert! Case No. 30-2013-00657245-CU-OE-CXC. Answer to Amended Complaint |


-----Original Message-----
From: eService@onelegal.com [mailto:eService@onelegal.com]
Sent: Wednesday, August 28, 2013 4:48 PM
To: Lynd, Paul
Subject: eService Alert! Case No. 30-2013-00657245-CU-OE-CXC. Answer to Amended Complaint

This is to inform you that you are being served electronically. To view the details of this service and view the eService documents, click on the link below or copy and paste the link into your browser.

eSERVICE SUMMARY

Submitted By:     Paul R. Lynd
Submitted On:     Wed, Aug 28, 2013

eService Recipient: Paul R. Lynd
Email:           plynd@nixonpeabody.com

Court:           Superior Court of California, Orange County
Case No.:        30-2013-00657245-CU-OE-CXC
Case Title:      Gunawan vs. Howroyd-Wright Employment Agency, Inc.

https://cweb2.onelegal.com/es.aspx?id=ISYKSBFHVT

DOCUMENTS SUMMARY

Answer to Amended Complaint


THIS IS BEING SENT FROM AN UNMONITORED MAILBOX. PLEASE DO NOT REPLY TO THIS EMAIL. IF YOU HAVE QUESTIONS, PLEASE CONTACT One Legal Customer Support at: support@onelegal.com or 800-938-8815.


Re: 7831913

113MS78678047.tif / 8/30/2013 6:12:56 PM

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )
Liza Gunawan and Danny Canlas, on behalf of themselves and all others similarly situated

**DEFENDANTS** ( Check box if you are representing yourself ☐ )
Howroyd-Wright Employment Agency, Inc.; Kforce Inc.; Workway

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Brett Szmanda          (818) 291-3790
John C. Rarick
2030 Main Street, Ste. 1040
Irvine, CA 92614

**Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Paul R. Lynd          (415) 984-8200
Nixon Peabody LLP
One Embarcadero Center, 18th Floor
San Francisco, CA 94111
Attorney for Defendant Kforce Inc.

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff
☐ 2. U.S. Government Defendant
☐ 3. Federal Question (U.S. Government Not a Party)
☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1. Original Proceeding
☒ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☒ Yes ☐ No   ☒ **MONEY DEMANDED IN COMPLAINT: $** 1.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Removal under Class Action Fairness Act, 28 U.S.C. 1332(d)(2).  Complaint alleges various wage and hour claims.

**VII. NATURE OF SUIT** (Place an X in one box only.)

**OTHER STATUTES**
☐ 375 False Claims Act
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/Etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced & Corrupt Org.
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 850 Securities/Commodities/Exchange
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 893 Environmental Matters
☐ 895 Freedom of Info. Act
☐ 896 Arbitration
☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision
☐ 950 Constitutionality of State Statutes

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.)
☐ 153 Recovery of Overpayment of Vet. Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment

**REAL PROPERTY CONT.**
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**
**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury-Med Malpratice
☐ 365 Personal Injury-Product Liability
☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 465 Other Immigration Actions

**TORTS**
**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
☐ 440 Other Civil Rights
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accomodations
☐ 445 American with Disabilities-Employment
☐ 446 American with Disabilities-Other
☐ 448 Education

**PRISONER PETITIONS**
**Habeas Corpus:**
☐ 463 Alien Detainee
☐ 510 Motions to Vacate Sentence
☐ 530 General
☐ 535 Death Penalty
**Other:**
☐ 540 Mandamus/Other
☐ 550 Civil Rights
☐ 555 Prison Condition
☐ 560 Civil Detainee Conditions of Confinement

**FORFEITURE/PENALTY**
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 740 Railway Labor Act
☐ 751 Family and Medical Leave Act
☒ 790 Other Labor Litigation
☐ 791 Employee Ret. Inc. Security Act

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405 (g))
☐ 864 SSID Title XVI
☐ 865 RSI (405 (g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS-Third Party 26 USC 7609

**FOR OFFICE USE ONLY: Case Number:**   SACV13-01356 CJC (SHx)

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

08/30/2013 16:59          714 836 4449          From:Court Link Inc.          #791 P.014/025

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ NO  ☐ YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☒ NO  ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County (both Plaintiffs) | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County (Defendants Howroyd-Wright Employment Agency Inc. and Workway) | Florida (Defendant Kforce Inc.) |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

*****Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _Paul R. Lo_  DATE: August 28, 2013

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

American LegalNet, Inc.
www.FormsWorkFlow.com