James Kawahito (State Bar No. 234851)
jkawahito@kswlawyers.com
Megan S. Knize (State Bar No. 257970)
mknize@kswlawyers.com
Timothy P. Hennessy (State Bar No. 286317)
thennessy@kswlawyers.com
KAWAHITO SHRAGA & WESTRICK LLP
1990 South Bundy Drive, Suite 280
Los Angeles, California 90025
Telephone: (310) 746-5300
Facsimile: (310) 593-2520

Attorneys for Plaintiffs
Liza Gunawan and Danny Canlas,
on behalf of themselves and all others similarly situated

Additional counsel listed on next page

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIZA GUNAWAN AND DANNY CANLAS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HOWROYD-WRIGHT EMPLOYMENT AGENCY, INC.; KFORCE INC.; WORKWAY; and DOES 1-100,<br><br>Defendants. | Case No.: 8:13cv1356 CJC(AGRx)<br><br>**JOINT REPORT PURSUANT TO FRCP 26(f)** |

//

Additional counsel for the parties:

Brett Szmanda (State Bar No. 288688)
brett@szmandalaw.com
401 8th Street, Ste. C
Huntington Beach, California 92648
Telephone: (818) 291-3790
Facsimile: (360) 851-7730

Attorneys for Plaintiffs
Liza Gunawan and Danny Canlas,
on behalf of themselves and all others similarly situated


Paul R. Lynd (State Bar No. 202764)
plynd@nixonpeabody.com
NIXON PEABODY LLP
One Embarcadero Center, 18th Floor
San Francisco, California 94111-3600
Telephone: (415) 984-8200
Fax: (415) 984-8300

Attorneys for Defendant
KFORCE INC.

DALE A. HUDSON (State Bar No. 081948)
dhudson@nixonpeabody.com
NIXON PEABODY LLP
Gas Company Tower
555 West Fifth St. 46th Floor
Los Angeles, CA 90013
Telephone: (213) 629-6000
Fax: (213) 629-6001

Attorneys for Defendant
KFORCE INC.

Additional counsel for the parties:

Lisa M. Chapman (State Bar No. 118113)
lchapman@rroyselaw.com
Michael J. Wiesner (State Bar No. 281849)
mwiesner@rroyselaw.com
ROYSE LAW FIRM, PC
1717 Embarcadero Road
Palo Alto, California 94303
Telephone: (650) 813-9700
Facsimile: (650) 813-9777

Attorneys for Defendant
WORKWAY

Plaintiffs Liza Gunawan and Danny Canlas, on behalf of themselves and all others similarly situated, Defendant Kforce Inc. ("Kforce"), and Defendant Workway (collectively, the "Parties"), by and through their counsel, submit this Joint Report pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 26-1. Counsel for the three Parties conferred on November 5, 2013 and submit this Joint Report based on that meeting. In doing so, counsel for the Parties took account of the Court's Order on October 31, 2013 directing Defendants Kforce and Workway to file early Motions for Summary Judgment, which could significantly affect discovery and scheduling issues in this case.

## I. JURISDICTION

Plaintiffs originally filed this lawsuit in Orange County Superior Court. On August 30, 2013, Kforce removed the action to this Court pursuant to the Class Action Fairness Act. On September 10, 2013, Plaintiffs filed a Notice of Dismissal pursuant to Federal Rule of Civil Procedure 41, voluntarily dismissing Defendant Howroyd-Wright Employment Agency, Inc. from the action.

## II. STATEMENT OF FACTS AND ISSUES

Plaintiffs allege a putative wage and hour class action against Kforce and Workway. Against both Defendants, Plaintiffs allege claims under California law for the alleged failure to pay minimum wage for interview time, the alleged failure to provide accurate itemized wage payment statements, for waiting time penalties, and for alleged unfair business practices. Plaintiff Gunawan also alleges a cause of action against Kforce concerning the allegedly unlawful payment of wages by debit card. Plaintiffs also seek penalties under the Private Attorneys General Act ("PAGA"). Plaintiffs allege different putative classes against Kforce and Workway.

Defendants deny all of Plaintiffs' claims and maintain that Plaintiffs are not due any recovery from Defendants.

## III. COMPLEX CASE

This case is a putative class action. Plaintiffs allege separate classes involving

Kforce and Workway. The Parties believe that the case is complex. The Parties further believe that the procedures of the Manual for Complex Litigation could be utilized in this case without modification.

### IV. MOTION PRACTICE AND SCHEDULE

Workway filed a Motion to Dismiss Plaintiffs' first and second causes of action (for failure to pay minimum wage and failure to provide accurate wage statements, respectively.) On October 31, 2013, the Court issued an Order converting Workway's Motion to Dismiss into a Motion for Summary Judgment. Based on Kforce's representation that it intends to file a motion on issues similar to the issues raised in Workway's Motion to Dismiss, the Court also directed Kforce to file a Motion for Summary Judgment. The Court ordered that Workway and Kforce file their Motions for Summary Judgment by November 25, 2013, further ordering a briefing schedule and hearing on January 13, 2014.

Defendants note that Plaintiffs have indicated the intention to file cross-Motions for Summary Judgment, a matter not addressed in the Court's October 31, 2013 Order.

