Paul R. Lynd (State Bar No. 202764)
plynd@nixonpeabody.com
NIXON PEABODY LLP
One Embarcadero Center, 18th Floor
San Francisco, California 94111-3600
Telephone:  (415) 984-8200
Fax:  (415) 984-8300

DALE A. HUDSON (State Bar No. 081948)
dhudson@nixonpeabody.com
NIXON PEABODY LLP
Gas Company Tower
555 West Fifth St. 46th Floor
Los Angeles, CA 90013
Telephone: (213) 629-6000
Fax: (213) 629-6001

Attorneys for Defendant
KFORCE INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIZA GUNAWAN AND DANNY CANLAS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HOWROYD-WRIGHT EMPLOYMENT AGENCY, INC.; KFORCE INC.; WORKWAY; and  DOES 1-100,<br><br>Defendants. | Case No.:  8:13cv1356 CJC(AGRx)<br><br>**DEFENDANT KFORCE INC.'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**<br><br>Date:          January 27, 2014<br>Time:          1:30 pm<br>Courtroom:    9B<br>Judge:      The Hon. Cormac J. Carney |

# TABLE OF CONTENTS

I.   INTRODUCTION ....................................................................................... 1

II.  THERE IS NO GENUINE ISSUE OF MATERIAL FACT THAT
     PLAINTIFF AND KFORCE HAD NOT FORMED AN
     EMPLOYMENT RELATIONSHIP WHEN SHE INTERVIEWED
     WITH TRG. .............................................................................................. 3

III. LEGAL ARGUMENT ............................................................................... 8

     A.   Plaintiff's First Cause of Action Fails Because She Was Not
          An "Employee" During Her TRG Interview. ............................... 8

          1.   Kforce Did Not Exercise Control Over Plaintiff's
               Wages, Hours, and Working Conditions With Respect
               to the TRG Interview. .................................................... 10

          2.   Kforce Did Not Suffer or Permit Plaintiff to Work. ....... 14

          3.   Kforce and Plaintiff Did Not Form a Common Law
               Employment Relationship ............................................. 15

     B.   Plaintiff's Itemized Wage Statement Claims in Her Second
          Cause of Action Should be Dismissed, As Sought in Kforce's
          Motion. ...................................................................................... 17

     C.   Plaintiff's Third Cause of Action Must Be Dismissed
          Because Plaintiff Lacks a Private Right of Action. ................... 19

     D.   Plaintiff's Fourth Cause of Action for Waiting Time
          Penalties Fails............................................................................ 21

IV.  CONCLUSION ...................................................................................... 21

KFORCE INC.'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

## <u>TABLE OF AUTHORITIES</u>

**FEDERAL CASES**

*Arredondo v. Delano Farms Co.*,
   922 F.Supp.2d 1071 (E.D. Cal. 2013) ...............................................12

*C.F. v. Capistrano Unified School District*,
   615 F.Supp.2d 1137 (C.D. Cal. 2009)...........................................3, 7

*Carmen v. San Francisco Unified School Dist.*,
   237 F.3d 1026 (9th Cir. 2001) .........................................................18

*Elliott v. Spherion Pacific Work, LLC*,
   572 F.Supp.2d 1169 (C.D. Cal. 2008).............................................18

*Fair Housing Council of Riverside County, Inc. v. Riverside Two*,
   249 F.3d 1132 (9th Cir. 2001) ...........................................................3

*Fleming v. Dollar Tree Stores, Inc.*,
   2006 U.S. Dist. LEXIS 67749 (N.D. Cal. Sept. 15, 2006).............19

*Hakopian v. Mukasey*,
   551 F.3d 843 (9th Cir. 2008) .............................................................3

*Loud v. Eden Medical Center*,
   2013 U.S. Dist. LEXIS 122873 (N.D. Cal Aug. 28, 2013) .............18

*Mathias v. Rent-A-Center, Inc.*,
   2010 U.S. Dist. LEXIS 121485 (E.D. Cal. Oct. 28, 2010)..............20

*Smith v. Marsh*,
   194 F.3d 1045 (9th Cir. 1999) .........................................................18

*Sullivan v. Kelly Services, Inc.*,
   2008 U.S. Dist. LEXIS 91608 (N.D. Cal. Nov. 12, 2008 ................8

*Sullivan v. Kelly Services, Inc.*,
   2009 U.S. Dist. LEXIS 96544 (N.D. Cal. Oct. 16, 2009) ..........passim

**STATE CASES**

*Amaral v. Cintas Corp. No. 2*,
   163 Cal.App.4th 1157 (2008) ..........................................................21

ii

KFORCE INC.'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

*Estrada v. FedEx Ground Package System, Inc.*,
   154 Cal.App.4th 1 ...................................................................................15, 16

*Evangelatos v. Superior Court*,
   44 Cal.3d 1188 (1988) ...................................................................................19

*Futrell v. Payday California, Inc.*,
   190 Cal.App.4th 1419 (2010) ...................................................................11, 16

*MacIssac v. Waste Management Collection & Recycling*,
   134 Cal.App.4th 1076 (2005) ..........................................................................11

*Martinez v. Combs*,
   49 Cal.4th 35 (2010) ...............................................................................passim

*Mitchell v. Hizer*,
   73 Cal.App.3d 499 (1977) ..................................................................................8

*S.G. Borello & Sons, Inc. v. Dept. of Industrial Relations*,
   48 Cal.3d 341 (1989) ........................................................................................16

*State Compensation Ins. Fund v. Worker's Compensation Appeals Board*,
   59 Cal.App.3d 647 (1976) ..................................................................................8

**STATE STATUTES**

Cal. Bus. & Prof. Code § 17200 ............................................................................21

Cal. Labor Code § 212 .................................................................................19, 20

Cal. Labor Code § 213 .................................................................................19, 20

Cal. Labor Code § 221 .................................................................................19, 20

Cal. Labor Code § 223 .................................................................................19, 20

Cal. Labor Code § 225.5 ......................................................................................20

Cal. Labor Code § 226 .............................................................................17, 18, 19

Cal. Labor Code § 2699.3, 2699.5 .......................................................................20

**RULES**

Fed. R. Civ. P. 56(a) ...........................................................................................19

iii

**LEGISLATIVE MATERIALS**

Cal. Stats. 2012, Chapter 843 ................................................................... 19