The Court's rulings on the early Motions for Summary Judgment could significantly affect the proceedings in this case. If this case proceeds as a class action on any claims, Kforce and Workway would oppose any Motion for Class Certification.

Kforce and Workway also anticipate bringing further Motions for Summary Judgment on any claims not covered by their early Motions for Summary Judgment or still remaining after the Court's ruling on those motions, as further discovery may impact any remaining claims. Kforce and Workway request the ability to bring such subsequent motions within any schedule ordered by the Court.

Kforce and Workway also note that, although Plaintiffs assert similar claims against them, there is in fact no relationship between Kforce and Workway. Thus, Kforce and Workway would request bifurcation or severance of proceedings involving them at trial.

//

### V. ADR/SETTLEMENT

The Parties agree on private mediation as the appropriate ADR method in this case. At this stage, in light of the Court's October 31, 2013 Order, the Parties further agree that it is premature to select a private mediator or a mediation date. No settlement discussions have taken place.

### VI. INITIAL DISCLOSURES

The Parties agree that the initial disclosures from all Parties will be due on November 25, 2013.

### VII. DISCOVERY

Other than agreeing that initial disclosures from all Parties will be due on November 25, 2013, the Parties agree that discovery shall be conducted within the specifications of Federal Rule of Civil Procedure 26. In particular, the Parties agree that the limitations on the frequency and extent of discovery, such as with respect to the allowed number of depositions, documents requests, interrogatories, and admissions requests, as set forth in the Federal Rules of Civil Procedure should apply.

### VIII. EXPERT WITNESSES

The Parties agree that the timing for the disclosure of any expert witnesses should be in accordance with the timing set forth in Federal Rule of Civil Procedure 26(a)(2).

### IX. DISCOVERY SCHEDULE AND CASE DATES

The Parties note that the Court's October 31, 2013 Order and resulting early Motions for Summary Judgment could affect the scope of the case significantly, depending on the Court's ruling. The Parties also do not know when the Court may rule on those motions. As a result, the Parties agree that it would be more appropriate to defer discussion and setting of further dates until after the Court's ruling on the Motions for Summary Judgment. Plaintiffs agree, within a week of the issuance of the Court's ruling on the Motions for Summary Judgment, to meet and confer with Defendants regarding filing an addendum to this Joint Report.

Plaintiffs acknowledge their duty to preserve relevant documents in accordance with relevant rules and law. Plaintiffs expect that Defendants have instituted document retention policies to preserve e-mail and electronic documents as well as create repositories of documents relevant to the issues in this case. Plaintiffs also believe/expect Defendants have a litigation hold in effect covering discoverable documents in this case.

Defendants have taken all required and appropriate steps to preserve evidence, including e-mail and electronic information. Defendants further anticipate that Plaintiffs have done the same.

## X. TRIAL ESTIMATE

Plaintiffs request a jury trial. Defendants request a non-jury trial. The Parties note that, at this stage, it is difficult to estimate a trial date in light of the Court's October 31, 2013 Order and the early Motions for Summary Judgment. The Parties would have a better sense after the Court's ruling on those motions. Kforce and Workway further note that their position that proceedings for trial should be severed or bifurcated with respect to Kforce and Workway because there is no relationship between those defendants.

If the case proceeded to trial as a class action, Kforce preliminarily estimates a trial length of seven days on the claims involving Kforce.

## XI. ADDITIONAL PARTIES

The Parties are not aware of any anticipated additional parties.

## XII. RELATED CASES

At this time, two related cases exist in the Central District: *Wright v. Randstad,* SACV 8:13-cv-00815-CJC-AGRx and *Gunawan v. Randstad,* SACV 8:13-cv-01464-CJC-AGR. On September 4, 2013, Kforce filed a Notice of Pendency of Other Actions or Proceedings, identifying a case pending against Defendant Howroyd-Wright Employment Agency in California state court and involving similar issues. Plaintiffs have dismissed Howroyd-Wright Employment Agency as a defendant.

JOINT REPORT PURSUANT TO FRCP 26(f)

### XIII. INTERESTED PARTIES

The Parties have filed their respective Certificates of Interested Parties. Kforce submitted its disclosure on August 30, 2013, followed by Workway on September 20, 2013, and by Plaintiffs on October 1, 2013.

Dated: November 18, 2013     NIXON PEABODY LLP

By:     /s/ Paul R. Lynd
Paul R. Lynd
Attorneys for Defendant
KFORCE INC.

Dated: November 18, 2013     ROYSE LAW FIRM, PC

By:     /s/ Lisa M. Chapman
Lisa M. Chapman
Attorneys for Defendant
WORKWAY

Dated: November 18, 2013     KAWAHITO SHRAGA & WESTRICK LLP

By:     /s/ Megan S. Knize
Megan S. Knize
Attorneys for Plaintiffs
LIZA GUNAWAN AND DANNY CANLAS,
on behalf of themselves and all others
similarly situated

I hereby certify, under penalty of perjury under the laws of the United States, that I have received permission from Lisa M. Chapman and Megan S. Knize to affix their electronic signatures hereto and to e-file this document.

*/s/ Paul R. Lynd*
Paul R. Lynd
Attorney for Defendant
KFORCE INC.

14718198.2