**CONSTITUTIONAL PROVISIONS**

Cal. Const., Article IV, § 8(c)(1)-(2) ........................................................ 19

KFORCE INC.'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

## I.    INTRODUCTION

In her Opposition to Kforce Inc.'s ("Kforce") Motion, Plaintiff Liza Gunawan continues unsuccessfully to try to fit a square peg into a round hole.  Plaintiff persists in trying to squeeze within *Sullivan v. Kelly Services, Inc.*, 2009 U.S. Dist. LEXIS 96544 (N.D. Cal. Oct. 16, 2009).  Plaintiff contends that *Sullivan* somehow establishes that she was an "employee" at the time of her Title Resource Group ("TRG") interview.  That decision is inapposite.  Not only did that decision not decide whether the plaintiff there was an "employee," its recognition that her employment with the staffing firm did not begin until the first day of her assignment – despite two previous interviews – is fatal to Plaintiff's claim seeking pay for time interviewing with TRG.  Even more, Plaintiff concedes that she only was "interviewing for employment" during that interview.  FAC ¶ 33.  "Interviewing for employment" necessarily is preliminary to employment, so Plaintiff admittedly thus cannot have been an "employee" during the interview for which she now seeks to be paid.  In her Opposition, Plaintiff sidesteps this concession, which is binding on her as a judicial admission.

Plaintiff was an applicant – and not yet an employee – at the time of her TRG interview.  The fact that Plaintiff initially had a screening interview with Kforce, followed by a second interview with TRG, to determine whether she would be hired for an initial assignment is unremarkable in the real world hiring process.  The requirement of a second interview did not automatically make Plaintiff an "employee." Many prospective employers require an applicant to attend second (or even more) interviews as part of the hiring process, in order to complete the process and make a decision.  Contrary to Plaintiff's claims, the fact that a prospective employer requires a second interview – and necessarily schedules a time and place, or asks an applicant to bring certain items to the interview, among other things – does not create an employment relationship.  Such a result would be absurd, which the rules of statutory interpretation require the Court to avoid.   It potentially would require every prospective employer to pay an applicant for any second interview.

KFORCE INC.'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

In reality, when Plaintiff interviewed with TRG, she still was only an applicant in all respects. She previously never had an assignment nor had been employed by Kforce. With the prospective assignment that Kforce was looking to fill at TRG, Plaintiff was merely an applicant with respect to Kforce and TRG. The second interview – which is very common in employment hiring situations – was necessary for TRG to make a final decision. If favorable, then Plaintiff might be hired through Kforce for this initial assignment. The TRG interview here thus was nothing more than a second interview to determine whether Plaintiff would be hired in the first instance. In a sense, too, both Plaintiff and Kforce were applicants with respect to TRG and the potential initial assignment for Plaintiff at the time of the TRG interview.

Even though Plaintiff now claims (without any evidentiary support) that she was "selling" Kforce's services, or was an "ambassador" or "emissary" on her interview, there is no genuine issue of material fact that Plaintiff was not yet a Kforce employee at that time. However Plaintiff now chooses to characterize herself, she still was only an applicant and candidate then. In actuality, the undisputed facts establish that Plaintiff never had worked for Kforce before her TRG assignment, her interview with TRG was for an initial assignment, and she did not receive an offer or accept it until after her TRG interview. Importantly, Plaintiff did not complete any new hire paperwork for Kforce until <u>after</u> her TRG interview, and she received and accepted an offer of the initial assignment. Plaintiff now backtracks and concedes this point.

Under any standard, Plaintiff cannot establish that she was an "employee." She thus cannot be owed any wages for that time. Her First Cause of Action and related claims thus fail. Plaintiff fails to provide argument supporting the various claims in her Second Cause of Action. She also fails to demonstrate that she has a private right of action on the claims in her Third Cause of Action. Her Fourth and Fifth Causes of Action fail as well. Therefore, Kforce's Motion should be granted.

//

//

KFORCE INC.'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

## II.  THERE IS NO GENUINE ISSUE OF MATERIAL FACT THAT PLAINTIFF AND KFORCE HAD NOT FORMED AN EMPLOYMENT RELATIONSHIP WHEN SHE INTERVIEWED WITH TRG.

Following Plaintiff's Opposition, Kforce summarizes the following material facts as undisputed.  They demonstrate that there is no genuine issue of material fact that Plaintiff was not an "employee" of Kforce at the time of her interview.  Instead, they demonstrate that there was not an employment relationship formed until <u>after</u> the TRG interview.[1]  Because there are cross-motions, Kforce may rely on materials regardless of the motion under which they were submitted.  *Fair Housing Council of Riverside County, Inc. v. Riverside Two*, 249 F.3d 1132, 1135-1137 (9th Cir. 2001); *C.F. v. Capistrano Unified School District*, 615 F.Supp.2d 1137, 1140-1141 (C.D. Cal. 2009).

Plaintiff concedes in her First Amended Complaint that she was only "interviewing for employment" when interviewing at TRG and in related activities. FAC ¶ 33.  "Allegations in a complaint are considered judicial admissions." *Hakopian v. Mukasey*, 551 F.3d 843, 846 (9th Cir. 2008).  This admission concedes that Plaintiff cannot have been an employee at the time, as "interviewing for employment" necessarily precedes being an employee yet.  Plaintiff's admission here that she was not an employee at the time of the TRG interview binds her.

Plaintiff does not dispute the following: Kforce locates candidates to fill

_____

[1] Kforce notes that, again in Plaintiff's Opposition to Kforce's Motion, Plaintiff makes numerous unsupported factual assertions, particularly in the introduction to her Opposition.  Among them, she makes assertions about Kforce's business and her alleged role, without any evidentiary support.  They also improperly assume that Plaintiff was an "employee" when she interviewed for an initial assignment, making a leap in assuming the ultimate issue that Plaintiff must prove.  These unsupported assertions must be disregarded.  Plaintiff's Opposition also appears to have been copied in most respects from her Opposition to Defendant's Workway's Motion, as her Opposition addressed to Kforce's Motion several times refers to "Workway" and refers to arguments by Workway. *See, e.g.,* Dkt. No. 49, pp. 9 n. 5, 11.

KFORCE INC.'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

positions with clients from various sources, including individuals who have submitted their resumes for possible assignment. If Kforce locates a good prospective candidate, it contacts the candidate to discuss interest. When hired, candidates become a "consultant" as an employee. *See* UMF Nos. 1-3. In June 2012, Kforce sought to fill a large number of positions for TRG on a quick basis. Based on a resume that Plaintiff submitted, Kforce contacted Plaintiff on June 6, 2012 and invited her for an interview at Kforce's Irvine office on June 7, 2012. The interview was for an initial assignment, because Plaintiff had not previously worked for Kforce. *See* UMF Nos. 4-6, 8. Plaintiff attended the interview at Kforce on June 7, 2012, after which Kforce provided a copy of Plaintiff's resume to TRG and e-mailed Plaintiff to schedule an interview at TRG for June 8, 2012. Plaintiff confirmed that she would attend. *See* UMF Nos. 9-13. Plaintiff never asked whether she would be paid for the interview. *See* UMF No. 14.

Plaintiff also does not dispute that she attended the interview on June 8, 2012 at TRG, after which TRG decided to use her for an assignment starting on June 11, 2012. Afterward, Kforce asked her to come in that afternoon to complete her new hire paperwork. *See* UMF No. 17.[2] She further does not dispute that "for her new hire and onboarding paperwork," Kforce took steps to have it prepared and ready for Plaintiff that afternoon. Plaintiff also does not dispute that she confirmed that she would come in that afternoon "to complete her new hire and onboarding paperwork." *See* UMF Nos. 19-20.

---

[2] Although Plaintiff purports to dispute Kforce's UMF No. 18, she fails to show any genuine issue. Plaintiff offers no evidence contradicting the fact that "[w]henever Kforce hired a new consultant, such as Plaintiff, it needed the individual to complete a variety of paperwork for Kforce to establish the new employee and for payroll purposes." Instead, Plaintiff simply claims that she completed an employment application for TRG after her initial interview with Kforce. *See* Dkt. No. 49-1, Pl.'s Statement of Genuine Disputes, UMF No. 18, p. 5. This response fails to show any genuine issue, because completing an employment application alone for another company cannot create any employment relationship, much less with Kforce.

KFORCE INC.'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

With respect to the new hire and onboarding paperwork, Plaintiff does not dispute that Kforce's standard practice has been to prepare such paperwork only <u>after</u> an individual has been offered a position with a client, the individual accepts the offer, and Kforce's Service Coordinator receives a Start Sheet with necessary information. *See* UMF No. 21. *See also* Dkt. No. 35-6, Chandler Decl. ¶ 9, Exh. B, p. 1 (Kforce Candidate Profile showing offer and acceptance of position on afternoon of June 8, 2012). Kforce's Account Manager and Talent Director, Jerri Filicicchia, submitted Plaintiff's Start Sheet on June 8, 2012 after the TRG interview, after which Kforce's Service Coordinator prepared new hire and onboarding paperwork for Plaintiff – as Plaintiff does not dispute. *See* UMF No. 22. Kforce's standard practice has been to add a new consultant, such as Plaintiff, to payroll only after receiving the signed new hire and onboarding paperwork – which Plaintiff again does not dispute. *See* UMF No. 24.[3]

Plaintiff does not dispute that she completed and signed her new hire and onboarding documents on the afternoon of June 8, 2012 at Kforce's office – <u>after</u> the TRG interview and after she accepted an offer of an assignment with TRG through Kforce. At that time, Plaintiff completed and signed a Kforce Employment Application, Kforce's Background & Credit Check Authorization & Release Form, an Employee Agreement, Kforce Pre-Employment Drug Screen Consent and Release Form, Kforce's Confidential Information Agreement, a California employee wage disclosure notice, an Acknowledgement of Kforce's Employment Policies, an Acknowledgement of Kforce's 2012 Hourly Consultant Benefit Fact Sheet, a Kforce Hourly Consultant Emergency Contact Sheet, and an Employee Work Assignment

---

[3] Plaintiff has marked these facts as "Undisputed," while claiming that she has no knowledge. Because she has not disputed them and has not adduced any contrary evidence, there is no genuine issue of material fact.

KFORCE INC.'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

form.  All of these items were dated June 8, 2012.  *See* UMF No. 23; Dkt. No. 35-4, Rodriguez Decl. ¶¶ 6-18, Exh. A-K; Dkt. No. 35-5, Torres Decl. ¶¶ 6-8.

Earlier, with respect to her cross-motion, Plaintiff attempted to claim that she completed this new hire paperwork on June 7, 2012.  *See* Dkt. No. 36-4, Gunawan Decl. ¶ 7.  Now, after being confronted with Kforce's evidence, Plaintiff backtracks and concedes that she "initially thought she completed these documents on June 7, but she actually completed them on June 8."  Dkt. No. 49-1, Pl.'s Statement of Genuine Disputes, p. 6, UMF No. 23.  Instead, Plaintiff now claims that she completed an employment application for TRG on June 7, 2012, before her TRG interview, with all of the new hire paperwork after her TRG interview.  *See* Dkt. No. 49-2, Gunawan Decl. ¶¶ 4, 8.  This turnabout brings Plaintiff's position in line with Kforce's undisputed facts, in which Kforce e-mailed her a copy of TRG's Employment Application on June 7, 2012 and that Plaintiff needed to complete it.  *See* UMF No. 11; Dkt. No. 35-3, Filicicchia Decl. ¶ 5, Exh. A.  Quite obviously, completing a mere employment application for another company is <u>not</u> sufficient to create an employment relationship with Kforce or anyone.

While Plaintiff now attempts to deny that two Kforce representatives told her that there was no guarantee of employment and that she would not be a Kforce employee unless hired for an assignment, there still is no genuine issue of material fact precluding the determination that there was no employment relationship at the time of Plaintiff's TRG interview.  In Opposition, Plaintiff now denies that Kforce's Recruiter Lauren Chandler and Filicicchia told her these things.  Dkt. No. 49-2, Gunawan Decl. ¶¶ 2-3.  However, significantly, Plaintiff does <u>not</u> dispute that Chandler told her that the TRG prospect was "only an opportunity."  *See* Dkt. No. 49-1, Pl.'s Statement of Genuine Disputes, UMF No. 7; Dkt. No. 49-2, Gunawan Decl. ¶ 2; Dkt. No. 35-6, Chandler Decl. ¶ 7.  Plaintiff also does <u>not</u> dispute that Filicicchia told her that, just because Plaintiff interviewed with a Kforce client, the interview did not mean that she would be hired by anyone.  *See* Dkt. No. 49-1, Pl.'s Statement of Genuine Disputes,

6

1  UMF No. 16; Dkt 49-2, Gunawan Decl. ¶ 3; Dkt. No. 35-3, Filicicchia Decl. ¶ 13.

2      Finally, in Opposition to Kforce's Motion, Plaintiff now declares that after her

3  initial interview with Kforce on June 7, 2012, "I thought I was signed up and registered

4  for Kforce and I was ready to act as their representative."  Dkt. No. 49-2, Gunawan

5  Decl. ¶ 3.  Curiously, this statement appeared for the first time in Plaintiff's Opposition

6  to Kforce's Motion.   Nothing even similar appeared in Plaintiff's declaration in

7  support of her simultaneous Cross-Motion for Partial Summary Judgment, even though

8  it involves the same issue of whether there was an employment relationship at the time

9  of her TRG interview.  *See generally* Dkt. No. 36-4, Gunawan Decl.[4]

10     Still, Plaintiff's vague, conclusory, and self-serving statement does not create

11  any genuine issue of material fact.  It does not show that Plaintiff was an employee

12  after her initial interview with Kforce – nor does it even show a subjective belief that

13  Plaintiff thought she was.  Being "signed up and registered" does not mean Plaintiff

14  was an employee, but rather that she was only in consideration for possible

15  employment if at least an assignment arose.  In addition, being "ready to act as their

16  representative" also proves nothing.  It shows simply that Plaintiff was "ready" to

17  work for Kforce if she obtained an assignment.  This statement especially does not

18  support the existence of an employment relationship – or even the subjective belief of

19  one – in light of the undisputed facts that Plaintiff had not yet completed any new hire

20  and onboarding paperwork for Kforce, as well as the undisputed facts that Chandler

21  told her that TRG was "only an opportunity" and Filicicchia told her that, just because

22  Plaintiff interviewed with a Kforce client, the interview did not mean that she would be

23  hired by anyone.  Accordingly, the undisputed facts demonstrate that there was no

24  _____

25  [4]  Even though Plaintiff's previous declaration was in support of her cross-motion, the
26  Court also considers it with respect to this motion and thus cannot ignore this
    seemingly convenient and suspicious change to Plaintiff's story.  *C.F. v. Capistrano*
27  *Unified School District*, 615 F.Supp.2d 1137, 1140-1141 (C.D. Cal. 2009).

28

KFORCE INC.'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

employment relationship with Kforce when Plaintiff interviewed with TRG.

## III.  LEGAL ARGUMENT

### A.  Plaintiff's First Cause of Action Fails Because She Was Not An "Employee" During Her TRG Interview.

Plaintiff's First Cause of Action for minimum wage fails because she was not an "employee" at the time of her TRG interview.  At that time, Plaintiff was only an applicant, still interviewing for an initial assignment and possible hire by Kforce.  She has not shown any genuine issue of material fact to the contrary.

At the outset, Plaintiff overlooks some key points that must be emphasized.  First, an employment relationship is a requisite to any wages being due, a point that is "logically inevitable as no generally applicable rule of law imposes on anyone other than an employer a duty to pay wages."  *Martinez v. Combs*, 49 Cal.4th 35, 49 (2010).  Second, as another logical point that California law recognizes generally in the employment context: "Almost as a matter of definition, a job applicant or seeker of employment is not an employee."  *State Compensation Ins. Fund v. Worker's Compensation Appeals Board*, 59 Cal.App.3d 647, 654 (1976).  *See also Mitchell v. Hizer*, 73 Cal.App.3d 499, 504 (1977)("a job applicant is not an employee").

In addition, on the whole, Plaintiff misstates the critical issue as whether Kforce "exhibited sufficient control" over the interview process and thus owes wages.  Pl. Opp., p. 2: 6-8.  Wrapping her claim around *Sullivan*, she notes its holding that "a staffing agency was required to compensate its employees for time spent interviewing with clients."  *Id.* at 2: 8-12 (emphasis added).  The "employee" part is what distinguishes *Sullivan* from Plaintiff's case.  *Sullivan* involved an individual who completed a staffing agency assignment and then went on interviews for a new assignment.  In a previous decision, the *Sullivan* court determined that the plaintiff continued to be an "employee" after her assignment ended.  *Sullivan v. Kelly Services, Inc.*, 2008 U.S. Dist. LEXIS 91608, at *2-*3, *7-*9 (N.D. Cal. Nov. 12, 2008)(hereinafter, "*Sullivan I*").

8

Plaintiff ignores the earlier decision and this critical point: As a result of the determination in *Sullivan I* that the plaintiff still was an "employee," the decision on which Plaintiff bases her claim simply treated the employment relationship issue as res judicata. *Sullivan v. Kelly Services, Inc.*, 2009 U.S. Dist. LEXIS 96544, at \*16-\*17 and n. 4 (N.D. Cal. Oct. 16, 2009)(hereinafter, "*Sullivan II*"). Because, the plaintiff in *Sullivan* still was an "employee" when she went on subsequent interviews, she sought payment of wages in *Sullivan II*. The *Sullivan II* court's analysis of "control" of interview time thus went to a much different question of whether the interviews constituted "hours worked" for which an employee needed to be paid – rather than if the plaintiff there was an "employee" in the first instance. *See id.* at \*9-\*18. To be clear, contrary to Plaintiff's distortions, <u>nothing</u> in *Sullivan II* held that sending an individual on an interview or any purported control over that process made her an "employee."[5]

In reality, rather than helping Plaintiff, the *Sullivan* decisions devastate her claim. In another critical point that Plaintiff ignores, *Sullivan II* held that someone in Plaintiff's position – interviewing for an initial assignment – is not yet an "employee." There, the court held that employment did <u>not</u> start when the individual had initial interviews, but <u>rather the "employment relationship" began on the "first day of her first temporary assignment" with one of the firm's clients</u>. *Sullivan II, supra,* 2009 U.S. Dist. LEXIS 96544, at \*3 (emphasis added). <u>Even more, the plaintiff in *Sullivan* had two interviews before her initial assignment and when the court found that she became an "employee."</u> *Sullivan I, supra,* 2008 U.S. Dist. LEXIS, at \*2. On these points alone, Plaintiff's claim fails under the *Sullivan* decisions. As discussed below, her

---

[5] Kforce's Opposition to Plaintiff's Cross-Motion for Partial Summary Judgment contains a detailed discussion of the *Sullivan* decisions. *See* Dkt. No. 52, Kforce Opp. to Pl.'s MSJ, pp. 10-13, 16-17.

KFORCE INC.'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

1   claim also fails on all other bases as well.

2        **1.    Kforce Did Not Exercise Control Over Plaintiff's Wages,
3               Hours, and Working Conditions With Respect to the TRG
                Interview.**

4        Kforce was not Plaintiff's employer at the time of the TRG interview under the

5   test "to exercise control over the wages, hours or working conditions." *Martinez,*

6   *supra,* 49 Cal.4th at 64.

7        As discussed in Kforce's previous briefing, Kforce did not exercise control over

8   these aspects because an applicant's interview for initial employment precedes

9   employment, and thus logically does not involve having to set wages, hours, or

10  working conditions.   As the Labor Commissioner recognizes, a simple pre-

11  employment interview or even "tryout time" does not form an employment

12  relationship and is not work. *See* Dkt 35-2, Kforce Req. for Jud. Not., Exh. A, DLSE

13  Manual, § 46.7, p. 46-5.  The fact that Kforce scheduled an agreeable time for the TRG

14  interview does not create an employment relationship.  By necessity, a prospective

15  employer must schedule a time for an interview, rather than unrealistically allowing an

16  applicant to attend whenever she sees fit.

17       In addition, Plaintiff conceded that she only was "interviewing for employment"

18  at the time of the TRG interview.  FAC ¶ 33.  The undisputed facts further show that

19  no new hire paperwork was completed – including items setting Plaintiff's pay rate –

20  until after her TRG interview, and after Plaintiff had been offered and accepted the

21  assignment. *See* UMF No. 23; Dkt. No. 35-4, Rodriguez Decl. ¶¶ 14, 18, Exh. G, K.

22       In her Opposition, Plaintiff insists that Kforce was her employer at the time of

23  the TRG interview simply because it "as the <u>prospective</u> employer, set up an interview

24  with Plaintiff, the <u>prospective</u> employee."  Dkt. No. 49, Pl. Opp., p. 5: 21-23 (emphasis

25  added).  As stated, this argument again concedes that there was not an employment

26  relationship at the time of the interview.  Still, even so, Plaintiff has not shown any

27  genuine issue of material fact with respect to whether Kforce exercised control over

28  her wages, hours, or working conditions such as to be her "employer" when she

KFORCE INC.'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

interviewed with TRG.

Plaintiff first claims that Kforce exercised control over her wages merely by not paying her for the TRG interview time.  Dkt No. 49, Pl. Opp., p. 6: 5-6, 15-19. This argument essentially and incorrectly assumes an employment relationship in the first instance, rather than looking at whether there was an existing employment relationship in which Kforce then exercised control.  The language of the test focuses on an affirmative act "to exercise control" and set wages, rather than inaction.  *Martinez, supra,* 49 Cal.4th at 64.  *See also Futrell v. Payday California, Inc.*, 190 Cal.App.4th 1419, 1429 (2010)(requiring entity to have "exercised control" over wages to be an employer).  That point would not – and did not – arrive until after the interview, and after Plaintiff accepted the TRG assignment and was hired by Kforce.  While Kforce could negotiate Plaintiff's wage rate with TRG for an assignment, that point also would not have any relevance until after Plaintiff had accepted the assignment and been hired.  That downstream possibility did not make Plaintiff an employee when she simply interviewed.

Plaintiff's argument here is absurd, as it would make anyone who did not pay wages an "employer."  Under her reasoning, every prospective employer would be an "employer" for the purposes of an interview regardless of whether it paid the prospective employee for the time or not.  Such an absurd interpretation of the definition of "employer" must be avoided.  *MacIssac v. Waste Management Collection & Recycling*, 134 Cal.App.4th 1076, 1083 (2005).  *See also Martinez, supra,* 49 Cal.4th at 73-74 (refusing to extend "employer" definition to absurd result).[6]

---

[6] *Martinez* was a case of alleged joint employment.  As the California Supreme Court recognized, the test of whether a party exercised control over wages, hours, or working conditions aims more at alleged joint employment situations "in which multiple entities control different aspects of the employment relationship," rather than for determining whether (as here) a single party was an "employer."  *Martinez v. Combs*, 49 Cal.4th 35, 59 (2010).  For that reason, cases finding liability under this prong have

Next, Plaintiff argues that Kforce exercised control over her "hours" and thus was her "employer" because it set the interview time. *See* Dkt. No. 49, Pl. Opp., p. 6: 6-7, 14-15. Nonsense. This argument again presupposes an employment relationship. However, as discussed, the Labor Commissioner holds that simple pre-employment interviews and even "tryout time" do not create an employment relationship or have to be paid because they are not "work." Obviously, setting a time is a necessity for an interview with an applicant. It is illogical to argue that such an act alone creates an employment relationship, which would yield an absurd result of a prospective employer having to pay for any interview that it scheduled. The evidence also does not support Plaintiff's contention that Kforce somehow ordered her to attend an interview at a particular time. Rather, Kforce simply informed Plaintiff of the proposed time and place and asked her to confirm, which Plaintiff did, adding "Thank you for your quick respond." Dkt. No. 35-3, Filicicchia Decl. ¶¶ 5-7, Exh. A-C. Plaintiff has not produced any evidence that she could not have asked to interview at a different time.

Plaintiff further argues that Kforce somehow exercised control over her "working conditions," apparently because it could determine who to hire and fire and handled various aspects related to the interview. Dkt. No. 49, Pl. Opp., pp. 6-7. Again, this argument essentially assumes an employment relationship in the first instance. The fact that Kforce obviously could decide who to hire in the interview process proves nothing. Unquestionably, a prospective employer does decide whom to hire, but Plaintiff's argument would make every prospective employer who interviews an "employer" of everyone it interviews merely because it could decide to hire – an absurd result. Moreover, again, this argument collapses because a mere interview for

_____

involved joint employment situations. *See, e.g, Arredondo v. Delano Farms Co.*, 922 F.Supp.2d 1071, 1087-1089 (E.D. Cal. 2013)(company held to be "employer" when it exercised control over wages by setting pay rates for contractor's employees).

KFORCE INC.'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Case 8:13-cv-01356-CJC-AGR   Document 57   Filed 01/06/14   Page 18 of 26   Page ID #:1190

initial employment cannot involve "working conditions" when an employment relationship does not yet exist. Again, as discussed, the Labor Commissioner has not treated simple pre-employment interviews or even "tryout time" as "work," much less creating an employment relationship.

Finally, Plaintiff falls back into trying to fit her case within *Sullivan II* on these issues. *Id.* at pp. 7-8. She incorrectly asserts that the *Sullivan II* court held that the staffing firm there "employed the plaintiff for purposes of sending the plaintiff out on interviews with client." *Id.* at p. 8: 1-3. As discussed above, this claim is incorrect and misrepresents *Sullivan II*, as the factors Plaintiff lists from that case were <u>not</u> used to determine whether the plaintiff there was an "employee." *Sullivan, supra*, 2009 U.S. Dist. LEXIS 96544, at *9-*18. Plaintiff also incorrectly asserts that *Sullivan II* applied the same test from *Martinez*. Dkt. No. 49, Pl. Opp., p. 8. It did not. Again, *Sullivan II* and *Martinez* involved very different questions. *Sullivan II* concerned whether someone already found to be an "employee" was owed wages for interview time as "hours worked" under the two definitions of that term in the wage order. *Sullivan II, supra,* 2009 U.S. Dist. LEXIS 96544, at *9-*18. *Martinez*, on the other hand, involved the threshold issue of whether an individual was an "employee" at all and applied different tests under different provisions and definitions in the wage order. *Martinez, supra,* 49 Cal.4th at 57-59.

Still, even assuming, *arguendo*, that *Sullivan II* applied the same test, Plaintiff cannot escape its fatal conclusion that the plaintiff's "employment relationship" did not begin until the "first day of her first temporary assignment." *Sullivan II, supra,* 2009 U.S. Dist. LEXIS 96544, at *3. That holding precludes Plaintiff's claim. In sum, *Sullivan II* is no help to Plaintiff.[7]

---

[7] Plaintiff also repeats her reliance on the unreported state trial court order in the AppleOne case. *See* Dkt. No. 49, Pl. Opp., pp. 8-9. That case and order are completely inapposite, as discussed in Kforce's Opposition to Plaintiff's cross-motion.

13

KFORCE INC.'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Accordingly, under the facts and law, Plaintiff has not shown any genuine issue of material fact with respect to whether Kforce somehow exercised control over her wages, hours, or working conditions when she interviewed with TRG. She still was only an applicant, not an "employee" then.

### 2. Kforce Did Not Suffer or Permit Plaintiff to Work.

Kforce did not "suffer or permit" Plaintiff "to work" during her TRG interview. *Martinez, supra,* 49 Cal.4th at 64. As Kforce has argued, the time was only an interview of an applicant for an initial assignment, with no previous employment relationship. Because there was only an interview rather than any productive work performed, Plaintiff cannot have been suffered or permitted to work. Again, the Labor Commissioner has held that pre-employment interview or even "tryout" time is not "work," as long as there is no training, the individual performs no productive work, and the length of time is reasonable. *See* Dkt. No. 35-2, Kforce Req. for Jud. Not., Exh. A, DLSE Manual, § 46.7, p. 46-5. Plaintiff has not demonstrated any genuine issue of material fact otherwise.

Here, there is <u>no</u> evidence or claim that Plaintiff did anything other than be interviewed. She claims that the interview lasted an hour. Under the Labor Commissioner's persuasive authority, this time would not constitute work, so Plaintiff thus cannot have been suffered or permitted to work. Plaintiff disagrees with the Labor Commissioner's interpretation on all three points, but never gives any specific argument why. Instead, she repeats at length her arguments about Kforce's alleged control of the interview process. *See* Dkt. No. 49, Pl. Opp., pp. 10-12. Those arguments have no relevance to the actual question of whether she, in fact, performed work.[8]

---

[8] Plaintiff's discussion here also veers into several irrelevant references to Workway. She also attributes at least one point to Kforce that it never argued, claiming that

---

KFORCE INC.'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Nor, contrary to Plaintiff's argument again, does anything in *Sullivan II* establish that Plaintiff was suffered and permitted to work such that an employment relationship formed solely from the TRG interview. As discussed, *Sullivan II* held that the employment relationship did not begin until the "first day of her first temporary assignment." *Sullivan II, supra,* 2009 U.S. Dist. LEXIS 96544, at *3. Moreover, rather than working or forming an employment relationship, Plaintiff has admitted that she only was "interviewing for employment." FAC ¶ 33. Simply put, there is no genuine issue of material fact that Plaintiff was not suffered or permitted to work.

### 3.  Kforce and Plaintiff Did Not Form a Common Law Employment Relationship.

Finally, Kforce and Plaintiff did not form a common law employment relationship at the time of her TRG interview. Plaintiff has not demonstrated any genuine issue of material fact on this point either.

Plaintiff again repeats all of the ways in which she contends Kforce controlled aspects related to her TRG interview. *See* Dkt. No. 49, Pl. Opp., pp. 13-14. However, contrary to her argument, the common law employment relationship test does not involve an analysis of "control" in the abstract. Rather, it focuses on "control of the details" in the sense of "whether the principal has the right to control the manner and means by which the worker accomplishes the work." *Estrada v. FedEx Ground Package System, Inc.*, 154 Cal.App.4th 1, 10 (emphasis added). Importantly, this test requires that there be actual "work" as a prerequisite.[9]

---

Kforce argued that "a client must agree to pay Kforce in order to trigger an employment relationship." Dkt. No. 49, Pl. Opp., p. 11: 20-21.

[9] *Futrell v. Payday California, Inc.*, 190 Cal.App.4th 1419 (2010), applied the independent contractor test from *S.G. Borello & Sons, Inc. v. Dept. of Industrial Relations*, 48 Cal.3d 341 (1989). *Futrell, supra,* 190 Cal.App.4th at 1434. In *Martinez*, the California Supreme Court declined to decide whether the *Borello* test

KFORCE INC.'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

As discussed above, Plaintiff did not perform any work in her interview. She was not suffered or permitted to work. Under the Labor Commissioner's persuasive authority, the simple pre-employment interview cannot constitute work or be sufficient to form an employment relationship. In addition, Plaintiff emphasizes that Kforce gave Plaintiff tips before the interview and told her how to prepare. Those activities are not sufficient "control" to constitute hours worked, as *Sullivan II* held that interview preparation and similar activities were not compensable. *Sullivan II, supra,* 2009 U.S. Dist. LEXIS 96544, at *15 (preparation and debriefing not compensable, because "[t]ime spent on these activities merely made Plaintiff a better applicant.")

Kforce has addressed in its other briefing how the factors also presuppose the performance of "work," as well as how the various factors in the test either do not apply or favor Kforce. A critical factor is "whether the parties believe they are creating an employer-employee relationship." *Estrada, supra,* 154 Cal.App.4th at 10. Without support, Plaintiff asserts that the parties believed they were creating an employer-employee relationship merely by the fact of the interview. Dkt. No. 49, Pl. Opp., p. 9: 25-27. The undisputed facts and evidence demonstrate the contrary. First, Plaintiff conceded she was only "interviewing for employment," not forming an employment relationship at the time. FAC ¶ 33. Plus, it is undisputed that Plaintiff never asked whether she would be paid for the interview, and Plaintiff was not given and did not complete any new hire paperwork until <u>after</u> the TRG interview. *See* UMF Nos. 14, 19-24. Also, as discussed, Plaintiff has not disputed that she was told that the TRG interview was "only an opportunity" and that her interview did not mean that she would be hired by anyone. UMF Nos. 7, 16. On these facts, the parties – or any commonsense person – cannot have believed that they were creating an employment

---

"has any relevance to wage claims," and held it did not help the plaintiffs' case anyway. *Martinez v. Combs*, 49 Cal.4th 35, 73 (2010).

KFORCE INC.'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

relationship based on a mere interview for a possible initial assignment.

Accordingly, there is no genuine issue of material fact with respect to whether Plaintiff was an "employee" when she interviewed with TRG. She was only an applicant and thus not due wages. Her First Cause of Action should be dismissed.

**B.    Plaintiff's Itemized Wage Statement Claims in Her Second Cause of Action Should be Dismissed, As Sought in Kforce's Motion.**

Except for a brief footnote, without citing any evidence or legal authority, Plaintiff fails to make any argument with respect to her Second Cause of Action. *See* Dkt. No. 49, Pl. Opp., p. 15: 26-28. She has not demonstrated any genuine issue of material fact with respect to the parts of the Second Cause of Action on which Kforce seeks summary judgment.

Plaintiff's only argument is that her wage statement claim "is derivative of her claim for failure to pay minimum wage." *Id.* at p. 15: 26-27. To the extent that Plaintiff's Second Cause of Action covers that issue, it fails because Plaintiff cannot establish the minimum wage claim in her First Cause of Action. Even so, this part of the Second Cause of Action still fails because Plaintiff cannot recover any penalty because any failure to issue an itemized wage payment statement for her interview time was not the result of a "knowing and intentional" failure. Cal. Labor Code § 226(e)(1). As Kforce argued in its Motion, no case previously has held that interview time for initial employment is compensable, so there cannot have been a knowing and intentional failure. *Sullivan I, supra,* 2009 U.S. Dist. LEXIS, *19. Plaintiff offers no argument on this point, thus conceding it.

Plaintiff's failure to offer any argument on the remaining claims in her Second Cause of Action, as raised in Kforce's Motion, also requires that they be dismissed. The Court "is not required to comb the record to find some reason to deny a motion for summary judgment." *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1029 (9th Cir. 2001). Nor is the Court obligated to fashion legal arguments when Plaintiff failed to do so. *Smith v. Marsh*, 194 F.3d 1045, 1052 n. 5 (9th Cir. 1999).

17

With respect to her claim that her wage statements did not list her year-to-date earnings, Plaintiff fails to offer any argument disputing the fact that the statute does not require that information. *See* Cal. Labor Code § 226(a). She does not dispute that her claim that Kforce did not list TRG, or separate her earnings by assignment, fails because that provision was not effective until July 1, 2013 – <u>after</u> she no longer was on assignment for Kforce. *See* Cal. Labor Code § 226(a)(9); UMF No. 26. Plaintiff also does not dispute that her wage statements had her employee number as required by law, a point that she now concedes. *See* UMF No. 35.

Furthermore, Plaintiff offers no argument concerning whether or not the final wage payment statement accurately showed the $310.86 in net pay for the last week of her TRG assignment. Even more, she offers <u>no</u> evidence that she suffered any injury as a result, which is required for any recovery. *Elliott v. Spherion Pacific Work, LLC*, 572 F.Supp.2d 1169, 1181 (C.D. Cal. 2008). *See also Loud v. Eden Medical Center*, 2013 U.S. Dist. LEXIS 122873, at *36-*37 (N.D. Cal Aug. 28, 2013) (injury requires more than missing information.) The itemized wage statement clearly showed this amount was paid to Plaintiff on a "Flex Pay Card," allowing her to promptly and easily know her net pay. *See* FAC, Exh. B. She also admittedly knew the amount of her net pay, thus experiencing no confusion or injury. *See* FAC ¶ 58; *Loud, supra,* 2013 U.S. Dist. LEXIS 122873, at *31-*32.[10]

---

[10] Plaintiff cannot claim any benefit from subsequent revisions to Labor Code section 226 defining when an employee is "deemed to suffer injury." Cal. Labor Code § 226(e)(2)(B)(i). These changes were not effective until January 1, 2013 – <u>after</u> Plaintiff was issued the wage payment statement at issue and had finished her TRG assignment. *See* Cal. Const., Art. IV, § 8(c)(1)-(2)(California legislation effective on January 1 following enactment); Cal. Stats. 2012, ch. 843 (S.B. 1255), § 1 (amending statute); UMF No. 26. California legislation generally is not retroactive, especially when – as here – there is no indication that the change have any retroactive effect. *See Evangelatos v. Superior Court*, 44 Cal.3d 1188, 1193-1194 (1988). In any event, as discussed, Plaintiff was able to "promptly and easily determine" her net pay of $310.86

18

KFORCE INC.'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

1  Accordingly, the parts of Plaintiff's Second Cause of Action identified in

2  Kforce's Motion should be dismissed, as there is no genuine issue of material fact.  *See*

3  Fed. R. Civ. P. 56(a)(summary judgment may be granted on "part of each claim" as

4  identified in motion).

5  **C.  Plaintiff's Third Cause of Action Must Be Dismissed Because Plaintiff
Lacks a Private Right of Action.**

6

7  Plaintiff's Third Cause of Action – brought under Labor Code sections 212, 213,

8  221, and 223 – must be dismissed because Plaintiff lacks a private right of action under

9  these statutes.

10  In her Opposition, Plaintiff offers <u>no</u> authority supporting a private right of

11  action allowing her to sue directly under these laws.  Plaintiff's reliance on *Fleming v.*

12  *Dollar Tree Stores, Inc.*, 2006 U.S. Dist. LEXIS 67749 (N.D. Cal. Sept. 15, 2006) is

13  unavailing.  *Fleming* discussed the mechanics of Labor Code section 212, as well as

14  whether the law is constitutional or pre-empted by federal law.  However, <u>nothing</u> in

15  *Fleming* addressed whether there is a private right of action under Labor Code 212 or

16  the other statutes, which the case did not even mention.  *See generally id.*  Thus,

17  *Fleming* affords no support to Plaintiff.  Consequently, based on the authority offered

18  by Kforce demonstrating that Plaintiff lacks a private right of action under any of these

19  statutes, summary judgment must be granted in favor of Kforce on the Third Cause of

20  Action.

21  Plaintiff makes a misplaced argument that her Third Cause of Action somehow

22  seeks to recover penalties under the Labor Code Private Attorney General Act

23  ("PAGA"), specifically referencing penalties under Labor Code section 225.5.  *See*

24  Dkt. No. 49, Pl. Opp., pp. 15-16.  Those civil penalties "shall be recovered by the

25  _____

26  from looking at the wage statement.  Cal. Labor Code § 226(e)(2)(B); FAC, Exh. B.
Moreover, Plaintiff's failure to offer any argument also requires granting summary

27  judgment on this issue.

28

Labor Commissioner," with any civil action brought by the Labor Commissioner.  Cal. Labor Code § 225.5(b).  An aggrieved employee may bring an action under PAGA for civil penalties for the violation of various Labor Code provisions, following proper administrative exhaustion.  *See* Cal. Labor Code § 2699.3, 2699.5.  However, rather than being a direct suit under the provision allegedly violated, "a PAGA claim is a separate cause of action."  *Mathias v. Rent-A-Center, Inc.*, 2010 U.S. Dist. LEXIS 121485, at *8-*9 (E.D. Cal. Oct. 28, 2010).  *See also* Cal. Labor Code § 2699.3(a)("A civil action by an aggrieved employee pursuant to subdivision (a) or (f) of Section 2699 alleging a violation of any provision listed in Section 2699.5").

PAGA is completely unavailing to save this claim.  Plaintiff's Third Cause of Action is not brought under PAGA, but rather only under Labor Code sections 212, 213, 221, and 223 – which do not afford a private right of action.  It does not mention Labor Code section 225.5, on which Plaintiff now purports to sue.  The Third Cause of Action does not seek any civil penalties, nor does the Prayer for Relief.  *See* FAC ¶¶ 68-83, 105-108.  Even more, while Plaintiff claims that she exhausted administratively, her First Amended Complaint contains <u>no</u> cause of action under PAGA.  Simply put, PAGA is no help to Plaintiff here and does not give her a private right of action.

In any event, Plaintiff cannot establish a claim related to the paycard.  It is undisputed that Kforce's paycards enable an employee to withdraw all of her wages in full without fee.  *See* UMF No. 33.  Plaintiff does not dispute that she was paid in full.  *See* Dkt. 49, Pl. Opp., p. 4: 1-2.  She has offered <u>no</u> evidence that she incurred any fee, nor does she even argue here that she did.  Accordingly, Plaintiff's Third Cause of Action should be dismissed.[11]

---

[11] Plaintiff further fails to offer any argument on Kforce's argument that she cannot recover punitive damages on her Third Cause of Action, thus conceding that issue as well.

KFORCE INC.'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

**D.    Plaintiff's Fourth Cause of Action for Waiting Time Penalties Fails.**

Plaintiff's Fourth Cause of Action for waiting time penalties must be dismissed with respect to her claim for wages for interview time.  This portion of the claim fails automatically along with Plaintiff's First Cause of Action.  Even if the First Cause of Action remained, Plaintiff's waiting time penalty claim still must be dismissed because there is a good faith dispute with respect to whether Kforce owed pay for the interview time at issue in any event, as discussed in Kforce's moving papers.   No court previously has held that such time must be compensated, making any wages due subject to a good faith dispute.  *See, e.g., Amaral v. Cintas Corp. No. 2*, 163 Cal.App.4th 1157, 1200-1204 (2008).  In her Opposition, Plaintiff fails to offer any argument disputing this point. *See* Dkt. 49, Pl. Opp., pp. 17-18.  Accordingly, the part of Plaintiff's Fourth Cause of Action related to interview pay should be dismissed.[12]

## IV.    CONCLUSION

For these reasons, Kforce respectfully requests that the Court grant its Motion.

Dated: January 6, 2014                     NIXON PEABODY LLP

By: _____/s/ Paul R. Lynd_____
        Paul R. Lynd
        Attorneys for Defendant
        KFORCE INC.

14778248.1

---

[12] Plaintiff also fails to offer any specific argument concerning her Fifth Cause of Action under the Unfair Competition Law (Cal. Bus. & Prof. Code § 17200 *et seq.*). With respect to Plaintiff's minimum wage claim, this cause of action is derivative and fails for the same reason.  Otherwise, the Fifth Cause of Action fails for the reasons set forth in Kforce's moving papers.

KFORCE INC.'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT